# Exhibit C

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

CV-2014-2308

Michael L. and Lillie E Calloway Revocable Trust
and Michael L Calloway and Lillie E Calloway (trustee)
of the Michael L. and Lillie E Calloway Revocable Trust

Plaintiff,

CASE NO:

Bank of America Corporation,
Bank of America, N.A., BAC Home Loans Servicing, L.P.,
f/k/a Countrywide Home Loans Servicing, L.P., BofA
Merrill Lynch Assets Holdings

Defendant,

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 1 2 2014

TIM RHODES
COURT CLERK

## COMPLAINT TO QUIET TITLE

COMES NOW, the plaintiffs, Michael L Calloway and Lillie E Calloway revocable trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees."), and hereby sue the Defendant, BANK OF AMERICA CORPORATION, BAC Home Loan Servicing, LLC, ("BAC"), Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., F/K/A Countrywide Home Loans Servicing, L.P., (BACHLS), Bank of America N.A. (BANA), BofA Merrill Lynch Assets Holdings, Inc.(hereinafter " Defendants") alleges and states as follows:

This is an action to quiet title to real property owned by the Michael L and Lillie E Calloway revocable trust in fee simple and located at 19445 Sportsmen's road, Edmond, Oklahoma, (hereinafter referred to as the "Property"), and more fully described as follows:

Lot Five (5), in Block One (1), in SPORTSMEN'S LAKE ESTATES 1 in
Oklahoma County, Oklahoma, according to the recorded, plat thereof;

In reference to the above- title and property all relevant foregoing acts of Defendants herein above were willful, wanton, malicious, reckless, and done with conscious indifference within egregious effort to ascertain the ownership and immediate right of possession to plaintiffs property.

## JURISDICTION AND VENUE

- Plaintiffs, Michael L and Lillie E Calloway (hereinafter "the trustees") as Pro Se Litigant filed this complaint against defendants, and pursuant to O. S.12, §1141.1 and 1141.3.

- This court has jurisdiction over defendants because defendants have transacted in this in this state.

- This court is the proper venue for this action.

## PARTIES

1. Plaintiff (Michael L Calloway and Lillie E Calloway revocable trust) are now and at all times mentioned in this complaint as the owner of and in possession of all real property is described by paragraph 1 above said real property to be hereinafter referred to as the property.

2. Plaintiff's Michael L and Lillie E Calloway **(hereinafter "the trustees.")**, is, and at all times mentioned in this complaint are adult citizens residing at 19445 Sportsmen's Road, Edmond, Oklahoma, County of Oklahoma.

3. Defendant Bank of America Corporation is a diversified global financial services company incorporated in Delaware and headquartered in Charlotte, North Carolina

4. Defendant Bank of America, N.A., is a national banking association headquartered in Charlotte, North Carolina with its principal place of business at 100 North Tryon Street, Charlotte, NC 28255.

5. Defendant BAC Home Loans Servicing L.P. was a home loan servicer that was a Texas limited partnership headquartered in Plano, Texas. BAC Home Loans Servicing L.P. was merged into Bank of America, N.A, in July 2011.

6. Plaintiffs believe, and thereupon allege, that Defendants and each of them claim and interest in the property is adverse to plaintiffs herein. However, the claim of said Defendants are without merit and any right whatsoever, and said Defendants successor by merger in interest only have no legal or equitable right, claim, or interest in plaintiff's property.

7. The claim of all Defendants herein named, and each of them, claims some estate, right, title, lien or interests in or to the property, adverse to plaintiffs title, and these claims constitute slander, and a cloud

on plaintiff's title to the property. Defendant's deceptive and misleading business practices noted by the Office of the State of Oklahoma Attorney General Scott E. Pruitt have slandered plaintiff's title and defendant's actions have created intentional infliction of emotional distress for plaintiffs. *(See exhibit "A")*

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs, listed above all intend to provide evidence of Defendants wrongdoings as well as assert their rights to defend and preserve title to their property. Plaintiffs are putting this Court on notice that this complaint includes critical facts and irrefutable evidence that meet the Best Evidence Rule.

In order to justify the interest and integrity of the judicial process and to maintain the public confidence in the impartial function of the court we are providing EVIDENCE proving that Plaintiff and its Counsel intentionally prepared and filed multiple false documents in order to commence a frivolous lawsuit and procure a judgment.

Supported by multiple statutory laws, case laws, and by the Oklahoma Supreme Court instructions are two (2) *perjured* affidavits attached herein as (*Exhibit "B"*). One affidavit is from Eastern District of Oklahoma and the other one is from the Western District Oklahoma.

When comparing these documents it is imperative that this court and others do not have willful blind eyes as the SUBORNING PURJURY from defendants situation is brought to light. This evidence clearly warrants sanctions as it identifies fraud, corruption and criminal activity from officers of the court in this state of Oklahoma. Plaintiffs in no way could cause prejudice to Defendants as the record proper shows that *Plaintiffs note and mortgage were intentionally cancelled and never restored.*

**IS IT TRUE THAT........** A sale MUST not be confirmed if it was not properly noticed, if the terms of the sale were unconscionable, if the sale was conducted fraudulently, or if **justice was not** done.

In this case at bar Plaintiff has yet to demonstrate that it owns the loan associated with the property, it has no interest, and it cannot prove that it has standing to sue. *If the lender and/or plaintiff lacks standing to sue, the lender/plaintiff also lacks the ability to sell the house.*

## THIS MATTER IS OF HIGH PUBLIC INTEREST.

See *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (injunctive relief may be granted if moving party adequately shows: (1) there are serious questions going to the merits, (2) absent relief, there is a likelihood of irreparable harm, and (3) that the balance of the equities tips sharply in movant's favor, See also *Winter v. Natural Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).

---

Furthermore, in another ongoing lawsuit Plaintiffs put the Court on notice with written proof that the Defendants notified Plaintiff that in January 2013, it transferred all of its rights, title, and interest to a non-party to the foreclosure lawsuit. Where the Defendant admitted it transferred all its rights, title, and interest in the note and mortgage to a non party in a lawsuit, it admitted it lacked standing, and without standing it had no authority to invoke jurisdiction of the Court. "Judgments entered where court lacked either subject matter or personal jurisdiction, or that otherwise entered in violation of due process of law, must be set aside" *Jaffe and Asher v. Van Brunt*, S.D.N.Y. 1994, 158 F.R.D. 278. Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction" *Piper v. Pearson*, 2 Gray 120, cited in *Bradley v. Fisher*, 13 Wall, 335, 20 L. Ed. 646 (1872)

The confirmation of any sale and transfer of title of Plaintiff's property will be unlawful, as the record proves that BAC Home Loans Servicing, LP (BACHLS) lacked standing to commence the lawsuit and the Plaintiffs' note and mortgage were *CANCELED* and *NEVER* reinstated. BANA's Law Firm, by judicial admission, put the Court on notice that Plaintiff's note and mortgage were willfully and intentionally *CANCELED* and a judgment rendered against the Plaintiff's was vacated, without reference to any applicable judicial or statutory grounds. After Defendant's note and mortgage were *CANCELED*, BACHLS had no rights to enforce, therefore Bank of America, NA (BANA) had no rights to enforce. BANA confirmed by written notification that it did not own the note and mortgage, and named a creditor to whom BANA alleged the debt was due, that party being a stranger to the Defendants and this lawsuit. *Wells Fargo, Litton Loan v. Farmer*, 867 N.Y.S.2d 21 (2008). "Wells Fargo does not own the mortgage loan...

Therefore, the... matter is dismissed with prejudice." *See exhibit "C"*

If the judgment had been valid, the record show that BANA's on record alleged (NON-PARTY) counsel of record an Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) procured the judgment by acts that violated Oklahoma criminal statutes, beginning with fabricated allonges to fraudulently support false claims of the Defendant's ownership of the Plaintiff's note and mortgage. The Law Firm used fraud to procure jurisdiction of the Court.

"Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court" *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).

Oklahoma Statutes Title 5 - Attorneys and State Bar

§5-5. <u>Proof of authority Stay of proceedings.</u>

The court, on motion of either party and on the showing of reasonable grounds therefore, may require the attorney for the adverse party or for any one of the several adverse parties to produce or prove by oath, or otherwise, the authority under which the attorney appears and, until the attorney does so, may stay proceedings by the attorney on behalf of the parties for whom the attorney assumes to appear.

**IS IT TRUE THAT** ......... ¶12 The authority of an attorney to appear for the person whom he is representing in court is presumed, but the presumption is rebuttable. See 5 O.S. 1981 § 5, supra note *Cummins v. Chandler*, 186 Okl. 200, 97 P.2d 765, 767 (1939); *Burkhart v. Lasley*, 182 Okl. 43, 75 P.2d 1124, 1125-1126 (1938); In re Hess' Estate, Okl., 379 P.2d 851, 856 (1963); *Merchants Mut. Bonding Co. v. State ex rel. Nesbitt*, Okl., 438 P.2d 931, 934 (1968). The party who puts in question an attorney's right to represent an adverse litigant must make a "showing of reasonable grounds therefore", and the court may thereupon require the attorney so challenged " to produce or prove by his oath, or otherwise", the authority under which he assumes to appear.

Beginning on the date this lawsuit commenced, Plaintiff's, for good cause, have found highly-questionable existence of authority under which, Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) have appeared as legal counsel for BANA and/or BAC Home Loans Servicing, LP ("BACHLS"). If the Law Firm lacked authority under which it has appeared for

nearly four (4) years in the above-titled case, it has committed fraud on the Court against the Plaintiff's and the Public. More questions than answers permeate the Court filings in the titled case.

**The Court lacked subject matter jurisdiction to decide or rule in a non-justiciable matter the Defendant's brought before the Court, lacking standing to invoke jurisdiction of the Court.** "To be 'justiciable,' the claim must be suitable for judicial inquiry, which requires determining whether the controversy (a) is definite and concrete, (b) concerns legal relations among parties with adverse interests and (c) is real and substantial so as to be capable of a decision granting or denying specific relief of a conclusive nature" (*Dank v Benson*, 200 OK 40, 5 P.3d 1088, 1091. See also, 12 O.S. § 1651. See also, *Easterwood v Choctaw County District Attorney*, 45 P. 3d 436, 2002 OK CIV APP 41 [Okla. App. 01/11/2002]).

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." *Ableman v. Booth*, 21 Howard 506 (1859). "Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside" *Jaffe and Asher v. Van Brunt*, S.D.N.Y.1994, 158 F.R.D. 278. "Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction" *Piper v. Pearson*, 2 Gray 120, cited in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

"Where a void judgment has been rendered and the record in the cause, or judgment roll, reflects the vice, then ***the court has not only the power but the duty and even after the expiration of the term to set aside such judgment***." *Harrison v. Whiteley*, Tex. Com. App., 6 S.W.2d 89 [Emphasis added.].

On September, 2010, BAC Home Loans Servicing, LP (BACHLS) by the Law Firm filed a foreclosure action against Plaintiffs. The face of the judgment roll exhibits proof that the judgment creditor did not own the note and mortgage when it commenced the lawsuit. For over (2) two years the Law Firm failed to show cause and demonstrate standing to the lower court and the Oklahoma Supreme Court, but yet in a matter of not more than *(20) twenty days* they somehow **miraculously** managed circumvent the standing requirements in order to position their client to foreclose on Plaintiff's home residence. In order to

accomplish their goal they (**the Law Firm**) with its authority fabricated evidence and filed a fabricated allonge and perjured affidavit[1] in support of maintaining the lawsuit and procuring the subsequent judgments. The affiant attested based on **"Personal Knowledge"** that Bank of America, NA (BANA) had remained in possession of the subject note from before the case commenced through to the date of the affiant's attestation. It was impossible for BANA to have been in possession of the original note before the lawsuit commenced, as BACHLS commenced the lawsuit and the Law Firm alleged that BACHLS was the holder and owner of the note and was in possession of it before commencement of the case. The **Law Firm lied to the Court in 2010, 2011, 2012, 2013, and in 2014.**

BAC Home Loan Servicing v. Mapp (Ohio 7/13) We therefore reverse the trial court's finding that "BAC's alleged lack of standing does not constitute a meritorious defense" and remand the case to the trial court for a hearing to determine BAC's standing to sue, and correspondingly whether the trial court had jurisdiction over the foreclosure proceedings. On remand, the trial court must determine whether MERS had the authority to assign the mortgage and/or the note as the nominee for Countrywide in light of the claim that **Countrywide was no longer in existence when the mortgage was assigned to BAC.**
       **"a common pleas court cannot substitute a real party in interest for
       another party if no party with standing has invoked its jurisdiction in the first instance."**

"Fraud destroys the validity of everything into which it enters," *Nudd v. Burrows*, 91 U.S. 426. "Fraud vitiates everything," *Boyce v. Grundy*, 3 Pet. 210. "Fraud vitiates the most solemn contracts, documents and even judgments," *U.S. v. Throckmorton*, 98 U.S. 61. "If it is found that there was a fraud on the court, the judgment should be vacated and the guilty party denied all relief" *Hazel-Atlas*, 322 U.S. at 250-51. "The entire cost of the proceedings, including attorneys' fees, may be assessed against the guilty party" *Universal Oil Products*, 328 U.S. at 580.

The Defendant's (non-party) Law Firm alleged that a copy of the Plaintiff's original note was attached to the original petition and that Plaintiff's default on paying their note payment caused an injury in fact to the Defendants BACHLS. The Law Firm also alleged that BACHLS was entitled to enforce the note and mortgage; notwithstanding, the note attached to the petition was made to *Capital One,* and was not endorsed at all.[2] Fraudulent allonges were entered into evidence long after commencement of the case on

September, 2010. The fundamental defect is the Court's ***lack of subject-matter jurisdiction***, which renders both judgments void *ab intio*. Judge Lisa Davis acted in clear absence of the Court's jurisdiction, thereby violating her Federal and State oath or affirmation of office. "There is no discretion to ignore that lack of jurisdiction." *Joyce v. US*, 474 F2d 215.

Absent valid endorsements and other documentation proving the history of the note leading to the Defendant BACHLS, it lacked standing, a jurisdictional defect, to commence a lawsuit. It is axiomatic that the Court lacked subject-matter jurisdiction where the petitioner lacked standing. The Supreme Court of Oklahoma held here:

> "This Court has previously held: Standing, as a jurisdictional question, may be correctly raised at any level of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is 'direct, immediate and substantial.' Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome.

In this case at bar Defendants authority to enforce the obligations and responsibilities established in the original promissory note need be determined prior to the request for relief by reason of the alleged breach of the obligation. Absent standing, a party's claim is not justiciable, and the courts will not inquire into the merits of the claim. *West v. Justice*, 2008 OK CIV APP 49, ¶ 9, 185 P.3d. 412, 414. Standing may be raised at any stage of the proceeding, and when raised, the party invoking the court's jurisdiction has the burden of establishing his or her standing. Id. at ¶ 10 "Because there was a substantial issue of material fact concerning standing that should have been addressed, the court, sua sponte, should not have granted summary judgment and should have vacated its judgment upon the standing issue for further determination" *Wells Fargo Bank v. Heath*, Okl. S. Ct. (2005).

The Defendant's Law Firm and attorneys fabricated evidence in the form of an allonge falsifying BACHLS' ownership of the note. The Defendant, the attorney's and the Law Firm **knew** BACHLS lacked standing to invoke the jurisdiction of the Court, which is proved by its decision to fabricate allonges, obviously NOT attached to the original note as legally required at commencement of the lawsuit. Plaintiffs

objected to the fabricated evidence and filed a motion to strike the allonges, but the pro-se litigant was overruled. The case will be sent to appeal AGAIN where the Oklahoma Supreme Court will see more fraud has been committed by the Defendants that will substantiate why Defendants voluntarily vacated their prior judgment and voluntarily cancelled the Plaintiffs note and mortgage.

### Oklahoma Stat. Title 21. Ch. 13, § 453.

"Any person guilty of falsely preparing any book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced as genuine upon any trial, proceeding or inquiry whatever, authorized by law, SHALL BE GUILTY OF A FELONY [emphasis added].

### §21463. Offering forged or false instruments for record.

Any person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state or of the United States, shall be guilty of a felony.

The subject note in this case remained made to Capital One from the day Plaintiffs executed their note. It remained made to Capital One through the entirety of the litigation, as fabricated allonges had no legal efficacy to change the intent of the note made to Capital One. These are not technicalities or loopholes in the law, but facts that strike at the heart of the Plaintiff's obligation to pay the party entitled to receive payment and entitled to enforce the note. Only payments made to that specified party ensures a homeowner's legal right to have all payments applied dollar for dollar to the homeowner's debt. In this case, the alleged Defendant, by written notification to Plaintiffs, denied being the party to whom the debt is due, and the Defendant denied owning the note and mortgage. Allowing the confirmation of the sale to BANA would be manifestly unconscionable, especially, combined with the fact Plaintiff's debt obligation was/is forever *CANCELED*.

Oklahoma Supreme Court published 12 decisions since January 2012, holding the same conclusion, which is deemed a *fundamental precept of law*. Other jurisdictions have adopted as persuasive those decisions and the conclusion repeated in all of the decisions. One New Mexico case, citing our supreme court's decisions, held: "Okla: See Bank of Am., NA v. Kabba, 2012 OK 23, ¶ 11, 276 P.3d 1006 (concluding that *"[i]t is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand*

*when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff")*; see also Green v. JPMorgan Chase Bank, N.A., 109 So. 3d 1285, 1288 (Fla. Dist Ct. App. 2013) (determining that an original undated note with a blank endorsement only shows the bank had possession of the note but not that it held the note at the time the foreclosure suit was filed). We believe these holdings from other jurisdictions are persuasive and adopt their reasoning here" *Deutsche Bank Natl. Trust Co. v. Beneficial NM, Inc.* New Mexico Court of Appeals, 2014.

The Court, the Law Firm and the Plaintiffs have been and are duly apprised that BANA did not and does not have rights in the above-titled case; yet the Law Firm persists in trying to finalize the unlawful seizure and sale of Plaintiffs' property. Plaintiffs request this court to stop the Law Firm from committing any more fraud and felonies.

According to the Oklahoma Supreme Court and other jurisdictions, even the Law Firm's effort to fabricate evidence, wherein the Law Firm falsified a material fact, only brightlined its fraud. The fabrication of evidence could have no legal effect for creating a history of the note leading to BACHLS and ultimately to BANA. The fabrication does, however, have another type of legal effect:

**Oklahoma Stat. Title 21. Ch. 63 § 1562 (3)**

Every person who, with intent to defraud, forges, counterfeits, or falsely alters:

...

3rd. Any endorsement or other instrument transferring or purporting to transfer the right or interest of any holder of any such certificate, public security, certificate of stock, **evidence of debt** or liability, or of any person entitled to such right or interest; is *guilty of forgery in the first degree*. [Emph. Added.]

**The Loan was not a purchase money mortgage.**

The Law Firm committed felonies where its fabricated allonges were backdated to appear that they were attached to the note the same day Defendants executed the note. The Law Firm failed to notice or consider that Defendants' loan was a refinance, with a mandatory delay after the date Plaintiffs executed a note and mortgage that required a three-day right of recission. The loan package could not have been transferred until three days had passed; but the Law Firm *goofed* in its crime when it dated the allonge with the same

date Defendants' executed their note. In these glaring acts, the Court failed its duty to report a known felony to law enforcement officials, as required under **18 USC § 4 - MISPRISION OF FELONY**

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

"If it is found that there was a fraud on the court, the judgment should be vacated and the guilty party denied all relief" *Hazel-Atlas,* 322 U.S. at 250-51. "The entire cost of the proceedings, including attorneys' fees, may be assessed against the guilty party" *Universal Oil Products,* 328 U.S. at 580.

Under the authority of **18 U.S.C. § 4, and Misprision of Felony** and Oklahoma Statutes Title 21, Section 453, Plaintiffs notify the presiding judge, reviewing this motion, of known acts punishable as a felony in Oklahoma. Plaintiffs' respectfully ask that these matters be referred to Oklahoma law enforcement officials for investigation and possible prosecution. If the sheriff's sale is confirmed, felonies again will be facilitated with any final transfer of title made.

*As the Supreme Court noted in Hazel-Atlas Co. v. Hartford Co.,* 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250, reh'g denied, 322 U.S. 772, 64 S.Ct. 1281, 88 L.Ed. 1596 (1944):

> "... [T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. ***Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants.*** The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." [Emphasis added.]

Oklahoma Court of Civil Appeals also held: "In Oklahoma, ownership of the note is controlling, and assignment of the note necessarily carries with it assignment of the mortgage" *Gill v. First Nat. Bank & Trust Co. of Oklahoma City,* 1945 OK 181, 159 P.2d 717, 719.

On March 15, 2012 Judge Lisa Davis, Defendants BACHLS and the Law Firm subscribed an order to vacate the judgment rendered in favor of BACHLS. The Law Firm gave *NO REASON* for vacating the judgment and made NO ATTEMPT to follow any type or statutory or judicial authority. The Law Firm simply put the court on notice that the Plaintiff's **NOTE and MORTGAGE were CANCELLED.**

Cancellation of the note and mortgage, as judicially admitted/ordered on March 15, 2012, forever

discharged Plaintiff' debt obligation:

> **UCC § 3-604. DISCHARGE BY CANCELLATION OR RENUNCIATION.**
>
> (a) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument (i) by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument...

Despite the cancellation of the Plaintiff's note and mortgage, on March 15, 2012 the Law Firm substituted BANA as plaintiff and continued the litigation and procured a judgment by fraud, based on a *known* cancelled note and fabricated allonge, false affidavits, and altered documents. Plaintiff continued to defend their rights—had they failed to do so, their silence would have resulted in default judgment against them. As noted by an investigation from the Office Of Attorney General State Of Oklahoma *(hereto as exhibit "A")*, the frustration, emotional distress, fear of losing one's home and notwithstanding the harassment and abuse, from the Plaintiff and Law Firm toward the Defendants has been unconscionable, and the Law Firms ethics continues to be egregious and low regard.

***On February 5, 2013, BANA notified Plaintiffs that it did not own the note and mortgage,*[3]** and disclosed the creditor to whom the debt is due. The creditor named in BANA'S notification was unknown to the Plaintiffs and the lawsuit. Plaintiffs owed nothing to BANA; therefore, could not have caused BANA "direct, immediate, and substantial" injury. Plaintiffs had never transacted business with BANA.

Oklahoma Court of Civil Appeals held: "In Oklahoma, *ownership of the note is controlling,* and assignment of the note necessarily carries with it assignment of the mortgage [emphasis added]" *Gill v. First Nat. Bank & Trust Co.* of Oklahoma City, 1945 OK 181, 159 P.2d 717, 719.

The Defendant and its allege Law Firm had no right to execute the judgment or take Plaintiffs' property and equity, considering (1) Plaintiffs debt was canceled, (2) BANA notified Plaintiff's that it never owned the note, (3) BACHLS ceased to exist in July 2011, (4) Plaintiffs have never consented to **restore or reinstate** the note and mortgage and (5) Defendants judgment against Plaintiffs is in **personum** against Michael and Lillie Calloway, **_NOT_** the Michael and Lillie Calloway Revocable Trust, and **_NOT_** in **rem** against the property as it was the specific relief the Defendants sought.

---

## SUMMARY

The Plaintiffs' made their note and mortgage to Capital One and never made a note and mortgage to BACHLS or BANA. The Law Firm fabricated evidence in the form of an allonge to make it appear that BACHLS was the owner of the note, and if the Law Firm is allowed to confirm the sale and transfer a title that is TRULY clouded more crimes will be committed. BANA patently stated in written communication with the Plaintiffs' that it does not own the loan. If the sheriff's sale is confirmed, the Law Firm will facilitate a windfall to itself by acts in violation of Oklahoma criminal statutes.

### Oklahoma-Felony-Okla-Stat-tit-21-463

Any person who knowingly procures or offers any false or forged instrument
to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state or of the United States, shall be guilty of a felony

Plaintiffs have proved herein that the judgment was void *ab inito*, as the face of the judgment roll exhibits proof that Plaintiffs' note and mortgage were **CANCELLED**. Confirming any sale of the Plaintiffs' property would cause unfair prejudice and harm to Plaintiffs. Such **unlawful seizure** is prohibited by the Fourth Amendment to the United States Constitution.

*Neither BACHLS nor BANA suggested or stated that it represents any other party in this lawsuit.*

Plaintiff' court file shows it issued subpoenas ordering vital information related to the unlawful lawsuit and sheriff's sale and to the complicity in and facilitation of felonies committed by officers of the Court. The Law Firm in Oklahoma refused to give proof of authority, pursuant to O.S. 5 § 55—proof which Plaintiff's' sought after BANA directed Plaintiffs to its law firm, whom BANA authorized as its legal counsel. BANA'S legal representation is provided by a law firm in Pennsylvania, and BANA made no reference to the Law Firm in the mention lawsuit. The Law Firm sought its (3rd) third protective order to avoid Plaintiffs' motion to compel and demand for proof of authority. *This begs the question of whether the Law Firm is seeking Plaintiffs' property itself or concealing material facts in this case, since BANA denies owning the note and mortgage. Plaintiffs filings provides straightforward and direct evidence showing there is no subject matter, no plaintiff, no client, lack of capacity, no note, no mortgage that would warrant a title*

*transfer and more of the courts time and resources.* Plaintiffs having to appear and go forward in frivolous and unnecessary hearings with the same transaction and/or occurrence that would ultimately end with the same result — Plaintiffs note and mortgage was forever <u>CANCELED,</u> not redelivered, restored, or reinstated. To put plaintiffs through any more turmoil would be unconstitutional. Without standing Defendants are entitled to nothing from Plaintiffs.

If the Law Firm facilitated felonies and continued this lawsuit for more than four years, without authority to appear as legal counsel for BACHLS and BANA, the judgment is void and the Law Firm continues to commit fraud today. "Silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct . . ." *U.S. v. Prudden*, 424 F.2d. 1021; *U.S. v. Tweel*, 550 F. 2d. 297, 299, 300 (1977).

BACHLS lacked standing to commence the lawsuit without valid endorsements leading the history of the note to the Defendant. Without standing, BACHLS was without authority to invoke the jurisdiction of the Court. The judge failed to perform his/her judicial function, where he/she failed to protect Plaintiffs' private rights provided by the federal and state constitutions, the First, Fourth, and Fourteenth Amendments. ***State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law.* Stone v Powell, *428 US 465, 483 n 35, 96 S. Ct 3037, 49 L Ed. 2D 1067 (1976).***

The Court has jurisdiction over justiciable claims. BANA denied owning the Plaintiffs note and mortgage at any time, including before the notes and mortgage were <u>CANCELLED</u>. Its admission proves no justiciable matter is at issue. To be **"justiciable,"** the claim must be suitable for judicial inquiry, which requires determining whether the controversy (a) is definite and concrete, (b) concerns legal relations among parties with adverse interests and (c) is real and substantial so as to be capable of a decision granting or denying specific relief of a conclusive nature. (*Dank v Benson*, 200 OK 40, 5 P.3d 1088, 1091. See also, 12 O.S. § 1651. See also, *Easterwood v Choctaw County District Attorney*, 45 P. 3d 436, 2002 OK CIV APP 41 [Okla. App. 01/11/2002]).

Considering all presented herein, Plaintiff move this Court to enter its Judgment against Defendants in the above-styled case declaring Plaintiffs Note and Mortgage forever Cancelled *quieting the title* to the

property owned by the Plaintiffs. Unless Defendants released the recorded mortgage; or prepare and record which ever proper documentation necessary to correct the chain of title, the property will remain with a cloud, and it will be forever unmarketable. Plaintiffs therefore seek a declaration that the title to the subject property is vested in plaintiffs alone, and that the defendants herein, and each of them, be declared to have no estate, right, title, or interest in the subject property, and that said defendants and each of them, be forever enjoined from asserting any estate, right, title, or interest in the subject property, adverse to plaintiffs herein. The property in which the subject matter of this action, situated at 19445 Sportsmen's Road in Oklahoma County, Oklahoma. Plaintiffs are recorded title owners and occupiers of the home which is affixed to said property.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff requests judgment against Defendants and each of them, known or unknown, as follows:

That, on information and belief (plaintiff(s)), Michael L Calloway and Lillie E Calloway revocable trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees.") be in title to judgment terminating any and all interests BANK OF AMERICA CORPORATION, BAC Home Loan Servicing, LLC, ("BAC"), Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., F/K/A Countrywide Home Loans Servicing, L.P., (BACHLS), Bank of America N.A. (BANA), BofA Merrill Lynch Assets Holdings, Inc.(hereinafter "Defendants") and each of them including any and all heirs, spouses, devisees, successors, assigns, employees, partners, associates, affiliates, contractors, agents, or anyone or anything in the whole world where the whole or in part from claiming any nature of interests to the said property and barring any future claims that any known or unknown party may assert. In the alternative:

1. The defendants be required to set forth the right, nature, and virtue of their claim to the Property, and that all adverse claims of the Defendants are determined by decree of this court.

2. That it be declared and adjudged that plaintiff is the owner of the Property and entitled to possession;

3. That it be declared and adjudged that the Defendants and others known and unknown have no estate, right, title, or interest whatsoever in or to the Property or any part of it.

4. That Defendants be permanently enjoined and restrained from asserting any estate, right, title, or interest whatsoever in or to the Property or any part of it, adverse to plaintiff.

5. For costs; and

6. Four such other and further relief as the court may deem proper.

7. Award Plaintiffs any and all in the damages the court deems proper and fair

8. Award plaintiffs all costs and attorney fees incurred in bringing this case

9. That Defendants be denied any and all amounts including attorneys fees and deficiencies in regards to the plaintiffs, canceled note and mortgage.

Michael L. Calloway
P.O. Box 2031
Edmond, Ok 73083
405-241-6147

### AFFIDAVIT OF MICHAEL CALLOWAY

I, Michael L Calloway Sr, being of lawful age and being duly sworn, deposes and states as follows:

1. That on December 11, 2014, the above mentioned case filed was true and correct to the best of my knowledge.

2. That Plaintiffs request is duly warranted, pertinent and if not granted would greatly cause a further undue burden of which in fact would create irreparable harm and damages to Plaintiffs.

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

Michael L. and Lillie E Calloway Revocable Trust
and Michael L Calloway and Lillie E Calloway (trustee)
of the Michael L. and Lillie E Calloway Revocable Trust

           Plaintiff,                    CASE NO:

Bank of America Corporation,
Bank of America, N.A., BAC Home Loans Servicing, L.P.,
f/k/a Countrywide Home Loans Servicing, L.P., BofA
Merrill Lynch Assets Holdings

           Defendant,

### CERTIFICATE OF SERVICE

I do hereby certify that the above foregoing was mailed postage CERTIFIED pre-paid by placing the same in a stamped envelope and placed in the United States mail, to the address below.

Custodian of Records and CEO Brian Moynihan
Bank of America Corporation
100 North Tryon Street
Charlotte, North Carolina 28255