## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. **MICHAEL L. AND LILLIE E. CALLOWAY RECOVERABLE TRUST, AND** ) | |
| 2. **MICHAEL L. CALLOWAY, and** ) | |
| 3. **LILLIE E. CALLOWAY,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| 1. **BANK OF AMERICA CORPORATION,** ) | **CASE NO.:  5:15-cv-00068-M** |
| 2. **BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and** ) | |
| 3. **BofA MERRILL LYNCH ASSETS HOLDINGS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' MOTION TO DISMISS

**COME NOW** Defendants Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LLC, f/k/a, Countrywide Home Loan Servicing, L.P. ("BANA"), Bank of America Corporation ("BAC"), and BofA Merrill Lynch Assets Holdings, Inc. ("BML") (collectively, "Defendants"), by and through their undersigned counsel of record, and hereby file this Motion to Dismiss Plaintiffs' Complaint pursuant

1

to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]   In support of this Motion, Defendants state as follows:

## I. INTRODUCTION

This action is nothing more than a desperate attempt by the Plaintiffs to delay the inevitable consequences of defaulting on their mortgage loan.[2]   In their Complaint, Plaintiffs make a variety of generalized, vague allegations related to irregularities in a previously adjudicated state court foreclosure action.   Based on these alleged irregularities, Plaintiffs are seeking to extinguish BANA's interest in the real property affected by the state court foreclosure action.   However, as set forth more fully herein, the issues and claims raised in Plaintiffs' Complaint are barred from being relitigated. Accordingly, Plaintiffs' Complaint fails to state a cognizable basis upon which relief may be granted and, therefore, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FACTUAL BACKGROUND

The pertinent factual background, based on facts alleged by the Plaintiffs, along with other evidence that may be properly considered by this Court, is as follows:

1.      On July 18, 2008, Plaintiffs took out a mortgage loan in the amount of $350,000 (the "Subject Mortgage Loan"), which was secured by real property located at

---

[1] Defendants note that the Complaint is not in the form required by Fed. R. Civ. P. 10(b).  In the event that the Court denies Defendants Motion to Dismiss, Defendants respectfully request that the Court strike Plaintiffs' Complaint, to be refiled in conformance with Rule 10(b) and grant Defendants leave to answer the allegations in any properly filed Amended Complaint.

[2] Since BANA initiated foreclosure proceedings on September 14, 2011, Plaintiffs have filed a numerous frivolous bankruptcy petitions in an effort to use the automatic stay to disrupt the foreclosure proceedings.  As a result, the United States Bankruptcy Court for the Western District of Oklahoma has identified Mr. Calloway as an "abusive filer."  (*See* Ex. 12, Docket Report; Ex. 13, Order Dismissing Bankruptcy Petition).

19445 Sportmen's Road, Edmond, Oklahoma (the "Property").  (Ex. 1, Promissory Note; Ex. 2, Mortgage). [3]

2.     The Plaintiffs subsequently defaulted on the Subject Mortgage Loan, and, on September 14, 2011, BANA commenced the underlying foreclosure action in the District Court of Oklahoma County, Case No. CJ-2010-7513 (the "Foreclosure Action"). (Ex. 3, Docket Sheet).

3.     On April 12, 2013, after nearly two years of litigation, the state court entered a foreclosure judgment against the Property (the "Foreclosure Judgment").  (Ex. 4, Journal Entry of Judgment).

4.     On April 29, 2013, Plaintiffs filed a "Motion to Reconsider and Dismiss Trial Court's Order," arguing that the Foreclosure Judgment should be vacated because BANA lacked standing to foreclosure on the Property.  (Ex. 5, Motion to Reconsider and Dismiss Trial Court's Order).  On September 26, 2013, after a hearing on the matter, the state court denied Plaintiffs' Motion to Reconsider and Dismiss the Trial Court's Order. (Ex. 6, September 26, 2013 Order).

5.     On October 25, 2013, Plaintiffs filed a Motion to Vacate the Foreclosure Judgment, reasserting, among other averments, their position that BANA lacked standing

---

[3] On a motion to dismiss pursuant to Rule 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Further, a court may take judicial notice of public records under Fed. R. Evid. 201 and this includes pleadings, docket sheets, and orders in other related cases.  *Marlin Oil Corp. v. Colorado Interstate Gas Co.*, 700 F. Supp. 1076, 1081 n. 5 (W.D.Okla.1988); *Luis v. Argent Mortg. Co., LLC*, 2013 WL 4483503 (N.D. Okla. Aug. 19, 2013).  Accordingly, Defendants ask that the Court take judicial notice of the pleadings, docket sheet, and orders in the Foreclosure Action, along with the Note and Mortgage.  True and correct copies of the docket sheet, relevant pleadings, judgments, Note, and Mortgage are attached hereto for the Court's convenience as exhibits.

to foreclose on the Property.  (Ex. 7, Motion to Vacate).  On February 3, 2014, the state court found the Plaintiffs' Motion to Vacate to be "without merit."  (Ex. 8, February 3, 2014 Order).

6.      Plaintiffs subsequently filed numerous motions seeking relief from the Foreclosure Judgment and the sale of the Property, all of which were ultimately denied by the state court.  (*See* Ex. 3, Docket Sheet; Ex. 9, December 1, 2014 Order).

7.      On September 11, 2014, BANA purchased the Property at a foreclosure sale for $375,000.  (Ex. 10, Alias Sheriff's Return).

8.      On December 4, 2014, the foreclosure sale was confirmed by the state court, thereby completing the transfer of title in the Property to BANA.  (Ex. 11, Order Confirming Sale).

9.      Plaintiffs did not perfect a direct appeal from the Journal Entry of Judgment or the Order Confirming Sale.  (*See* Ex. 3, Docket Sheet).

### III.      STANDARD OF REVIEW

It is well-established that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what . . . the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009); FED. R. CIV. P. 8(a)(2).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555. Further, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."

4

*Id.* at 562.   Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Iqbal*, 129 S. Ct. at 1949. "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."   *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).   In addition, "even *pro se* plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil Procedure and substantive law, and the liberal construction to be afforded does not transform 'vague and conclusory arguments' into valid claims for relief."   *Howell v. W. Bus. Solutions, LLC*, 4:14-CV-350-JED-FHM, 2014 WL 3845430, at *2 (N.D. Okla. Aug. 5, 2014) (quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)); *see also*, *Lemke v. Banther*, CIV-08-0006-HE, 2009 WL 90533, at *2 (W.D. Okla. Jan. 13, 2009).

## IV. ARGUMENTS AND AUTHORITIES

### A.  Plaintiffs' claims are barred under principles of claim and issue preclusion.

Plaintiffs' claims and allegations regarding the irregularities in the Foreclosure Action are barred by principles of claim and issue preclusion.   The Foreclosure Action has been fully and finally litigated; thus, Plaintiffs are barred from seeking another bite at the apple under the guise of a quiet title action.   As set forth below, Plaintiffs are barred from seeking to relitigate the issues and claims that were adjudicated, along with the issues that could have been adjudicated, in the Foreclosure Action.

As a threshold matter, the preclusive effect of a state judgment is governed by the rules of preclusion of that state. *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007) *(*citing *Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380-82 (1985)). Under Oklahoma law, the doctrines of claim preclusion and issue preclusion "are often used interchangeably because they are closely related and both promote the same general public policy concerns." *Miller v. Miller*, 1998 OK 24, ¶ 22, 956 P.2d 887, 896. Claim preclusion (previously known as res judicata) "bars the parties (or their privies) from relitigating *not only* the adjudicated claim, but also any theories or issues that were actually decided *together with those which could have been decided in that action.*" *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶7, 979 P.2d 252, 255-56 (emphasis in original) (citations omitted). Compulsory counterclaims are also barred from relitigation under principles of claim preclusion. *Turner v. Fed. Deposit Ins. Corp.*, 1991 OK CIV APP 5, ¶ 7, 805 P.2d 130, 132.

Issue preclusion (previously known as collateral estoppel) provides that "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Oklahoma Dept. of Public Safety v. McCrady*, 2007 OK 39 at ¶ 7, 176 P.3d 1194, 1199. If an issue has been previously adjudicated, it does not matter if the parties actually litigated the issue as long as they had a "full and fair opportunity" to do so. *Id.* at ¶ 8, 176 P.3d at 1199 (barring relitigation of trooper's employment statutes where, even

though DPS did not challenge the status in the first suit, it had full and fair opportunity to litigate the issue).

In *Grossman v. Fannie MAE*, this Court applied these principles where a borrower brought a suit based on alleged irregularities in a state court foreclosure action.  No. CIV-10-329-L, 2010 WL 3985757, at 3 (W.D. Okla. Sept. 30, 2010) ("Given the fact that plaintiff's claims in this action arise from proceedings in the underlying state court Foreclosure Action that has resulted in a judgment against [Plaintiff], the court must address whether Plaintiff's claims are barred under the well settled principles of claim and issue preclusion.").  Finding that the claims were barred by the *res judicata*, this Court noted that action was an improper attempt to "to undermine the consequences of the Foreclosure Action."  *Id.* at *4.  As in *Grossman*, Plaintiffs cannot avoid the consequences of the Foreclosure Action by seeking to relitigate the issues decided therein before this Court.

With respect to the Foreclosure Action, the Complaint and relevant state court records reveals a broad scope of claims and issues that were "actually decided *together with those which could have been decided in that action*."  *McDaneld*, 1999 OK 30, ¶ 7, 979 P.2d at 255-56.  First, a judgment was entered in the Foreclosure Action order the Property, which was mortgaged to BANA, sold at an auction.  (Ex. 4, Journal Entry of Judgment).  Moreover, an Order was also entered by the state court confirming the foreclosure sale, extinguishing Plaintiffs' rights in the Property, and transferring title to BANA.  (Ex. 11, Order Confirming Sale).  The Order Confirming Sale necessarily determined the regularity of the sale and the conformity of the sale with applicable law,

and, thus, determined all fact and legal issues pertaining to the same.  *See* Okla. Stat. tit. 12, § 756(B).  Thus, in addition to revealing claims and issues that were "actually decided together with those which could have been decided in that action," *McDaneld*, 1999 OK 30, ¶ 7, 979 P.2d at 255-56, the actions of the state court, for purposes of issue preclusion, reveal numerous issues of fact and law that were necessary to its judgments, and such issues may not now be relitigated by Plaintiffs "in a suit brought upon a different claim." *McCrady*, 2007 OK 39 at ¶ 7, 176 P.3d at 1199.

In addition, it is clear from the record that the Plaintiffs have already had a full and fair opportunity to adjudicate all of the issues and claims related to the Foreclosure Action.  Plaintiffs seek to challenge BANA's title to the Property based exclusively on irregularities in the Foreclosure Action.  (*See generally*, Compl.).  Specifically, Plaintiffs allege that BANA had no standing to foreclosure on the Property and that foreclosure counsel for BANA was not authorized to bring the foreclosure action.  (*Id.*).  However, these issues were directly addressed by the state court—on more than one occasion.  (*See* Ex. 3, Docket Sheet).  Moreover, Plaintiffs were parties to the Foreclosure Action and were aware of the facts and circumstances of the Foreclosure Action.  (*See id.*).  As parties to the Foreclosure Action, Plaintiffs had a full and fair opportunity to raise any counterclaims or objections or defenses to the Foreclosure Judgment or the Order Confirming Sale.  Therefore, the Plaintiffs are also barred from asserting claims that *could have been asserted* in the Foreclosure Action.

Finally, having had a full and fair opportunity to litigate these issues, the Foreclosure Judgment and Order Confirming Sale are now final and conclusive. In addition to having the opportunity to litigate these issues at the time, Plaintiffs could have, but did not, appeal the Foreclosure Judgment and the Order Confirming Sale. *In re State ex rel T.L.B.*, 2009 OK CIV APP 70, ¶ 16, 218 P.3d 534, 538 ("a party's failure to perfect a direct appeal of a judgment renders the judgment binding and conclusive upon the parties; thereafter, they are precluded from relitigating issues that were or could have been raised in the action."). Having declined to pursue a direct appeal from the state court, Plaintiffs are barred from seeking a *de facto* review of the foreclosure judgment in this action under the guise of an action to quiet title. Accordingly, Plaintiffs' claims are due to be dismissed with prejudice.

## V. CONCLUSION

Based on the foregoing authority, Plaintiffs' Complaint is due to be dismissed, as Plaintiffs are barred from relitigating the claims and issues related to the Foreclosure Action. There is no need for this case to occupy the Court's time or for any discovery to be conducted, as there is simply no merit to this lawsuit. **WHEREFORE**, for the reasons set forth above, Defendants respectfully request that Plaintiffs' Complaint be dismissed in its entirety with prejudice.

Respectfully submitted this 28th Day of January, 2015.

BRADLEY ARANT BOULT CUMMINGS, LLP


/s/ Sean C. Wagner
Jon H. Patterson
Sean C. Wagner
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Phone: (205) 521-8403
Fax: (205) 488-6403
jpatterson@babc.com
swagner@babc.com
*ATTORNEYS FOR DEFENDANTS*


## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2015, I electronically submitted the foregoing document to the Clerk of the Court and that a copy of the foregoing was served upon the following via U.S. First Class Mail, postage pre-paid:

Michael L. Calloway
Lillie E. Calloway
P.O. Box 2031
Edmond, OK 73083
*Pro Se Plaintiffs*


William H. Hoch, III
Meredith W. Wolfe
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
*Additional Counsel for Defendants*


/s/ Sean C. Wagner
OF COUNSEL

10