IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**FILED**

FEB 1 8 2015

CARM... REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| Michael L. and Lillie E Calloway Revocable Trust <br> and Michael L Calloway and Lillie E Calloway (trustee) <br> of the Michael L. and Lillie E Calloway Revocable Trust <br><br> Plaintiff, <br><br> Bank of America Corporation, et al. <br><br> Defendant, | CASE NO: **CIV-15-68-M** <br> Judge: Vicki Miles-LaGrange |

## PLAINTIFFS AMENDED OBJECTION TO DEFENDANTS NOTICE OF REMOVAL
## AND
## PLAINTIFFS' RESPONSE AND OBJECTION TO DEFENDANTS MOTION TO DISMISS

### PRO-SE LITIGANT RIGHTS

**COMES NOW**, Plaintiffs, Michael L Calloway and Lillie E Calloway Revocable Trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees."), hereby move this court to recognize his Pro Se / Layman rights as this court has authority to grant this status pursuant to Haines v. Keaner, et al. 404 U. S. 519, 92 s. Ct. 594, 301 L. Ed. 2d 652, See Conley v. Gibson, 355 U.S. 41, 45 46 (1957).

Plaintiffs respectfully assert their rights and pleadings as pro se litigants to be considered without regard to technicality. Pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. See Picking v. Pennsylvania R. Co. 151 Fed, 2nd 240; Pucket v. Cox, 456 2nd 233; the Court held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Platsky v. C.I.A., 953 F. 2d 25; Reynoldson v. Shillinger, 907 F. 2d 124, 126 (10th Cir. 1990) and Jaxon v. Circle K Corp., 773 F. 2d 1138, 1140 (10th Cir. 1985). When a pro se claimant is involved, "the Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" Cheeks, 722 F. Supp. 2d at 107 (quoting Haines v. Kerner, 404 U.S. 519, 520–

21 (1972) and Platsky v. C.I.A., 953 F. 2d 25 also held, "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings."

## I. INTRODUCTION

Contrary to defendants' vexatious allegations, directed toward a trust unknown to Plaintiffs, Plaintiffs have been forced to address the following issues as they relate to the trust for which they are trustees. This case at bar is not about re-litigating a previous foreclosure as defendants have stated; it is about nothing more than a case of slander of title, where Plaintiffs moved the Court to remove clouds on title and quiet title and deed. At this time, Plaintiffs will bring light to Defendants' deception and while focusing on the main issue: the <u>Canceled Note and Mortgage</u>. First, Plaintiffs informs the court that Plaintiff and Defendants have traveled this road before. But in regard to all of Defendants pleadings it is not a coincidence, accident, error, or mistake that Defendants counsel failed to mention even once that Plaintiffs' Note and Mortgage were canceled. Defendants strategy was to intentionally omit the most critical and effective documents this case demands. However, as set forth more fully herein, the Plaintiffs will attempt to show the Defendants habitual pattern and unethical behavior as they manage to deceive the courts by manipulating their way around policies and procedures. In this light, it is not surprising that Defendants' filings are not (and have never) supported their records upon which Defendants purportedly rely. They cannot rely on what they fail to provide. Defendants are obfuscating the fact that the note and mortgage were canceled, therefore no justiciable issue is at hand, except that Plaintiffs' property title was slandered and needs to be quieted in the trust, who holds superior title—in fee simple—over any other claim of title. Since Defendants' documents, proving that the note and mortgage were canceled, have somehow vanished, Plaintiffs wish to provide a copy for the Court. The record will show by previously filed court documents and irrefutable judicial admission, Plaintiffs' note and mortgage were canceled and a signed order of the district court judge,

forever affirmed the discharge of Plaintiffs' debt and obligation; therefore, and the property is no longer collateral for a debt or obligation.

Defendants only recourse in their filing has been nothing more than frivolous filings and mere attacks to discredit Plaintiffs. Defendants ultimate goal is to extend their time and win at all cost, even in omitting the truth.

Another issue involved here is a conflict of interest between Plaintiff, Defendants, and local counsel Crowe & Dunlevy. It is beyond Plaintiffs' comprehension how Defendants and their associates Crow & Dunlevy failed in their duty to reasonably investigate and avoid this obvious conflict. One can only wonder why two (2) conglomerate corporate entities would suddenly partner together to battle one Pro Se Litigant.

## I. BACKGROUND

On March 15, 2012 as per court order Plaintiffs' Note and Mortgage were CANCELED. Defendants voluntarily discharged Plaintiffs debt and obligation. (*See* Ex."A").

1. On January 23, 2012 Defendants were denied their motion to Dismiss Plaintiffs Appeal. (*See* Ex "B").

2. On February 9, 2012 Defendants canceled Plaintiffs' note and mortgage (*See* Ex "C")

3. On May 21, 2012 the Oklahoma Appellate Court dismissed Plaintiffs 'Petition as moot, because the note and mortgage were canceled and the judgment was voluntarily vacated. (*See* Ex. "D").

Plaintiffs have traveled this road before. Defendants in the appellate court, on Jan 28, 2015, filed another Motion to Dismiss. This is the same deceptive and manipulative practices that Defendants have yet to cease. Defendants' attempt failed in the appellate court, so now they are attempting the same thing in the Federal Court. The only difference here is the court and the lawyers. The matter of the canceled note and mortgage is still the issue. Defendants practice deceit before and they are at it again. The question surrounding these missing documents files and Defendants failing to even mention the canceled note and mortgage in any of their filings remain a mystery.

4.      The State of Oklahoma Attorney General Scott E. Pruitt provided Plaintiffs with documentation to verify Defendants wrongs. As we see Defendants are still doing wrong, in attempting to manipulate procedure to gain tactical advantage where the simple truth is they failed to respond timely to the summons. (See Ex. 'E")

5.. The Law Firm gave *NO REASON* for vacating the judgment and made NO ATTEMPT or request to redeliver or restore the note and mortgage nor did they make any attempt to follow any type or statutory or judicial authority in vacating the judgment. The Law Firm simply put the court on notice that the Plaintiff's **NOTE and MORTGAGE were CANCELED**.

Cancellation of the note and mortgage, as judicially admitted/ordered on March 15, 2012, forever discharged Plaintiff' debt obligation:

### UCC § 3-604. DISCHARGE BY CANCELLATION OR RENUNCIATION.

(a) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument (i) by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument. . .

Rule 3.1 Meritorious Claims and Contentions

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing to that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

Mitchell, *supra* note 47, at 106. Mitchell states:

Abuse of removal and the accompanying abuse of the state courts is a serious and continuing problem. It demonstrates a lack of respect for the state court judges, a lack of concern over wasted time and resources of both state and federal courts, and a lack of respect for the federal legislation which creates the right to remove.

### III.     SUPPORT

The pleadings submitted by Defendants counsel are meritless, improper, not authorized, and Out-of-Time. Plaintiffs evidence considered will properly support its pleading as follows:

6. Plaintiffs hereby file its Response and Objection to this action to the United States District Court for the Western District of Oklahoma. As for the grounds for this filing, Plaintiffs filings are timely and Plaintiffs state as follows:

7. Pursuant FRCP Rule 12 (b) and LCvR7.1 (g), Plaintiffs response is timely which provides as follows:

### FRCP Rule 12 (b)

A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

### LCvR7.1 (g)

Each party opposing a motion shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21days may, in the discretion of the court, be deemed confessed. The court may shorten or lengthen the time in which to respond.

8. On January 21, 2015 the United States District Court for the Western District of Oklahoma received Defendants electronically transmitted Notice Of Removal from Sean C. Wagner who currently resides Alabama. According to Mr. Wagner's' bio he is currently an associate and "Not yet licensed to practice law in the state of Alabama. *See* Ex. "F".

9. As stated and proven above Defendants' alleged counsel Sean C. Wagner is "Not yet licensed", and Pursuant to Alabama State Bar (ASB) Rule VII this would make Defendant's counsel invalid and improper. Alabama State Bar (ASB) Rule VII state as follows:

> No foreign attorney is eligible to appear as counsel pursuant to this rule if that attorney (a) is a resident of the State of Alabama, or (b) is regularly employed in the State of Alabama, or (c) is regularly engaged in substantial business, professional, or other activities in the State of Alabama,

10. Defendants' Notice of Remove (NOR) and all other filings thereafter are improper, invalid, void, and meritless Pursuant to FRCP Rule 7.1 (a) which states:

**"A nongovernmental corporate party <u>must file</u> <u>*2 copies*</u> of a disclosure statement "**.

According to the court United States District Court for the Western District of Oklahoma's filings on Case No. CIV-15-68-M, it appears that Defendants ("collectively") undersigned counsel Mr. Sean C. Wagner only provided this court with one (1) copy of Defendants disclosure statement.

11. The Alabama State Bar Secretary and Custodian of records, Mr. Keith B. Norman verified that prior to any of Defendants filings before February 09, 2015 "Sean C. Wagner is not now nor has ever been a member of the Alabama State Bar (ASB). He further certified that said individual has never been admitted Pro Hac Vice in the state of Alabama. *See* certificate Ex. "G".

12. Pursuant to the above mentioned statements that include Mr. Sean Wagner's bio, the Alabama State Bar ("ASB") Rule VII, FRCP Rule 7.1 (a), and the Alabama State Bar ("ASB") verified certificate, Defendant's counsel is invalid, not proper, and according to Federal and State rules governing civil procedure Mr. Sean C. Wagner cannot be recognized by this court as counsel for Defendants nor can any of his pleadings be admissible.

A. FAILURE TO COMPLY

By local rule, the United States District Court for Eastern, Western and Northern District of Oklahoma restrict an active non-resident OBA member's right to practice law. A non-resident active member of the OBA who has been admitted to any of the federal district courts in Oklahoma may not represent a party in proceedings before the court on the same terms and conditions as a resident OBA bar member. By local rule in the United States District Court for the Northern and Western District, an OBA member is required to be both a resident of the state and maintain an office in Oklahoma in order to practice before the court without limitation. If the attorney fails to meet both criteria, then the attorney is required to associate with an attorney who is both a resident of Oklahoma and who maintains an office in the state. **Therefore**, Mr. Wagner's erroneous filings, misrepresentations,

possible unauthorized practice of law, and failure to be admitted Pro Hac Vice in two states warrants sanctions and should be stricken.

13. On January 21, 2015 this court ordered Sean Wagner to associate himself with local counsel pursuant to LCvR 83.3 (a) which states:

### Association of Local Counsel.

(a) Responsibilities of Non-Resident Counsel. When representing a party in this court, any attorney who is <u>not a resident</u> of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this court.

14. Defendants counsel and associate counsel failed to comply with the following:

### LCvR83.3 (b) Responsibilities of Local Counsel

It is the responsibility of local counsel appearing in any civil case to file the motion of the non-resident attorney to be admitted pro hac vice and to <u>certify</u> in the motion that the non-resident attorney is a member in good standing of the bar of the highest court of the state where the non-resident attorney <u>resides or is licensed</u>. The local attorney shall sign the <u>first pleading filed and shall continue</u> in the case
unless other local counsel is substituted. Any notice, pleading, or other paper may be served upon the local attorney with the same effect as if personally served on the non-resident attorney.

### Admission Pro Hac Vice.

Any attorney who is eligible for admission to the bar of this court may, in the discretion of a judge of this court, be granted temporary admission to practice in a pending case. Attorneys requesting such admission are required to attach to their motion a completed Request for Admission Pro Hac Vice form provided by the court clerk's office along with the required fee. Counsel admitted pro hac vice shall submit an ECF Registration Form and, upon activation electronically file an entry of appearance consistent with LCvR83.4.

### LCvR83.4 Appearance of Counsel.

An attorney appearing for a party in a civil case shall enter an appearance by signing and filing an entry of appearance on the form prescribed by the clerk of this court. This entry of appearance shall include a certification that the attorney is admitted to practice in this court. In addition, the entry of appearance shall state whether the attorney is registered in this Court's Electronic Case Filing System. In the event a party should change counsel or add counsel, the new or additional counsel for such party shall enter an appearance by signing and filing an entry of appearance on the form prescribed by the clerk of this court

### Oklahoma Supreme Court Rules Article II Section 5

Governs that pro hac vice admission and requires an associated Oklahoma attorney to sign all documents and be present at all events presence of counsel is required.

### Motion to Associate - Oklahoma Local Counsel

The Oklahoma lawyer associated with the applicant shall file the motion to associate with the court, arbitrator, mediator, or administrative or governmental hearing officer where the proceeding is pending

15. After receiving adequate advance notice, Defendants failed to comply. Their pleadings remain improper and Defendants are clearly Out-of Time. **Therefore,** Plaintiffs respectfully move this court to strike all Defendants filings, motions, pleadings, and any other papers that may be related to or that might have appeared in any manner in any court against Plaintiffs. State and Federal courts have shifted focus from "good faith," stating "There is no room for a pure heart, empty head defense [under section 2011]." First National Bank and Trust Company of Vinita v. Kissee, 1993 OK 96, 40, 859 P.2d 502, 512. See also Warner v. Hillcrest Medical Center, 1996 OK CIV APP P.2d 123, 914 1060, 1064. "Good faith" has been replaced by emphasis on professional competence.

### B. MISREPRESENTATION AND FULL DISCLOSURE REQUIREMENT

"Silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct . . ." U.S. v. Prudden, 424 F.2d. 1021; U.S. v. Tweel, 550 F. 2d. 297, 299, 300 (1977).

16. In the case at bar this court must not overlook the fact that all of defendants general counsel's or alleged counsel's activities were performed in Alabama. Another important factor is that the general counsel's role was that of an unlicensed and unadmitted non-resident attorney from *Oklahoma* who presently resides in Alabama.

17. In the pro hac vice area the usual practice was that an attorney would be denied admission for gross misconduct, for violation of the Code of Professional Responsibility., or although rarely stated, because

the attorney was actually engaging in the regular practice of law in a state where he was not admitted to permanent practice. *See* Ex. "I" Alabama Rules of Professional Conduct 5.5 (d) (1) and (2) which state as follows:

> A lawyer who is not admitted to practice in the State of Alabama shall not (1) establish an office or other permanent presence in this jurisdiction for the practice of law, or (2) represent or hold out to the public that the lawyer is admitted to practice law in Alabama

18. An attorney properly admitted in one jurisdiction should be able to provide occasional services in another jurisdiction if the client is informed in writing of the attorney's lack of admittance to practice in the jurisdiction, provided the attorney meets certain requirement. Such requirements include that the lawyer must regularly represent the client in the jurisdiction in which the lawyer is licensed to practice, the services provided must be related to representation of the client. *See* Oklahoma and American Bar Association Rule 4.1-Misrepresentation

> A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements.

### B.  FOREIGN ATTORNEYS AUTHORIZED HOUSE COUNSEL DISCLOSURE

19. Purpose. This rule is intended to facilitate the relocation of persons employed by or to be employed by any "business organization," as that term is defined in this rule, who will undertake, in whole or in part, to provide legal services for such business organizations in Alabama. Notwithstanding the provisions of Rules I through VII, infra, this rule authorizes attorneys licensed to practice in jurisdictions other than Alabama to be permitted to undertake activities in Alabama while employed exclusively by a business organization without the requirement of taking and passing the Alabama bar examination.

20. **C. Activities.** (1) Authorized Activities. Authorized house counsel, as an employee of a business organization, may provide legal services in the State of Alabama to the business organization for which registration pursuant to this rule is effective; provided, however, such services shall be limited to:

(a) giving legal advice to the directors, officers, employees, and agents of the business organization with respect to the business and affairs of the business organization; (b) negotiating and documenting matters for the business organization; and (c) representing the business organization in its dealings with any administrative agency or commission having jurisdiction over the business organization; provided, however, authorized house counsel shall not be permitted to make appearances as counsel in any court, administrative tribunal, agency, or commission situated in the State of Alabama unless the rules governing such court or body otherwise authorize, or unless authorized house counsel is specially admitted by such court or body in a case pursuant to Rule VII.

(2) Disclosure. In undertaking legal services permitted by subdivisions C.(1)(b) or (c) of this rule, authorized house counsel shall disclose to the party with whom authorized house counsel is negotiating or to the administrative agency or commission, as the case may be, his or her capacity by written or printed communication. Such disclosure shall include the name of the business organization, the title or function of authorized house counsel, and a statement that authorized house counsel is not licensed to practice law in the State of Alabama; such disclosure shall be transmitted in a manner reasonably contemplated to create an awareness of authorized house counsel's status with respect to the relevant activity. In making the disclosure required by this subdivision, authorized house counsel shall not represent that they are members of the Alabama State Bar licensed to practice law in this State.

(3) Limitation on Representation. In no event shall the activities permitted under this rule include the individual or personal representation of any shareholder, owner, partner, officer, employee, servant, director, or agent of the business organization in any matter or transaction, or the giving of legal advice, unless otherwise permitted or authorized by law, code, or rule, or as may be permitted by Rule IX.C.(1).

## **UNANIMITY RULE**

No court should base its Jurisdictional Power on the Defendants counsel's claim that he verbally received consent from ALL defendants.

21. Sean C. Wagner's notice of removal stated that all defendants collectively consented to the removal of this action. In *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, notes that " Martin described the unanimity rule but did not define how defendants must express their consent to removal, and without any federal statute to provide guidance, the Ninth Circuit court looked to the principles of the removal process and the rules for attorney representations. In the case at bar it appears that defendant's alleged counsel Sean C. Wagner is presently a resident of Alabama and not yet licensed in that state has by signature and multi[le filings consented for all.

22. *See Getty Oil Corp. v. Insurance Co of North America*, the courts held that each defendant must individually provide timely, written consent to the removal. In *Henderson v. Holmes* a defendants failed to express his consent to the removal in writing before the deadline. In the case at bar if defendant's deadline has been reached and therefore they are OUT –OF-TIME.

In Henderson the court favored the unanimity rule base on the following considerations:

A. Without written consent representation on record stating a defendants' consent, nothing binds that defendant as consenting to the notice of removal.

B. The independent-and-unambiguous consent requirement that ensures that the necessary unanimity exists.

C. The requirement is consistent with the need to strictly construe the removal rules in favor of remand and state jurisdiction.

D. To ensure that the rule does not place an unfair burden on defendants and prevents manipulation by plaintiffs.

It is noted that other courts have successfully applied this specific rule and the independent consent requirement, moreover, prevents defendants from later claiming a procedural defect in the removal after discovering the federal forum to be unfavorable.

**Therefore**, Plaintiffs move this court to 1) strike defendants filings, 2) apply sanctions against defendants for violation of Rule 11(b), 3) grant plaintiffs all right, title and deed fee simple and superior to the property listed above, and 4) Dismiss with prejudice all claims by defendant and forever bar any and all defendants and other known and unknown from further claims against plaintiffs.

## ARGUMENT AND AUTHORITIES

**A.** There is no note or mortgage attached to the said property whereas Plaintiff's title and Deed in fee simple is a superior to any other claim of title against said property located at 19445 Sportsmans Rd, Edmond, Ok described as:

> Lot Five (5), in Block One (1), in SPORTSMEN'S LAKE ESTATES 1 in Oklahoma County, Oklahoma, according to the recorded, plat thereof;

**B.** Defendants counsel, his filings, and Defendants local associate attorney's are inappropriate and not proper before this court.

**C.** Defendants were granted adequate time to comply with the court order and they refused to abide.

23. Defendants failed to file any of the following with their pleadings:

### Affidavits, Declarations, and Admissions

Rule 56 - (4) . An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated

Rule 6 (c) (2) (2)- Supporting Affidavit. Any affidavit supporting a motion must be served with the motion.

### 12 O.S. § 426 Statement under penalty of perjury

I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

_____          _____
(Date and Place)                                          (Signature)"

The signed statement under penalty of perjury shall constitute a legally binding assertion that the contents of the statement to which it refers are true.

### §5-5. Proof of authority

¶12 The authority of an attorney to appear for the person whom he is representing in court is presumed, but the presumption is rebuttable. Cummins v. Chandler, 186 Okl. 200, 97 P.2d 765. The party who puts in question an attorney's right to represent an adverse litigant must make a "showing of reasonable grounds therefore", and the court may thereupon require the attorney so challenged "to produce or prove by his oath, or otherwise", the authority under which he assumes to appear. 5 O.S. 1961 § 5 [5-5].

"A principal is generally held liable for those acts of an agent which fall within the latter's authority. The act of the agent is the act of the principal. Qui facit per alium facit per se. This rule, called respondent superior, rests on the premise that, when exercising delegated authority, the agent stands under the complete control of the principal. Respondent superior is invocable to hold the principal liable for those acts of the agent which are within the latter's authority" *Texaco, Inc. v. Layton*, Okl., 395 P.2d 393, 396-397 (1964).

Plaintiff's objection is (1) Defendants counsel are not proper before this court, (2) Defendants Notice To Remove is inappropriate and (3) Defendants were given adequate time and notice to adhere to and correct their filings; therefore if Defendants failed to do so it would be 1) highly prejudicial, 2) unfair, 3) a travesty of justice, 4) a hardship and burden against Plaintiffs, and 5) and a violation of Plaintiffs Fourteenth Amendment Due Process and Equal Protection Rights. Further it would be a clear waste of this courts time and resources to entertain any of defendants' filings if they are in fact not proper. Defendants' should be forever barred, estopped, and awarded any right to do-over.

## I. VIOLATIONS

The Plaintiffs, Michael L Calloway and Lillie E Calloway Revocable Trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees."), hereby files this Amended Motion Defendants Notice of Remove and Plaintiffs Objection to Defendants Motion to Dismiss and moves this court to Dismiss all Defendants filings and Sanction Defendants Pursuant to the following;

       1) Rule 11 (b) of the Federal Rules of Civil Procedure
       2) LCvR 83.3 (a) (b)
         3) LCvR 83.4 and

## Oklahoma Rules of Professional Conduct

| | |
|---|---|
| 4) Rule 5.5 (c) (3), (d) (1) (2) | 9) Rule 3.4 (a) (b) (c) (d) (f) - Fairness |
| 5) Rule 4.1 – Misrepresentation | 10) Rule 1.2 (d) - Scope/Allocation |
| 6) Rule 4.3- Crime or Fraud | 11) Rule 3.3 (a) (1) (4) (B) (5) (8) - Candor |
| 7) Rule 8.4 (a) (b) (c) (d) (e) (f) – Misconduct | 12) Rule 1.7 and 1.9 – Conflict |
| 8) Rule 1.4 (2) (3) (5) – Communication | 13) Rule 3.1 - Meritorious Claims |

## ABA rules of Professional Conduct

a. Conflict of Interest

b. 5.5 Unauthorized Practice Law

c. 5.3 (a) Responsibilities regarding nonlawyer assistants

d. 5.1 (a,) (b) (c)

e. 4.4 (a) (b)

f. 4.1 (a) (b)

g. 7.5 (b) (c) (d)....Law Firm......not licensed

## SUMMARY

In reference to the national mortgage fraud crisis these corporate vultures have manipulated, harassed and bullied the Plaintiff and his family since 2008. Time after time; over and over and over again for what is now seven (7) years plaintiffs have been in a battle with Defendants. Absent of adequate legal representation plaintiff as Pro Se have been in civil, bankruptcy, appellate, and now federal court resulting from defendants wrongful acts and intent to defraud. Defendants habitual pattern of abuse and injustice have deprived Plaintiffs in their individual and official capacities to maintain any steady lifestyle. While being deprived of life, liberty, happiness, and sanity, Plaintiff and his family have been battered, hindered and forced beyond their will to become hostages of the courts. To the present Plaintiffs are not nor have ever been criminals nor have we ever been in any criminal court proceeding. But for the last seven (7) years we have been forced as Pro Se litigants to spend our lives fighting corporate criminals. Somehow you learn how to survive day by day when you have no

means. We live in an unbalanced society and we thrive survive through an uncertain economy. Plaintiffs have struggled, sacrificed and gone without bare necessities more times than one could imagine, but I'm proud to say <u>When struggle became survival and I had no means or support, I NEVER broke nor have I attempted to break any law or law(s) in this country. Still honest, respectable and law abiding I've always lived by the standard "that because you have been Wronged; it doesn't give you the right to do Wrong". God's Grace, guidance, and protection over our family has kept us together. The key to life is learning that it's not who you fight; its how you fight and were fighting strong. In the end we know that TRUTH will always prevail.</u> In spite of being physically, financially, mentally, and emotionally drained Plaintiff has used every lawful means possible to defend and protect his family, home, rights, and livelihood from being infiltrated, sabotaged and taken through unlawful measures. But I don't even think that the Defendants with all their finances, power, influence, and resources can explain why they are still literally trying to destroy Plaintiffs lives.

The removing party has "waste[d] the time and resources" of the plaintiff and the court with its ill-fated attempt to invoke the court's jurisdiction. As a result of improper litigation tactics," errant defendants "can cause severe disruption in the state court where the case has been proceeding, as well as an intolerable waste of time, money, and other resources. By reserving their scorn for defendants who have been branded as acting "unreasonably" or in "bad faith,"

## PRAYER

Defendant's allegation concerning the fact that Plaintiff didn't state a claim doesn't change the fact that the Plaintiffs note and mortgage was canceled. Plaintiffs are in court to get the slander and cloud removed from the title and Deed to the property listed above.

**WHEREFORE,** Plaintiff is asking this court for a declaratory judgment in favor of the Plaintiff on the title to the property and to correct, restore, and redeliver said title in the name of The Michael L Calloway and Lillie E Calloway Revocable Trust.

It would be unjust and unfair for Plaintiffs to endure any further hardship, harassment, and burdens from Defendants. There is absolutely no need to argue a frivolous motion when No one has any right to Plaintiffs property but Plaintiff.

Plaintiff pray this court Dismiss with Prejudice all Defendants claims against Plaintiffs because Defendants are 1) improper, 2) Out-of-Time, and 3) Plaintiffs note and mortgage was canceled. Plaintiffs are asking this court to

1) forever remove the cloud and slander from Plaintiffs title

2) to expunge all foreclosure actions against Michael L Calloway and Lillie E Calloway Revocable Trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees."),

3) Declare and adjudge that Plaintiff title is the superior to all others and that Plaintiffs are the owners entitle to possession

4) Declare and adjudge that Defendants and others known and unknown have no estate, right, title, or interest whatsoever in or to the Property or any part of it

5) That Defendants be permanently enjoined and restrained from asserting any estate, right title, or interest whatsoever in or to the Property or any part of it, adverse to plaintiff.

6) For costs; and

7) For such other and further relief as the court deem prop and fair

8) Award plaintiffs all costs and attorney fees incurred in bringing this case

9) Deny defendants any and all amounts including attorneys fees and deficiencies regards to the plaintiffs, canceled note and mortgage

10) Award Plaintiffs punitive damages and damages for slander of Plaintiffs title.

**Plaintiff respectfully asks leave of this court to correct any of Plaintiffs pleadings where Plaintiff may have misstated the defendant instead of plaintiff. Plaintiff has been a defendant for 7 years and any error was simply an unintended error.**

Respectfully submitted,

_____
Michael L. Calloway
P. O. Box 2031
Edmond, Ok 73083
405-241-6147

## AFIDAVIT OF MICHAEL CALLOWAY

I, Michael L. Calloway Sr, being of lawful age and being duly sworn, deposes and states as follows:

1. That on February 18, 2015, the above mentioned case filed was true and correct and to the best of my knowledge.

2. That Plaintiffs' request is duly warranted, pertinent and if not granted would greatly cause a further burden of which in fact would create irreparable harm and damages to Plaintiff and family.

## CERTIFICATE OF SERVICE

I do hereby certify that the above foregoing was mailed postage pre-paid by placing the same in a stamped enveloped and placed in the United States mail, to the address below.

Sean C. Wagner
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Al 35203-2119