IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. MICHAEL L. AND LILLIE E. CALLOWAY RECOVERABLE TRUST, AND<br>2. MICHAEL L. CALLOWAY, and<br>3. LILLIE E. CALLOWAY,<br><br>    Plaintiffs,<br><br>vs.<br><br>1. BANK OF AMERICA CORPORATION,<br>2. BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and<br>3. BofA MERRILL LYNCH ASSETS HOLDINGS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 5:15-cv-00068-M |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

**COME NOW** Defendants Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LLC, f/k/a, Countrywide Home Loan Servicing, L.P. ("BANA"), Bank of America Corporation ("BAC"), and BofA Merrill Lynch Assets Holdings, Inc. ("BML") (collectively, "Defendants"), by and through their undersigned counsel of record, and hereby file this Reply in Support of their Motion to Dismiss and Notice of Removal.

1

**INTRODUCTION**

In this action, Plaintiffs seek to relitigate issues adjudicated in a state court foreclosure action that was litigated to a final judgment in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2010-7513 (the "Foreclosure Action").  As in the Foreclosure Action, Plaintiffs have resorted to making unsupported accusations of improper conduct by Defendants and their counsel in order to distract from the relevant issues in the case.  The issue before this Court—whether Plaintiff is barred from relitigating the validity of the Note and Mortgage—is unchanged by the specious allegations in "Plaintiffs' Amended Objection to Defendants Notice of Removal and Plaintiffs' Response and Objection to Defendants['] Motion to Dismiss." (Doc. No. 9, hereinafter, "Plaintiffs' Response Brief").  With regard to this dispositive issue, Plaintiffs have failed to address any of the arguments raised in Defendants' Motion to Dismiss, and, as set forth more fully herein, Plaintiffs' Complaint should be dismissed with prejudice.

1. **Plaintiffs are barred from attempting to relitigate the validity of the Note and Mortgage.**

Without addressing any of the authority cited in Defendants' Motion to Dismiss regarding issue and claim preclusion, Plaintiffs contend that this Court should extinguish Defendants' interest in the subject property because the Note and Mortgage were cancelled prior to entry of judgment in the Foreclosure Action.  In their Response, Plaintiffs contend that the primary issue in this lawsuit is "the Canceled Note and Mortgage." (Doc. No. 9, Pls. Resp. Br., 9) (emphasis omitted).  More specifically,

Plaintiffs assert that the Note and Mortgage on the Property were cancelled in the Foreclosure Action. (*Id.*). However, as aptly stated in Plaintiffs' Response Brief, "Plaintiff[s] and Defendants have traveled this road before." (Doc. No. 9, Pls. Resp. Br., 2). In fact, Plaintiffs raised the very same issue in a motion filed in the Foreclosure Action on December 3, 2014, wherein Plaintiffs made the following argument:

> The note and mortgage were voluntarily and intentionally canceled, then judgment was voluntarily vacated. After [BANA] canceled the note and mortgage, the record shows that [BANA] neither suggested, cited nor applied statutory law for voluntarily vacating its judgment, as provided and required under authority of 12 O.S. §§ 1031 and 1038.

(Ex. 1, Emergency Request for Permanent Injunction and Order to Set Aside and Vacate Sheriff's Sale and Objection to Confirmation of Sale, 4, hereinafter, "December 3, 2014 Motion") (emphasis omitted). Significantly, the state court subsequently denied Plaintiffs' December 3, 2014 Motion, and confirmed the foreclosure sale of the Property. (Ex. 2, Docket Sheet, December 4, 2014 Minute Order; Ex. 3, December 4, 2014 Order Confirming Sale). After having a full and fair opportunity to litigation this matter in the Foreclosure Action, Plaintiffs now seek to improperly relitigate this issue. As set forth more fully in Defendants' Motion to Dismiss (Doc. No. 6), Plaintiffs are barred "from relitigating *not only* the adjudicated claim, but also any theories or issues that were actually decided *together with those which could have been decided*" in the Foreclosure Action. *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶7, 979 P.2d 252, 255-56 (emphasis in original) (citations omitted); *Oklahoma Dept. of Public Safety v. McCrady*, 2007 OK 39 at ¶ 7, 176 P.3d 1194, 1199; *Grossman v. Fannie MAE*, No. CIV-10-329-L, 2010 WL 3985757, at *4 (W.D. Okla. Sept. 30, 2010) (holding that the claims regarding

3

irregularities in a state court foreclosure action are barred by *res judicata*).  Accordingly, because Plaintiffs seek to relitigate issues that were, or could have been, decided in the Foreclosure Action, Plaintiffs' claims are barred and this action should be dismissed with prejudice.

**2.  This action was properly removed to this Court.**

While it is difficult to ascertain the precise nature of the allegations in Plaintiffs' Response Brief, Plaintiffs appear to challenge Defendants' removal of this action on various procedural grounds, including failure to comply with Local Rules of Civil Procedure 7.1(a) (Corporate Disclosures), 83.2(g) (Admission Pro Hac Vice), and 83.3 (Association with Local Counsel), as well as a novel, blanket allegation that counsel for Defendants are acting without Defendants' authorization.  Significantly, nothing in Plaintiffs' opposition to removal has any bearing on the merits of whether this action was properly removed to this Court.  Indeed, as set out more fully on Defendants' Notice of Removal (Doc. No. 1), the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy is greater than $75,000.00, and all other requirements of 28 U.S.C. § 1441 have been met.  As such, Plaintiffs simply cannot deny that the Court has jurisdiction over this case.

Nevertheless, each of Plaintiffs' contentions lack any merit whatsoever.  First, to be sure, Defendants have engaged their counsel of record to represent them in this matter. Plaintiffs have made this same baseless allegation with regard to counsel for Defendants in the Foreclosure Action, apparently seeking to impeach the validity of Defendants' filings.  Next, with respect to LCvR 83.3 (Association with Local Counsel), BANA has

properly engaged counsel from the law firm of Crowe & Dunlevy, P.C., to serve as local counsel in this matter. (*See* Doc. No. 4, Notice of Appearance of William H. Hoch, III; Doc. No. 5, Notice of Appearance of Meredith W. Wolfe). In addition, Plaintiffs' assertion that Defendants failed to comply with LCvR 83.3(g) is misplaced, because counsel for Defendant are already admitted to practice before this Court. Thus, it is not necessary for counsel to seek *Pro Hac Vice* admission. Finally, Defendants properly filed its corporate disclosure statement pursuant to LCvR 7.1.1 on January 22, 2015. (*See* Doc. No. 2, Defendants' Rule 7.1 Corporate Disclosure Statement). Accordingly, Plaintiffs' objection to removal of this action should be overruled.

## CONCLUSION

Based on the foregoing authority, removal of this action is proper, and Plaintiffs' Complaint is due to be dismissed, as Plaintiffs are barred from relitigating the claims and issues related to the Foreclosure Action. **WHEREFORE**, for the reasons set forth above, Defendants respectfully request that Plaintiff's Objection to removal of this action be overruled and Plaintiffs' Complaint be dismissed in its entirety with prejudice.

Respectfully submitted this 26th Day of February, 2015.

        BRADLEY ARANT BOULT CUMMINGS, LLP

        /s/ Sean C. Wagner
        Jon H. Patterson
        Sean C. Wagner
        BRADLEY ARANT BOULT CUMMINGS LLP
        One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203-2119
        Phone: (205) 521-8403
        Fax: (205) 488-6403
        jpatterson@babc.com
        swagner@babc.com
        *ATTORNEYS FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2015, I electronically submitted the foregoing document to the Clerk of the Court and that a copy of the foregoing was served upon the following via U.S. First Class Mail, postage pre-paid:

        Michael L. Calloway
        Lillie E. Calloway
        P.O. Box 2031
        Edmond, OK 73083
        *Pro Se Plaintiffs*

        William H. Hoch, III
        Meredith W. Wolfe
        CROWE & DUNLEVY
        Braniff Building
        324 N. Robinson Ave., Suite 100
        Oklahoma City, OK 73102
        *Additional Counsel for Defendants*

        */s/ Sean C. Wagner*
        OF COUNSEL