# **<u>Exhibit 1</u>**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC - 3 2014

TIM RHODES
COURT CLERK
30_____

BANK OF AMERICA N.A. SUCCSSERBY MERGER ) 
TO BAC HOME LOANS SERVICING, L.P. FKA )
COUNTRYWIDE HOME LOANS SERVICING, L.P., )
                                        )

     Plaintiff,                     )     **Case No. CJ-2010-7513**

                                         )     **Judge Bernard M. Jones**

     vs.                          )

                                           )

     MICHAEL L. CALLOWAY, et al.,      )
          Defendant(s)

## Defendants Emergency Request for Permanent Injunction and Order to Set-Aside and Vacate Sheriff's Sale
## And
## Objection To Renewed Confirmation of Sale
## For
## Lack of Jurisdiction, Fraud, Suborn Perjury, Perjury, and Professionalism

      **COMES NOW**, Defendants Michael Calloway et, all intend to provide evidence of plaintiffs

wrongdoings as well as assert their rights to defend and preserve title to their property. Defendants

are AGAIN putting the Court on notice that the Emergency Injunction filed on 11-13-2014 included

critical facts and irrefutable evidence that did meet the Best Evidence Rule.

      In order to justify the interest and integrity of the judicial process and to maintain the public

confidence in the impartial function of the court we are providing NEW EVIDENCE proving that

Plaintiff and its Counsel intentionally prepared and filed multiple false documents in order to

procure an illegitimate judgment.

      Supported by multiple statutory laws, case laws, and by the Oklahoma Supreme Court

instructions are two (2) *perjured* affidavits attached herein as (***Exhibit "A"***). One affidavit is from

Eastern District of Oklahoma and the other one is from the Western District Oklahoma.

When comparing these documents it is imperative that this court and others do not have willful blind

eyes as the _SUBORNING PURJURY_ from defendants situation is brought to light. This evidence

clearly warrants sanctions as it identifies fraud, corruption and criminal activity from officers of the

court in this state of Oklahoma.

**TO THE HONORABLE JUDGE OF SAID COURT:**

## Question......'IS IT TRUE THAT'

"Disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994).

*FOR GOOD CAUSE* Defendants are out-of-town and unable to appear as Defendants were NEVER notified by mail or by message from this court or from anyone concerning this hearing. Defendant just became aware of the hearing by viewing the OSCN website and noticed Judge B. Jones's entry *MOTION TO CONFIRM SALE - CONTINUED TO 12/4/2014 @ 11AM.* Defendants are putting court on notice that Defendants are (1) out-of-town and unable to appear and (2) Defendants firmly *STAND* by its 11-13-2014 pleading where the record shows the Defendants note and mortgage were *CANCELLED* and never *RESTORED.*

**"Officers of the court have no immunity, when violating a Constitutional right, from liability. For they are deemed to know the law."** *Owen v. Independence,* **100 S.C.T. 1398, 445 US 622;**

**I.   IS IT TRUE THAT........** A sale MUST not be confirmed if it was not properly noticed, if the terms of the sale were unconscionable, if the sale was conducted fraudulently, or if **justice was not** done.

In this case at bar Plaintiff has yet to demonstrate that it owns the loan associated with the property, it has no interest, and it cannot prove that it has standing to sue. *If the lender and/or plaintiff lacks standing to sue, the lender/plaintiff also lacks the ability to sell the house.*

**II.   IS IT TRUE THAT........** The court *MUST* examine the files and proceedings herein, and particularly the Special Execution and Order of Sale; Valuation and Appraisement;

Notice of Sheriff's Sale; Proof of Publication; Proof of Authority; Affidavits of Attorney for

Plaintiffs; Notice of Hearing Renewed Motion to Confirm Sale; Proof of Publications thereof in all

respects conform to/with the law and Order of the Court.

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is

engaged in "fraud upon the court". In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir.

1985),*Trust Company of Vinita v. Kissee*, 1993 OK 96, 40, 859 P.2d 502, 512. *See also Warner v.*

*Hillcrest Medical Center*, 1996 OK CIV APP 123, 914 P.2d 1060, 1064. "Good faith" has been

replaced by emphasis on professional competence. In *Hammonds* the Oklahoma Supreme Court said,

'A court-filed instrument is factually frivolous if a competent lawyer, after reasonable inquiry, could

not form a reasonable belief that it was well founded in fact.'" 1996 OK 100, 934 P.2d 319, 323

n.16.

### §1685. False statements Penalties.

*Any person who knowingly makes or causes to be made a false statement in an affidavit shall be*
*guilty of perjury and be liable for actual damages suffered or incurred by any person or other entity*
*as a result or consequence of the making of or reliance upon such false affidavit. The court may*
*award punitive damages, costs and attorney fees.*

This type of behavior and criminal mischief cannot be ignored as these lawyers, law firms,

and judges from separate counties, jurisdictions, and courts collectively took part in a masterful

conspired scheme to steal homes, deprive citizen's rights, harass, intimidate, burden, and hinder

livelihoods as they manipulate and defraud the judicial process. By doing these things Defendants

and other Oklahomans became victims of deception and misleading business practices by the

plaintiff's conduct as duly noted by the State of Oklahoma Attorney General E. Scott Pruitt (*See*

*Exhibit "B"*)

*FRAUD ON THE COURT IS NOT FALSE DOCUMENTS OR STATEMENTS OR THAT SORT*
*OF ACTIVITY BETWEEN PARTIES; IT IS DECEPTION TO IMPEDE THE WORKING OF*
*THE JUDICIAL MACHINERY THAT PROTECTS OUR RIGHT TO DUE PROCESS OF LAW.*
*CONSTITUTIONAL LAW TRUMPS ALL.*

**III.   IS IT TRUE THAT……..** "The requisite fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989).

## RULES OF PROFESSIONAL CONDUCT VIOLATIONS BY PLAINTIFF

1.   Rule 1.4 Communicating with Client
2.   Rule 1.2 Scope of Representation and Allocation of Authority
3.   Rule 1.2 Criminal, Fraudulent and Prohibited Transactions

---

## THIS MATTER IS OF HIGH PUBLIC INTEREST

See *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (injunctive relief may be granted if moving party adequately shows: (1) there are serious questions going to the merits, (2) absent relief, there is a likelihood of irreparable harm, (3) that the balance of the equities tips sharply in movant's favor, and (4) that issuance of injunctive relief serves the public interest). See also *Winter v. Natural Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008

---

**IV.   IS IT TRUE THAT……..** "In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit." *See, e.g., Capron* v. *Van Noorden*, 2 Cranch 126; *Arizonans for Official English* v. *Arizona*, 520 U.S. 43. *Bell* v. *Hood, supra*; *National Railroad Passenger Corp.* v. *National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton* v. *Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech, 418 U.S. 676 , 678 (per curiam); United States v.* Augenblick, 393 U.S. 348 ; *Philbrook* v. *Glodgett*, 421 U.S. 707, 721; and *Chandler* v. *Judicial Council of Tenth Circuit*, 398 U.S. 74, 86—88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act. Pp. 8—17.

## OBJECTIONS TO SHERIFFS SALE AND REASONS CONFIRMATION IS MOOT

A.  Defendants Note and Mortgage voluntarily and intentionally Cancelled ........ ...NO NOTE

B.  Notice of Loan /Creditor Transfer ..............................................….....NO PLAINTIFF

C.  Notice of Assignment, Sale, Rights, and Ownership Transfer .................…..NO INTEREST

D.  Notice of Authorized Agent i.e Firm/ Counsel .........NO AUTHORITY AND NO AGENT

IN THIS CASE AT BAR THERE IS NO NOTE, NO MORTGAGE, NO PLAINTIFF, NO INTEREST, NO AGENT, NO AUTHORITY, NO JURISDICTION, NO SUBJECT MATTER, NO CAPACITY, NO CASE, NO STANDING, AND NO JUDGMENT *(See Judge B. Jones Case No. CJ 2012-7618  July 19, 2014)*

1. Judgment was procured by fraud and suborning perjury
2. Plaintiff's and Counsel filed tampered and altered documents
3. Plaintiff is not just improper; the Plaintiff doesn't EXIST.
4. Judgment in Personam
5. No Proof of Authority has been provided by Counsel
6. No Affidavit of appraisal and the sale price of the property are questionable
7. No Diligent Inquiry by any Counsel of said Plaintiff
8. Transferred Interest/ownership
9. Fraudulent Affidavit and allonge
10. The Sep 11, 2014 Sheriff sale was not in conformity with the law

**V.  IS IT TRUE THAT........** On March 15, 2012 Judge Lisa Davis, Plaintiff BACHLS and the Law Firm subscribed an order to vacate the judgment rendered in favor of BACHLS. The Law Firm gave NO REASON for vacating the judgment and made NO ATTEMPT to follow any type or statutory or judicial authority. The Law Firm simply put the court on notice that the Defendants' **NOTE and MORTGAGE were CANCELLED.** Cancellation of the note and mortgage, as judicially admitted/ordered on March 15, 2012, forever discharged Defendants' debt obligation:

## UCC § 3-604. DISCHARGE BY CANCELLATION OR RENUNCIATION.

(a) A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument (i) by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument. . .

Despite the cancellation of the Defendants' note and mortgage, on March 15, 2012 the Law Firm substituted BANA as plaintiff and continued the litigation and procured a judgment by fraud, based on a *known* <u>cancelled</u> note and fabricated allonge, false affidavits, and altered documents. Defendants continued to defend their rights—had they failed to do so, their silence would have resulted in default judgment against them. As noted by an investigation from the Office of Attorney General State of Oklahoma acknowledged the frustration, emotional distress, fear of losing one's home. Still today the harassment and abuse, from the Plaintiff and Law Firm toward the Defendants has been unconscionable, and the Law Firms ethics continues to be egregious and low regard.

***On February 5, 2013, BANA notified Defendants that it did not own the note and mortgage,***[1] and disclosed the creditor to whom the debt is due. The creditor named in BANA'S notification was unknown to the Defendants and this lawsuit. Defendants owed nothing to BANA; therefore, could not have caused BANA "direct, immediate, and substantial" injury. Defendants had never transacted business with BANA. Oklahoma Court of Civil Appeals held: "In Oklahoma, ***ownership of the note is controlling,*** and assignment of the note necessarily carries with it assignment of the mortgage [emphasis added]" *Gill v. First Nat. Bank & Trust Co.* of Oklahoma City, 1945 OK 181, 159 P.2d 717, 719.

The Law Firm had no right to execute the judgment or take Defendants' property and equity, considering (1) Defendants' debt was canceled, (2) BANA notified Defendants that it never owned the note, (3) BACHLS ceased to exist in July 2011, and (4) Defendants have never consented to <u>restore or reinstate</u> the note and mortgage.

**VI.  IS IT TRUE THAT ........** The Court lacked subject matter jurisdiction to decide or rule in a non-justiciable matter the Petitioner brought before the Court, lacking standing to invoke jurisdiction of the Court. "To be 'justiciable,' the claim must be suitable for judicial inquiry, which requires determining whether the controversy (a) is definite and concrete, (b) concerns legal relations

among parties with adverse interests and (c) is real and substantial so as to be capable of a decision granting or denying specific relief of a conclusive nature" (Dank v Benson, 200 OK 40, 5 P.3d 1088, 1091. See also, 12 O.S. § 1651. See also, Easterwood v Choctaw County District Attorney, 45 P. 3d 436, 2002 OK CIV APP 41 [Okla. App. 01/11/2002]).

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." Ableman v. Booth, 21 Howard 506 (1859). "Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside" Jaffe and Asher v. Van Brunt, S.D.N.Y.1994, 158 F.R.D. 278. "Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction" Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872).

"Where a void judgment has been rendered and the record in the cause, or judgment roll, reflects the vice, then the court has not only the power but the duty and even after the expiration of the term to set aside such judgment." Harrison v. Whiteley, Tex. Com. App., 6 S.W.2d 89 [Emphasis added.].

On 2010, BAC Home Loans Servicing, LP (BACHLS) by the Law Firm filed a foreclosure action against Defendants. The face of the judgment roll exhibits proof that the judgment creditor did not own the note and mortgage when it commenced the lawsuit.. In order to accomplish their goal they (the Law Firm) fabricated evidence and filed a fabricated allonge and perjured affidavit[2] in support of maintaining the lawsuit and procuring the subsequent judgments. The affiant attested based on **"Personal Knowledge"** that BAC Home Loans Servicing, LP (BACHLS ) / Bank of America, NA (BANA) had remained in possession of the subject note from before the case commenced through to the date of the affiant's attestation.

It was impossible for BACHLS or BANA to have been in possession of the original note before the lawsuit commenced, as BACHLS commenced the lawsuit and the Law Firm alleged that BACHLS

was the holder and owner of the note and was in possession of it before commencement of the case. The Law Firm lied to the Court in 2010, 2011, 2012, 2013, and in 2014.

BAC Home Loan Servicing v. Mapp (Ohio 7/13) We therefore reverse the trial court's finding that "BAC's alleged lack of standing does not constitute a meritorious defense" and remand the case to the trial court for a hearing to determine BAC's standing to sue, and correspondingly whether the trial court had jurisdiction over the foreclosure proceedings. On remand, the trial court must determine whether MERS had the authority to assign the mortgage and/or the note **as the nominee for Countrywide** in light of the claim that **Countrywide was no longer in existence when the mortgage was assigned to BAC.**

"Fraud destroys the validity of everything into which it enters," Nudd v. Burrows, 91 U.S. 426. "Fraud vitiates everything," Boyce v. Grundy, 3 Pet. 210. "Fraud vitiates the most solemn contracts, documents and even judgments," U.S. v. Throckmorton, 98 U.S. 61. "If it is found that there was a fraud on the court, the judgment should be vacated and the guilty party denied all relief" Hazel-Atlas, 322 U.S. at 250-51. "The entire cost of the proceedings, including attorneys' fees, may be assessed against the guilty party" Universal Oil Products, 328 U.S. at 580.

**THIS CAUSE** being brought before the Court is Defendants Emergency Request for Permanent Injunction, Order to Set-Aside Judgment and Vacate Sheriff Sale, and Objection to Confirmation and Renewed Confirmation of Sheriff Sale.  Defendants argue that Plaintiff's Complaint, Filings, and Exhibits demonstrate a Lack of Standing and a Fraud upon the Court.

Without Plaintiff having standing or Capacity, this Honorable Court has no subject matter jurisdiction and this judgment should be set-aside, this case vacated and/or dismissed with prejudice. This action filed by Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys **(hereinafter, "the Law Firm")** was fraudulent, wrongful, without merit, full of improprieties and ON ITS FACE does not pass the **"smell test".**  The fraud and misconduct on the part of the adverse party in obtaining the judgment prevented the losing party from fully and fairly presenting their defense. This Court itself has participated by aiding and abetting Plaintiff and its Counsel with its wrongs by abusing its discretion and granting judgment in favor of the plaintiff when it lacked jurisdiction, subject matter, and a Plaintiff.  Plaintiff and Plaintiffs counsel should be DENIED any

and all right(s) to recover request for compensatory damages including attorney's fees whereas Plaintiff has yet to prove how they have suffered **"injury"** or **"actual harm"**.

The Plaintiff and its Counsel should be held accountable for their indiscretion and the Defendants request the court SANCTION Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) for their mischievous acts and wrongdoings. Facts have proven a multitude of wrongs from the alleged plaintiff and its counsel. While struggling to tell the TRUTH and prove standing Plaintiff and its alleged Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) have not acted in "good faith" and records show they have NEVER provided the courts with supporting documents that could substantiate a legal and binding contract or Proof of Authority.

### Oklahoma Statutes Title 5 - Attorneys and State Bar
### §5-5. Proof of authority Stay of proceedings.

**VII.   IS IT TRUE THAT ........** The court, on motion of either party and on the showing of reasonable grounds therefore, may require the attorney for the adverse party or for any one of the several adverse parties to produce or prove by oath, or otherwise, the authority under which the attorney appears and, until the attorney does so, may stay proceedings by the attorney on behalf of the parties for whom the attorney assumes to appear.

¶12 The authority of an attorney to appear for the person whom he is representing in court is presumed, but the presumption is rebuttable. See 5 O.S. 1981 § 5 , supra note *Cummins v. Chandler*, 186 Okl. 200, 97 P.2d 765, 767 (1939); *Burkhart v. Lasley*, 182 Okl. 43, 75 P.2d 1124, 1125-1126 (1938); In re Hess' Estate, Okl., 379 P.2d 851, 856 (1963); *Merchants Mut. Bonding Co. v. State ex rel. Nesbitt, Okl.*, 438 P.2d 931, 934 (1968). The party who puts in question an attorney's right to represent an adverse litigant must make a "showing of reasonable grounds therefore", and the court

may thereupon require the attorney so challenged " to produce or prove by his oath, or otherwise", the authority under which he assumes to appear.

Beginning on the date this lawsuit commenced, Defendants, for good cause, have found highly-questionable existence of authority under which, Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) have appeared as legal counsel for BANA and/or BAC Home Loans Servicing, LP ("BACHLS"). If the Law Firm lacked authority under which it has appeared for nearly four (4) years in the above-titled case, it has committed fraud on the Court against the Defendants and the Public. More questions than answers permeate the Court filings in the above-titled case.

Defendants move this Court to deny the Law Firm's confirmation of sale, set-aside and vacate the judgment, and grant Defendants a Protective Order and Permanent Injunction forever barring Plaintiff, its Counsel form further harassing Defendant by trying to illegally steal Defendants Property. Defendants further move this Court to compel the Law Firm's compliance pursuant to 5 O.S. § 5-5, to order proof of authority under which the Law Firm has appeared in the above-titled case.

## PRO-SE LITIGANT RIGHTS

Defendants assert their rights as pro se litigants. Pro se pleadings are to be considered without regard to technicality. Pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. See *Picking v. Pennsylvania R. Co.* 151 Fed, 2nd 240; *Pucket v. Cox,* 456 2nd 233; *Platsky v. C.I.A.*, 953 F. 2d 25; *Reynoldson v. Shillinger,* 907 F. 2d 124, 126 (10th Cir. 1990) and *Jaxon v. Circle K Corp.*, 773 F. 2d 1138, 1140 (10th Cir. 1985). When a *pro se* claimant is involved, "the Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks,* 722 F. Supp. 2d at 107 (quoting *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

## THE INTEGRITY OF THE JUDICIAL PROCESS

"The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way" *Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th D.C.A. 1998).

Defendant herein notify the Court that a pattern of lies, malfeasance, fraud and felonies have been committed and material facts have been concealed during this litigation, particulars to be set forth herein. "Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in 'fraud upon the court'" *Bulloch v. United States*, 63 F.2d 1115, 1121 (10th Cir. 1985).

In the words of the U.S. Supreme Court, a fraud upon the court "is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Deceit involving a fraud upon the court damages the integrity of the judicial process" *Hazel-Atlas*, 322 U.S. at 248, 64 S.Ct. At 1002.

## A MATTER OF PUBLIC INTEREST

Many Oklahoma homeowners are in foreclosure litigation with the same opposing law firm and the same Petitioners as in the above-titled case; therefore, pursuant to 5 O.S. § 5-5—AND IN THE MATTER OF PUBLIC INTEREST—Defendants move this Court to require proof of authority under which the Law Firm and each of its attorneys appeared to represent the BACHLS in the instant matter—the reasonable grounds for proof of authority to be set forth fully herein.

The Defendants' reasonable cause for compelling proof of authority from the Law Firm is based on BACHLS'S recent revealing responses, court filings, altered documents, and other communications with the Defendant. BACHLS has yet to provide its proof of authority[3] given to the

law firm Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) — the latter who, for more than four years, has purported to appear legally in the above-titled case as counsel of record for BANA and BACHLS. Moreover, the Law Firm, impliedly appearing as counsel for BANA and BACHLS, prepared and filed in legal proceedings fabricated evidence in the form of a perjured affidavit and a false note, with intent to obtain property and money. If convicted of fabricating a false instrument and a perjured affidavit and filing them as genuine in a legal proceeding to fraudulently obtain property and money, these acts are punishable as felonies under Oklahoma criminal statutes.

The Law Firm fabricated evidence in the form of an allonge falsifying BACHLS' ownership of the note. The Law Firm <u>knew</u> BACHLS lacked standing to invoke the jurisdiction of the Court, which is proved by its decision to fabricate allonges, obviously NOT attached to the original note as legally required at commencement of the lawsuit. Defendants objected to the fabricated evidence and filed a motion to strike the allonges, but the pro-se litigant was forced out and DENIED her right to be heard.

### Oklahoma Stat. Title 21. Ch. 13, § 453:

"Any person guilty of falsely preparing any book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced as genuine upon any trial, proceeding or inquiry whatever, authorized by law, shall be guilty of a felony."

### §21110. Intent to defraud.

"Whenever, by any of the provisions of this chapter, an intent to defraud is required in order to constitute any offense, it is sufficient if an intent appears to defraud any person,

### §21463. Offering forged or false instruments for record.

Any person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed or registered or recorded under any law of this state or of the United States, shall be guilty of a felony.

Oklahoma Supreme Court published 12 decisions since January 2012, holding the same conclusion, which is deemed a *fundamental precept of law.* Other jurisdictions have adopted as persuasive those decisions and the conclusion repeated in all of the decisions. One New Mexico

case, citing our supreme court's decisions, held: "Okla: See Bank of Am., NA v. Kabba, 2012 OK 23, ¶ 11, 276 P.3d 1006 (concluding that *"[i]t is a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so that the defendant is duly apprised of the rights of the plaintiff"*); see also Green v. JPMorgan Chase Bank, N.A., 109 So. 3d 1285, 1288 (Fla. Dist Ct. App. 2013) (determining that an original undated note with a blank endorsement only shows the bank had possession of the note but not that it held the note at the time the foreclosure suit was filed). We believe these holdings from other jurisdictions are persuasive and adopt their reasoning here" *Deutsche Bank Natl. Trust Co. v. Beneficial NM, Inc.* New Mexico Court of Appeals, 2014.

The Court, the Law Firm and the Defendants have been and are duly apprised that BANA did not and does not have rights in the above-titled case; yet the Law Firm persists in trying to finalize the unlawful seizure and sale of Defendants' property. Defendants request a PERMANENT injunction to stop the Law Firm from committing any more fraud and felonies.

According to the Oklahoma Supreme Court and other jurisdictions, even the Law Firm's effort to fabricate evidence, wherein the Law Firm falsified a material fact, only brightlined its fraud. The fabrication of evidence could have no legal effect for creating a history of the note leading to BACHLS. The fabrication does, however, have another type of legal effect:

### Oklahoma Stat. Title 21. Ch. 63 § 1562 (3)

Every person who, with intent to defraud, forges, counterfeits, or falsely alters:

...

3rd. Any endorsement or other instrument transferring or purporting to transfer

the right or interest of any holder of any such certificate, public security,

certificate of stock, **evidence of debt** or liability, or of any person entitled to

such right or interest; is guilty of forgery in the first degree. [Emph. Added.]

The Law Firm committed felonies where its fabricated allonges were backdated to appear that they were attached to the note. The Law Firm goofed in its crime when it back dated the the allonge. In these glaring acts, the Court failed its duty to report a known felony to law enforcement officials, as

required under .......

## 18 USC § 4 - MISPRISION OF FELONY

Whoever, having knowledge of the actual commission of a felony  cognizable by a court     of the United States, conceals and does not as soon  as possible make known the same to some judge or other person in civil or    military authority under the United States, shall be fined under this title or          imprisoned not more than three years, or both.

"If it is found that there was a fraud on the court, the judgment should be vacated and the

guilty party denied all relief" *Hazel-Atlas,* 322 U.S. at 250-51. "The entire cost of the proceedings,

including attorneys' fees, may be assessed against the guilty party" *Universal Oil Products,* 328 U.S.

at 580.

Under the authority of **18 U.S.C. § 4, and  Misprision of Felony** and Oklahoma Statutes

Title 21, Section 453, Defendant and Movant  notify the presiding judge, reviewing this motion, of

known acts punishable as a felony in Oklahoma. Defendants' respectfully ask that these matters be

referred to Oklahoma law enforcement officials for investigation and possible prosecution. If the

sheriff's sale is confirmed, felonies again will be facilitated with any final transfer of title made.

As the Supreme Court noted in HazelAtlas Co. v. Hartford Co., 322 U.S. 238, 246, 64 S.Ct. 997, 1001, 88 L.Ed. 1250, reh'g denied, 322 U.S. 772, 64 S.Ct. 1281, 88 L.Ed. 1596 (1944):

"... [T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." [Emphasis added.]

If the  Law Firm facilitated felonies and continued this lawsuit for more than four years, without

authority to appear as legal counsel for BACHLS, the judgment is void and the Law Firm continues

to commit fraud today. "Silence can only be equated with fraud when there is a legal and moral duty

to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone

this shocking conduct . . ." U.S. v. Prudden, 424 F.2d. 1021; U.S. v. Tweel, 550 F. 2d. 297, 299, 300

(1977).

BACHLS lacked standing to commence the lawsuit without valid endorsements leading the

history of the note to the Petitioner. Without standing, BACHLS was without authority to invoke the

jurisdiction of the Court. The judge failed to perform his/her judicial function, where he/she failed to

protect Defendants' private rights provided by the federal and state constitutions, the First, Fourth,

and Fourteenth Amendments. State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law. *Stone v Powell*, 428 US 465, 483 n 35, 96 S. Ct 3037, 49 L Ed. 2D 1067 (1976).

Considering all presented herein, Defendants move this Court to issue Permanent Injunction and an Order to Set-Aside and Vacate the Judgment and Sheriff Sale enjoining the Petitioner/Plaintiff, and the Law Firm and its associate attorneys, who purport to provide legal representation in the above-styled case. In the alternative, Defendants will suffer irreparable harm by allowing the illegal taking of their property, confirmation of sale now scheduled. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (injunctive relief may be granted if moving party adequately shows: (1) there are serious questions going to the merits, (2) absent relief, there is a likelihood of irreparable harm, (3) that the balance of the equities tips sharply in movant's favor, and (4) that issuance of injunctive relief serves the public interest). *See also Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)*.

## THE JUDICIAL FUNCTION AND OBLIGATION

Pursuant to the Supreme Law of the Land, the Court is obliged to follow precedence decisions as stated in Faye Anastasoff vs. United States of America, 8th Circuit Court, 2000: "It is on this account that our law is deemed certain, and founded in permanent principles, and not dependent on the caprice or will of judges. A more alarming doctrine could not be promulgated by any American court, than that it was at liberty to disregard all former rules and decisions and to decide for itself, without reference to the settled course of antecedent principles" [Emphasis added].

The judge in the above-titled case is obligated to protect the integrity of the judicial process during his or her administration of the Court. It is the judicial function of the judge, an elected state officer, to provide competent and impartial adjudication during his or her administration of the Court. Every judge must comply with the law, including the Code of Judicial Conduct[4] (hereinafter the Code) (See Rule 1.1 and 1.2.) The Code in Oklahoma was revised and made mandatory, effective April 15, 2011. Defendants assert their right to an unbiased and impartial judge and legal proceedings free of impropriety. Defendants assert their constitutional rights in full while under authority of Judge [name]'s administration of the Court.

## JUDICIAL OATH OF OFFICE

"A judge is an officer of the court, as well as is all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court" People v. Zajic, 88 Ill.App.3d 477, 410 N.E.2d 626 (1980) [Emphasis added].

### 28 U.S. Code § 453 - Oaths of justices and judges.

"Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: 'I, XXX XXX, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as XXXXXX under the Constitution and laws of the United States. So help me God'"

Oklahoma's judicial oath or affirmation of office protects privates rights in the interest of the society of Oklahoma and individual private rights, provides, to wit:

"I, . . . . . . . , do solemnly swear (or affirm) that I will support, obey, and defend the Constitution of the United States, and the Constitution of the State of Oklahoma, and that I will not, knowingly, receive, directly or indirectly, any money or other valuable thing, for the performance or nonperformance of any act or duty pertaining to my office, other than the compensation allowed by law; I further swear (or affirm) that I will faithfully discharge my duties as ............. to the best of my ability."

The conseq█████ vio█ion ████████ath or affi█████ation is predetermined, to wit: "...any person ref█████said █th, ███████shall forfe█is office, and any person who shall have been co████ving ██wor█ ███████alsely, *or h█ving violated said oath, or affirmation, shall ████perju█, an████████squalified from holding any office of trust or profit within the State* [emphasis added] (Oklahoma Constitution, Article XV, Section 1 and 2).

Every judge's Oklahoma oath or affirmation of office binds him to act impartially to all and to obey, support, an██████e U.S █Cons████████cluding the Fourth and Fourteenth Amendments that p████████te righ█s und███████ Process Clause and the Equal Protection Clause. Defendants ██████ir right as hom████rs defending against illegal foreclosure and they assert their private rig██ including not be burdening with a predetermined judgment or opinion or holding to any require███nt to meet a higher legal standard than any other class of litigants. In civil litigation, the burden of proof in the matters brought before the Court lie with the plaintiff.

## CODE OF JUDICIAL CONDUCT

Every judge is required to comply with the law, including the Oklahoma Code of Judicial Conduct ("the Code"). The Code was revised and made mandatory and effective on April 15, 2011. The *Scope of the Oklahoma Code of Judicial Conduct* states: "[2] The Canons state overarching principles of judicial ethics that *all judges must observe*. Although a judge may be disciplined only for violating a Rule, the Canons and Comments provide important guidance in interpreting the Rules. Where the Rules use the term *"shall" or "shall not"* they *establish mandatory standards to which judges and candidates for judicial office will be held"* [emphasis added]. The Code provides:

**Canon 1**
A judge *shall uphold and promote* the independence, integrity, and impartiality of the judiciary, and *shall avoid* impropriety and the appearance of impropriety.

Terminology of Code of Judicial Conduct, in pertinent part:

*"Impartial,"* *"impartiality,"* and *"impartially"* mean absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge. See Canons 1, 2, and 4, and Rules 1.2, 2.2, 2.6, 2.8, 2.10, 2.11, 2.13, 3.1, 3.6, 3.7, 3.13, 4.1, and 4.2.

*"Impropriety"* includes conduct that violates *the law, court rules,* or *provisions of this Code,* and *conduct that undermines a judge's independence, integrity, or impartiality.* (See Canon 1 and Rules 1.2, 3.6, and 3.13.)
*"Law"* encompasses *court rules* as well as *statutes, constitutional provisions,* and *decisional law.*

## RULE 1.1  Compliance with the Law [emphasis added]

*A judge shall comply with the law, including the Code of Judicial Conduct.*


## DEFENDANTS' PRIVATE RIGHTS


. Unless, of course, the Law Firm does not have authority to appear in the above-titled case then it would be understandable that the Law Firm would want a protective order to conceal the truth. "Silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct..." U.S. v. Prudden, 424 F.2d. 1021; U.S. v. Tweel, 550 F. 2d. 297, 299, 300 (1977).

Absent authority to represent the named petitioner, it is plausible that providing the information requested could be difficult and overburdensome and even too broad; however, if the

Law Firm has authority to represent BAC Home Loans Servicing, LP (BACHLS) its burden would be a simple matter of contacting BAC Home Loans Servicing, LP (BACHLS) to ask it to provide the information. A few clicks of the computer keys and the start button on a printer or scanner should be the extent of the burden to provide most of the information to comply with the subpoena.

Defendants' have good cause to believe that the Law Firm is not authorized to appear for BAC Home Loans Servicing, LP (BACHLS) , and if the Law Firm requested the same information from BAC Home Loans Servicing, LP (BACHLS) it would find the same response that Defendants found when they contacted BAC Home Loans Servicing, LP (BACHLS). The Law Firm continues to defraud the Defendants and the Court, wherein it continues to execute a judgment rendered in favor of BANA who's interest had ceased to exist in this case. Without authority under which to appear as attorney of record, Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (hereinafter, "the Law Firm") repeatedly commits fraud on the Court as it persists in its Court filings, as if it is authorized to represent BANA, contradicting BANA'S denial. "Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in 'fraud upon the court'" Bulloch v. United States, 63 F.2d 1115, 1121 (10th Cir. 1985).

The Law Firm's concealment of facts cannot be supported by allow them to remain silent. "Silence can only be equated with fraud when there is a legal and moral duty to speak or when an inquiry left unanswered would be intentionally misleading. We cannot condone this shocking conduct . . ." U.S. v. Prudden, 424 F.2d. 1021; U.S. v. Tweel, 550 F. 2d. 297, 299, 300 (1977).

"Fraud on the court" consists of conduct: (1) on part of officer of the court, (2) that is directed to judicial machinery itself, (3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth, that is positive averment or is concealment when one is under duty to disclose, that deceives court. Demjanjuk v. Petrovsky, 10 F.3d 338, rehearing and suggestion for rehearing denied, certiorari denied Rison v. Demjanjuk, 115 S.Ct. 295, 513 U.S. 914, 130 L.Ed.2d 205 (Ohio) 1993.—Fed Civ Proc 2654.

The Court relied upon an authority under which the Law Firm appears to represent BANA and/or BACHLS, and Defendant only recently was apprised of good cause to investigate. If the Law

Firm has no authority to appear as legal counsel, then the judgment was void *ab initio*, and all filings of the Law Firm are fraudulent and this concealed material fact hindered the Defendant and Movant from making their record and presenting their full claims and defenses. Without authority to represent BANA, the Court was without jurisdiction to render judgment and to order sheriff's sale of Defendants' property. "There is no discretion to ignore that lack of jurisdiction" Joyce v. US, 474 F2d 215.

*Defendants and the Law Firm are aware that the time limit for discovery has expired in the above-titled case, and both are aware that Movant's objection is timely and not optional, and failing to do so caused unfair prejudice to Defendant in defending title to their property.*

Defendant seek competent evidence to clarify whether or not the Law Firm acted of it own volition to illegally seize the Defendants' property and equity based on a fabricated note and perjured affidavit. If BANA was involved in fraud, it is just and equitable that Defendants bring such facts to the attention of the Court. Defendant is at risk of irreparable harm by losing their home and equity to the Law Firm, who, by judicial admission, and filings have shown the court the forged or false note.

"Courts should not forfeit truth for the sake of finality, nor let the technical intricacies of the law governing attachments obscure their just administration" Leber-Krebs Inc v. Capitol Records, 779 F2d 895 [Emphasis Added]. "Where fraud is found, the party that used fraud should be deprived of the benefit of the judgment and any inequitable advantage gained" Id.

Proof of authority and compliance with Defendant request are vital to avoid grave injustice in this case, and to avoid a windfall and unjust enrichment to the Law Firm whom the Plaintiff contradicted about its authority under which it appears in Court as legal representation for BACHLS.

## FAILURE TO SUPERVISE AND SCREEN ATTORNEYS

Throughout nearly four years of litigation, the Law Firm has failed to screen its attorneys to bring them properly before the Court as attorneys of record or to have them to withdraw when they leave the case or are no longer employed by the Law Firm. The Law Firm's attorneys were

persistently appearing, then disappearing from Court proceedings, without notice to the Court or the Defendants, depriving the Defendants of the means to fulfill their duty to make proper mailings to the attorney of record. Defendant has been deprived of vital contact information for the appropriate opposing counsel. Had the Court enforced Court rules regarding attorneys of record, Defendant could have limited the number of attorneys notified at the Law Firm, and gladly would have avoided the added burden of notifying multiple attorneys. The Law Firm's failure to screen its attorneys and the courts failure to enforce statutory law and court rules deprived Defendants of their right to due process of law.

## JUDGMENT PROCURED BY FRAUD

BANA and/or the Law Firm's fraud on the Court is clear and irrefutable. The new version of a note can be construed as nothing other than a forged or false instrument. "The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way. Although Cox insists on her constitutional right to have her case heard, she can, by her own conduct, forfeit that right. This is an area where the trial court is and should be vested with discretion to fashion the apt remedy. While this court might have imposed a lesser sanction, the question in this case is close enough that we cannot declare the lower court to have abused its discretion" *See Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th D.C.A. 1998).

In Elliott v. Industrial Comm'n (United Airlines), 303 Ill. App. 3d 185 (Ill. App. Ct. 1999), the court held that "Statements considered admissions can be determined to be judicial admissions or evidentiary admissions. Ordinarily, a judicial admission is a statement made during the judicial proceeding or contained in a document filed with the court." In addition to this the court held that "Ordinary evidentiary admissions should be distinguished from judicial admissions, which conclusively bind a party. Judicial admissions are defined as deliberate, clear, unequivocal statements by a party about a concrete fact within that party's knowledge. Where made, a judicial admission may not be contradicted in a motion for summary judgment or at trial. The purpose of the rule is to remove the temptation to commit perjury."

The Law Firm's filing and recording a fabricated note had no legal effect to reinstate the note and mortgage, but it could affect proof that the Law Firm and/or the Petitioner committed a felony or misdemeanor to procure the second judgment. This Court has a duty to refer to law enforcement officials for investigation and possible prosecution any acts in violation of criminal statutes, and to refer to the Oklahoma Bar Association for disciplinary review of violations of the Code of Professional Conduct.

The Law Firm filed certificate of its pleadings and attached exhibits; however if it cannot prove authority by which it appeared in the case, it is also subject to §21-587: "False certificate by public officer. Every public officer who being authorized by the law to make and give any certificate or other writing knowingly makes and delivers as true any such certificate or writing containing any statement which he knows to be false, is guilty of a misdemeanor."

If the Law Firm does prove authority by which it appears in the above-titled case, the Law Firm filed a materially altered note in support of a diametrical change of legal position, an act that likely constitutes the Law Firm and the Petitioner in a civil conspiracy to commit a felony, which was completed at sheriff's sale of Defendants' property on Sep 11, 2014.

Defendant hereby notify the Court that the Law Firm committed fraud in procuring the Court's jurisdiction, in procuring a second judgment, and in procuring an order of sheriff's sale of Defendants' property, the sale of which was completed on Sep 11, 2014.

The Law Firm committed fraud on the Court, in part, by filing fabricated false evidence and a perjured affidavit in support of the its motion for summary judgment, willfully and knowingly filing perjured statements to the Court, sham pleadings, and frivolous litigation, with full knowledge that by judicial admission it put the Court on notice .

The Supreme Court has held that if a party has used fraud to obtain a judgment, [an adverse party may, by bringing a new proceeding, invoke the power of the courts to scrutinize the conduct of the parties in the previous action]. See *Marshall v. Holmes*, 141 U.S. at 599, quoting *Johnson v. Waters*, 111 U.S. 640, 667, 28 L. Ed. 547, 4 S. Ct. 619 (1884). "Where fraud is found, the party that

used fraud should be deprived of the benefit of the judgment and any inequitable advantage gained" Id., 141 U.S. at 599.

Movant assert their rights under the doctrine of judicial estoppel to prohibit the Law Firm's change of legal position. The Movant' assert the rights to peaceful possession of their property and their right to exclude others and to retreat into their home without interference.

## PRAYER

Michael Calloway et, all (hereinafter, pro se Defendant's) Objects to the Confirmation of Sale and moves this Court to issue the Permanent Injunction forever barring Plaintiffs from further litigation against defendants in any matter, Set Aside and Vacate the Judgment, Dismiss with Prejudice and in the alternative Sanction Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) for their violations and crimes. For over four (4) years Plaintiff and Baer, Timberlake, Coulson, & Cates, P.C. and its associated attorneys (**hereinafter, "the Law Firm"**) have deliberately harassed Defendants' without cause and if this court does not permanently end this debacle defendants will suffer irreparable harm in loss of their primary residence, a property unique.

Defendants respectfully assert rights as pro-se litigants. In Puckett v. Cox, the Court held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Haines v. Kerner, 404 U.S. 519 (1972) and Plaskey v. CIA, 953 F.2d 25 also held, "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." The confirmation of the sale of Defendants' property will be unlawful, as the record made in the above-titled case exhibits proof the above mentioned because the note and mortgage were surrendered and <u>CANCELLED</u>.

**WHEREFORE,** Defendant pray the Court grant Defendant all attorney fees, court costs, equitable relief, damages, and compensation for the fear, frustration, and emotional distress imposed against defendants that defendant receive all the relief herein requested including compensation for all loss, wages, and damages for and such other relief this court may deem just, fair, appropriate and as adequate as the Law permits

Respectfully submitted by:

Michael Calloway / *Pro Se*
P.O. Box 2031
Edmond, Ok 73083
405-241-6147

## AFFIDAVIT OF MICHAEL CALLOWAY

Michael L Calloway Sr, being of lawful age and being duly sworn, deposes and states as follows:

1.    That on December 03, 2014, the above mentioned case filed was true and correct to the best of my knowledge.

2.    That Defendants request is duly warranted, pertinent and if not granted would greatly cause a further undue burden of which in fact would create irreparable harm and damages to Defendants.

_____
Michael L. Calloway

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY STATE OF OKLAHOMA

BANK OF AMERICA N.A. SUCCSSERBY MERGER  )
TO BAC HOME LOANS SERVICING, L.P. FKA    )
COUNTRYWIDE HOME LOANS SERVICING, L.P.,  )
                                          )
Plaintiff,                                )      Case No. CJ-2010-7513
                                          )      Judge Bernard M. Jones
vs.                                       )
                                          )
MICHAEL L. CALLOWAY, et al.,              )
         Defendant(s)                     )

## ORDER

    **NOW**, on this _____ day of _____, 2014, this matter comes before this Court for Defendants' request for a Permanent restraining order and Permanent Injunction.

    The defendants move for a permanent restraining order and injunction to enjoin plaintiff from further harassment and false representation. Based on the merits surrounding this case the Court grants (1) a Permanent restraining order and Injunction, (2) Sheriff Sale Vacated, and (3) Orders the Judgment Set-aside and Vacated. This order is to prevent further harassment and hardship against defendants as Defendants have made a prima facie showing that plaintiff has grievously harmed its own reputation.

    The Court finds that it appears from defendant's evidence that the plaintiff will irreparably injure defendants, and the Court finds that under these circumstances the order should be granted without notice to prevent further irreparable harm and injury to defendants. The Court finds from the evidence submitted by defendants in support of the injunction that there is uncontroverted and credible evidence to grant defendants motion.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff Bank of America, Bear, Timberlake, Coulson, & Cates, P.C. its agents, employees, representatives, associates, affiliates, contractors, and others known/unknown and all persons acting by and under its authority or in concert in any way are forever barred, restrained and enjoined from making any further representations.

THIS ORDER IS ISSUED AND SIGNED BY:

_____   Date: _____
The Honorable Judge

**EXHIBIT "A"**

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
### STATE OF OKLAHOMA

BANK OF AMERICA, N.A., successor by merger to )
BAC HOME LOANS SERVICING, L.P., f/k/a )
COUNTRYWIDE HOME LOANS SERVICING, L.P., )
                                               )
          Plaintiff, )     Case No. CJ-2010-7513
                                               )     Judge Davis
-vs-                                          )

MICHAEL L. CALLOWAY, INDIVIDUALLY AND )
AS TRUSTEE OF THE MICHAEL L. CALLOWAY )
AND LILLIE E. CALLOWAY REVOCABLE TRUST )
DATED 7-19-02, LILLIE E CALLOWAY, )
INDIVIDUALLY AND AS TRUSTEE OF THE )
MICHAEL L. CALLOWAY AND LILLIE E. )
CALLOWAY REVOCABLE TRUST DATED 7-19- )
02, BANK OF THE WEST, SPORTSMAN LAKE )
ESTATES OWNERS' )
ASSOCIATION, THE GREENS COUNTRY CLUB, )
LLC, )
REBECCA SCHNEIDER, and RED RIVER )
ROOFING & CONSTRUCTION, INC., )
                                             )
          Defendants. )

### AFFIDAVIT OF PLAINTIFF IN SUPPORT
### OF MOTION FOR SUMMARY JUDGMENT

STATE OF Pennsylvania )
                    ) SS.
COUNTY OF Allegheny )

Robert M Peters         first duly sworn, deposes and says:

1.      I am authorized to sign this affidavit on behalf of Plaintiff, Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. ( BANA ), as an officer of BANA.

2.      I make this affidavit in support of BANA's motion for summary judgment based on personal review of the records BANA retains in the ordinary course of business. They are: (a) made at or near the time of the

occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge, and (b) kept in the course of BANA's regularly conducted business activities. It is the regular practice of BANA to make such records.

3.    I have personally reviewed the records in connection with the subject loan.

4.    Under the subject promissory note which is secured by the mortgage sought to be foreclosed, the amount actually due to BANA on said note and mortgage is $345,410.90, with 6.500% interest per annum thereon, or as adjusted by the Note and Mortgage, from the 1st day of October, 2009, until paid; and for all costs of this action, including a reasonable attorney s fee and advancements made by BANA during the pendency of this action including, title charges, late charges, property taxes, insurance premiums, or expenses necessary for the preservation of the subject property, and for the costs of this action. I certify that a true and correct copy of the payment history for the subject loan is attached hereto as Exhibit  A.

5.    That BANA, directly or through an agent, has possession of the subject promissory note and is entitled to enforce the note prior to the filing of the Petition and has remained in possession and entitled to enforce the note subsequent to the filing of the Petition through the present time. The subject promissory note has been duly indorsed. BANA is the assignee of the security instrument for the referenced loan.  I certify that a true and correct copy of the promissory note for the subject loan is attached hereto as Exhibit  B.

6.      That the payments due upon the subject promissory note which is secured by the mortgage sought to be foreclosed are in default, in that the installments due November 1, 2009, and each and every month thereafter to and including the date hereof have not been paid; that said note and mortgage have been in constant default since November 1, 2009; that there has been no tender of sufficient and certified moneys to reinstate the note; there has been no extension or renewal of the note; and no arrangement or agreement has been made with Plaintiff to delay the entry of judgment in this action.

Robert M Peters  12-20-12
_____
Name

_____
Signature

Assistant Vice President
_____
Title

SWORN TO and subscribed before me this 20th day of December, 2012,

by _Robert M Peters_ as an Assistant Vice President of Bank of America, N.A.

He/she ( ) is personally known to me or ( ) produced _Driver's License_ as identification.

_____
Notary Public

My commission expires 5·17·2015



witness, Justi Nicole Hillberry, who is an employee of Plaintiff and who has duly sworn that Plaintiff "was in possession of the Note and entitled to enforce the Note prior to the filing of the Petition and has remained in possession and entitled to enforce the Note subsequent to the filing of the Petition through the present time." *See Affidavit in Support of Plaintiff's Motion for Summary Judgment*. Defendant's argument is simply a "red herring" submitted by Defendant in an attempt to divert the Court's attention from the undisputed default on the Note and Mortgage and attempt to have the Court dismiss this case. Defendant cannot simply state in general that they deny the sworn statement of Plaintiff's witness. Defendant must provide actual evidence, not mere conjecture, to validly controvert Plaintiff's evidence.

The Oklahoma Supreme Court has instructed that after submission of an affidavit that "facially appears to be made on personal knowledge, the burden then shift[s] to [the opposing party] to set forth specific facts, which if true, would show that the [affiant] did not have personal knowledge..." *Myers v. Missouri Pacific Railroad Co.*, 52 P.3d 1014, 1024 (Okla. 2002) emphasis in original).[1]

Here, Defendant has failed to meet the burden either in support of summary judgment in her favor, or the burden required to defeat summary judgment in favor of Plaintiff. Indeed,

---

[1] See also *Everhome v. Robey* 136 P.3d 1066 (Okla. Civ.2006) (challenge to foreclosure judgment supported by affidavit of officer of mortgage company was unsuccessful because homeowners" unsupported allegations of payments tendered could not refute mortgage company's affidavit) *Federal Land Bank of Wichita v. Northcutt*, 811 P.2d 1368 (Okla. Civ. 1991) (upholding foreclosure judgment supported by bank's affidavit, finding homeowners' allegations challenging amount of indebtedness and interest were not supported by admissible evidence). Therefore, as long as the affiant's personal knowledge may be inferred from the face of the affidavit, the burden will shift to the opposing party to prove with specific facts that the affiant lacked the personal knowledge to offer the testimony within the affidavit. Furthermore, Oklahoma law infers that an affiant may acquire the requisite of personal knowledge by reviewing relevant records. *Castle Capital Corp. v. Arthur Young & Co.* 686 P.2d 296, ¶ 29 (Okla. Civ. App. 1984) (suggesting that it is acceptable for an affidavit to be made on personal knowledge gained as a result of [the affiant's] review of the [company's] files and documents). In addition, an affiant may rely on the work performed by others at their direction in making the affidavit. *Maytubby v. State*, 665 P.2d 849 (Okla. Cr. App. 1983) (upholding conviction for welfare fraud: "we cannot say under the facts and circumstances of the case, that a supervisor lacks personal knowledge with respect to the accuracy of the overpayment computation simply because she allowed a subordinate to figure the initial computation"); *Green v. State*, 713 P.2d 1032, 1039 (Okla. Cr. App.

8

IN THE DISTRICT COURT WITHIN AND FOR TULSACOUNTY
STATE OF OKLAHOMA

BAC HOME LOANS SERVICING, L.P. )
FKA COUNTRYWIDE HOME LOANS )
SERVICING, L.P.; )
       )
                 Plaintiff, )  Case No.  CJ-2010-6867
       )
vs. )  Judge    Chappelle, Carlos J.
       )
GRADY PIERCE A/K/A GRADY H. )
PIERCE A/K/A GRADY HAROLD )
PIERCE AND THERESA PIERCE; et )
al. )
       )
               Defendants, )

**AFFIDAVIT IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

STATE OF _Pennsylvania_ )
                    ) SS.
COUNTY OF _Allegheny_ )

_Just Nicole Hillberry_  , being first duly sworn, deposes and says:

1.     I am authorized to sign this affidavit on behalf of plaintiff, BAC Home Loans

Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., as an officer of

Bank of America, N.A. (BANA).

2.     I make this affidavit in support of BANA's motion for summary judgment based

on personal review of the records BANA retains in the ordinary course of business.  They are: (a)

made at or near the time of the occurrence of the matters recorded by persons with personal

knowledge of the information in the business record, or from information transmitted by persons

**EXHIBIT T**

with personal knowledge, and (b) kept in the course of BANA's regularly conducted business activities. It is the regular practice of BANA to make such records.

3.      I have personally reviewed the records in connection with the subject loan.

4.      Under the promissory note which is secured by the mortgage sought to be foreclosed, the amount actually due to BANA on said note and mortgage is $205,193.68, with 5.875% interest per annum thereon from December 1, 2009, until paid; and for all costs of this action, including a reasonable attorney's fee, and advancements made by BANA during the pendency of this action including, title charges, late charges, property taxes, insurance premiums, or expenses necessary for the preservation of the subject property, and for the costs of this action.

5.      That BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. was in possession of the Note and entitled to enforce the Note prior to the filing of the Petition and has remained in possession and entitled to enforce the Note subsequent to the filing of the Petition through the present time.

6.   That the payments due upon the promissory note which is secured by the mortgage sought to be foreclosed are in default, in that the installments due January 1, 2010, and each and every month thereafter to and including the date hereof have not been paid; that said note and mortgage have been in constant default since January 1, 2010; that there has been no tender of sufficient and certified moneys to reinstate the Note; there has been no extension or renewal of the Note; and no arrangement or agreement has been made with Plaintiff to delay the entry of judgment in this action.

_JUSti Nicole Hillberry_
Name

_____    8.22.12
Signature

ASSisTanT Vice PresidenT as an officer
of BAC HOME loans Servicing LP, FKA
Countrywide Home Loans Servicing LP as
Title Successor by merger to Bank of
America, N.A.

SWORN TO and subscribed before me this _22_ day of _August_, 20_12_,
by _Justi Nicole Hillberry_ as an Assistant Vice President of Bank of America,
N.A. He/(she) ( ) is personally known to me or (✓)produced _drivers license_ as
identification.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Gretchen Marie Martin, Notary Public
Kennedy Twp., Allegheny County
My Commission Expires Jan. 11, 2014
MEMBER PENNSYLVANIA ASSOCIATION OF NOTARIES

_Gretchen Marie Martin_
Notary Public
My commission expires 1-11-14

**EXHIBIT "B"**



# OFFICE OF ATTORNEY GENERAL
## STATE OF OKLAHOMA

### May 27, 2014

Michael Calloway
P.O. Box 2031
Edmond, OK 73083

**Re:** **Oklahoma Mortgage Settlement Fund/File #**

Dear Michael Calloway:

.......... ........................... * from the Oklahoma Mortgage Settlement Fund (the "Fund"). The Fund was established in 2012 to compensate Oklahoma homeowners who were victims of certain deceptive and misleading business practices by their mortgage servicers.

The ......................... Fund is based on this office's assessment of the scope and seriousness of the conduct of the mortgage servicer in your particular situation. Our assessment was based on the information you provided on the claim form, any individual statement or explanation of your experience with your mortgage servicer and the supporting documentation you provided.

Thank you for submitting a claim form to our office. We understand that often no amount of money is adequate to compensate for the frustration, fear and emotional distress that comes with the prospect of losing one's home.

Sincerely,

E. Scott Pruitt
**Attorney General**

ESP:clb