IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED

MAR 0 6 2015

CARMELITA...
U.S. DIST. COURT
BY_____

| | |
|---|---|
| Michael L. and Lillie E Calloway Revocable Trust ) <br> and Michael L Calloway and Lillie E Calloway (trustee) ) <br> of the Michael L. and Lillie E Calloway Revocable Trust ) <br> ) <br> Plaintiff, ) <br> ) <br> Bank of America Corporation, et al. ) <br> ) <br> Defendant, ) | CASE NO: **CIV-15-68-M** <br> Judge: Vicki Miles-LaGrange |

## PLAINTIFFS MOTION TO DISREGARD DEFENDANTS NOTICE TO REMOVE AND RESPONSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

The issue before this Court is ―――― whether Defendants' counsel is properly authorized to practice and submit pleadings before this court.

**COME NOW**, Plaintiffs, Michael L Calloway and Lillie E Calloway Revocable Trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees."), Pro Se respects this Courts time and hereby moves this court to Dismiss Defendants and their claim in its entirety with prejudice and Remand this Case back to the state Court where proper adjudication can be rendered. Defendants counsel is not properly admitted to practice before this court as a non-resident of Oklahoma and therefore all Defendants pleadings are in bad-faith, frivolous, improper and not in compliance with the FRCP. Simply put. Plaintiff(s) is the <u>only</u> party in this action who is proper before this court.

**Wherefore premises considered**, Defendant's unnecessary waste of this Courts valuable time and resources and their continued harassment, deception, and manipulative practices have created further stress, frustrations, burdens, and expenses for Plaintiffs. In support of this motion, Plaintiffs have proven that 1) defendants and its counsel are not proper, 2) that Defendants removal was not in accordance with statutory procedures, 3) Defendants local association failed to follow FRCP, and 4) Defendants are out of time. Therefore Defendants pleadings should be dismissed with prejudice in its entirety.

## **PRO-SE LITIGANT RIGHTS**

Plaintiffs, Michael L Calloway and Lillie E Calloway Revocable Trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees."), Pro Se hereby moves this court to recognize his Pro Se / Layman rights as this court has authority to grant this status pursuant to Haines v. Keaner, et al. 404 U. S. 519,92s. Ct. 594,301 L. Ed. 2d 652, See Conley v. Gibson, 355 U.S. 41,45 46 (1957).

Plaintiffs assert their rights and pleadings as pro se litigants to be considered without regard to technicality. Pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. See Picking v. Pennsylvania R. Co. 151 Fed, 2nd 240; Pucket v. Cox, 456 2nd 233; the Court held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA).Platsky v. C.I.A., 953 F. 2d 25; Reynoldson v. Shillinger, 907 F. 2d 124, 126 (10th Cir. 1990) and Jaxon v. Circle K Corp., 773 F. 2d 1138, 1140 (10th Cir. 1985). When a pro se claimant is involved, "the Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" Cheeks, 722 F. Supp. 2d at 107 (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972) and Platsky v. C.I.A., 953 F. 2d 25 also held, "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings."

## **INTRODUCTION**

28 U.S.C.§§ 1441 through 1452, govern the procedure for removal. "Removal is a statutory privilege, rather than a right, and the removing party must comply with the procedural requirements mandated in the statute when desirous of availing the privilege." Plaintiffs move this Court for remand on the ground that the removing party (Defendants) have failed to comply with statutory requirements for removal. Title 28 U.S.C. 1447 (c) authorizes remand if a "procedural defect in the removal of the case" exists. With limitations on jurisdiction the Defendants removal should be denied and not given a "second bite at the apple". There is absolutely no need to entertain any of Defendants pleadings or waste any more of this courts valuable time, because Plaintiffs' have proven by Plaintiffs (Ex "A")

attached herein that Defendants counsel Sean C. Wagner is 1) a non-resident of Oklahoma, 2) Not licensed to practice law in the state where he resides, and 3) Sean Wagner is not approved by application to practice law *Pro Hac Vice* in Oklahoma or Alabama. Therefore the record reflects that Defendants removal is improper, not timely, ineffective and not in accordance with statutory procedures. This district court cannot disregard an evident procedural defect regardless of the triviality or nature of the defect. With regard to this case, there is no jurisdiction, no subject matter, no controversy or argument to address. The fact is —— Defendants are unauthorized, noncompliant, improper, and Out-Of-Time.

### 1. Defendants failure to comply

Defendant's habitual total disregard and failure to comply with LCvR 83.3 (b) Responsibility of Local Counsel limits this courts jurisdiction and subject matter. Therefore, if Defendants are not proper their pleadings and local association are not proper and this court cannot disregard the violations and grant Defendants any relief unless LCvR 83.3 (c) documents are provided and approved.

### LCvR 83.3 (b) Responsibilities of Local Counsel.

It is the responsibility of local counsel appearing in any civil case to file the motion of the non-resident attorney to be admitted pro hac vice and to certify in the motion that the non-resident attorney is a member in good standing of the bar of the highest court of the state where the non-resident attorney resides or is licensed. The local attorney shall sign the first pleading filed and shall continue in the case unless other local counsel is substituted. Any notice, pleading, or other paper may be served upon the local attorney with the same effect as if personally served on the non-resident attorney.

a. Defendants have not provided their application to be admitted Pro Hac
b. Local counsel (Crowe & Dunlevy) have never signed any documents as required by Oklahoma Supreme Court Rules Article II Sec 5 and LCvR 83.3 (b)
c. Local counsel failed to file a motion to associate

### LCvR 83.3 (c) Relief from this Rule.

Relief from this rule is within the court's discretion upon motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local civil court rules.

### Alabama State Bar Rule VII

No foreign attorney is eligible to appear as counsel pursuant to this rule if that attorney (a) is a resident of the state of Alabama, or (b) is regularly employed in the State of Alabama, or (c) is regularly engaged in substantial business, professional, or other activities in the State of Alabama

## The U.S. Federal District Court Rules of Oklahoma restrict the practice of law before those courts based on residency.

By local rule, the United States District Court for Eastern, Western and Northern District of Oklahoma restrict an active non-resident OBA member's right to practice law. A non-resident active member of the OBA who has been admitted to any of the federal district courts in Oklahoma may not represent a party in proceedings before the court on the same terms and conditions as a resident OBA bar member. By local rule in the United States District Court for the Northern and Western District, an OBA member is required to be both a resident of the state and maintain an office in Oklahoma in order to practice before the court without limitation.4 If the attorney fails to meet both criteria, then the attorney is required to associate with an attorney who is both a resident of Oklahoma and who maintains an office in the state.

2. This court lacks subject matter jurisdiction to decide or rule in a non-justiciable matter that the Defendants brought before this court. "To be 'justiciable,' the claim must be suitable for judicial inquiry, which requires determining whether the controversy (a) is definite and concrete, (b) concerns legal relations among parties with adverse interest and (c) is real and substantial so as to be capable of a decision granting or denying specific relief of a conclusive nature" (*Dank v Benson*, 200 OK 40, 5 P.3d 1088, 1091. See also, 12 O.S. § 1651. See also, *Easterwood v Choctaw County District Attorney*, 45 P. 3d 436, 2002 OK CIV APP 41 [Okla. App. 01/11/2002]).

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence. "*Ableman v Booth*, 21 Howard 506 (1859). "Judgments entered where court lacked either subject or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside" *Jaffe and Asher v. Van Brunt,* S.D.N.Y. 1994, 158 F.R.D. 278. "Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction" *Piper v. Pearson*, 2 Gray 120, cited in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

## CONCLUSION

Defendants have not acted in "good faith", and in addition to perpetrating other "conscious and deliberate wrongs" their pattern of corruption have created a multitude of unfounded, unjust, and unsubstantiated assertions. Plaintiffs have incurred irreparable damages due to their civil and criminal actions as well as their failure to follow FRCP. Plaintiffs have a right to remain free of such activities as they clearly violate Plaintiffs Constitutional Rights. Defendants have willful and maliciously continued to file frivolous pleadings as well as disrespect and disregard both federal and state rules.

Defendant's pleadings are meritless and frivolous as their relief sought is nothing more than to totally destroy Plaintiffs lives. While fighting for the right to do wrong, Defendants can only ask for Plaintiffs complaint to be dismissed because even in state court Defendants cannot produce another note because Plaintiffs Note and Mortgage were intentional and voluntarily Cancelled by Defendants.

## PRAYER

**WHEREFORE** premises considered, Plaintiffs respectfully urges this court not to assume original jurisdiction of this matter and allow the proceedings filed in the lower court to remain.

Respectfully submitted,

Michael L. Calloway *Pro Se*
P. O. Box 2031
Edmond, Ok 73083
405-241-6147

## CERTIFICATE OF SERVICE

I do hereby certify that the above foregoing was mailed postage pre-paid by placing the same in a stamped enveloped and placed in the United States mail, to the address below.

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Al 35203-2119