## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. **MICHAEL L. AND LILLIE E. CALLOWAY RECOVERABLE TRUST, AND**<br>2. **MICHAEL L. CALLOWAY, and**<br>3. **LILLIE E. CALLOWAY,**<br><br>      **Plaintiffs,**<br><br>**vs.**<br><br>1. **BANK OF AMERICA CORPORATION,**<br>2. **BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and**<br>3. **BofA MERRILL LYNCH ASSETS HOLDINGS, INC.,**<br><br>      **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CASE NO.:  5:15-cv-00068-M**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISREGARD DEFENDANTS' NOTICE OF REMOVAL AND RESPONSES

---

**COME NOW** Defendants Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LLC, f/k/a, Countrywide Home Loan Servicing, L.P. ("BANA"), Bank of America Corporation ("BAC"), and BofA Merrill Lynch Assets Holdings, Inc. ("BML") (collectively, "Defendants"), by and through their undersigned counsel of record, and hereby file this Response to "Plaintiffs' Motion to Disregard

Defendants['] Notice to Remove and Responses" ("Plaintiffs' Motion to Disregard," Doc. No. 12).

## I.    INTRODUCTION

Plaintiffs' Motion to Disregard is nothing more than a desperate attempt to distract from the material issues in this litigation.  The dispositive issue before this Court is whether Plaintiffs are barred from relitigating issues previously adjudicated in a state court foreclosure action that was litigated to a final judgment in the District Court of Oklahoma County, Oklahoma, Case No. CJ-2010-7513 (the "Foreclosure Action"). Consistent with their conduct in other litigation, Plaintiffs have resorted to making unwarranted, misplaced accusations of misconduct against Defendants and refused to address the true issues before the Court.[1]  Instead of responding to the arguments made in Defendants' Motion to Dismiss, Plaintiffs seek to avoid dismissal by obfuscating the issues before this Court.   Moreover, Plaintiffs appear to have completely ignored Defendants' responses to the arguments raised in Plaintiffs' previous filings, choosing instead to waste this Court's time and resources with unresponsive, duplicative serial filings.  For the reasons set forth below, Defendants respectfully request that this Court grant their pending Motion to Dismiss, which is now fully briefed and at issue, and dismiss this action with prejudice, as (1) Defendants and their counsel have complied

---

[1] Since BANA initiated the Foreclosure Action on September 14, 2011, Plaintiffs' have engaged in a pattern of making unsupported factual and legal averments, filing serial motions seeking to relitigate the validity of the subject note and mortgage, seeking to disqualify the state court judge for alleged bias, and alleging improper conduct on the part of Defendants and their counsel.  (*See* Ex. 1, Docket Sheet (Foreclosure Action)).  Moreover, Plaintiffs have filed a numerous frivolous bankruptcy petitions in an effort to use the automatic stay to disrupt the foreclosure proceedings. As a result, the United States Bankruptcy Court for the Western District of Oklahoma has identified Mr. Calloway as an "abusive filer."  (*See* Ex. 2, Docket Report; Ex. 3, Order Dismissing Bankruptcy Petition).

with all applicable rules of civil procedure and professional conduct, and (2) Plaintiffs'

claims are barred from being relitigated by the doctrines of issue and claim preclusion.

## II.   Arguments and Authority

### A. Defendants' Motion to Dismiss is fully briefed and properly before this Court for adjudication.

In their Motion to Disregard, Plaintiffs' have expressly limited the scope of their

objection to Defendants' Notice of Removal (Doc. No. 1) and Defendants' Motion to

Dismiss (Doc. No. 6) to "whether Defendants' counsel is properly authorized to practice

and submit pleadings before this [C]ourt." (Doc. No. 12, 1). In support of this position,

Plaintiffs argue that Defendants' filings should be stricken for failure to comply with

various local rules of civil procedure, along with the Alabama Rules of Professional

Conduct. However, Plaintiffs' allegations regarding procedural and ethical improprieties

appear to be based on extraordinary conjecture and misinterpretations of the rules

governing professional conduct and this Court's local rules of civil procedure.

As a threshold matter, Defendants previously addressed Plaintiffs' specious

arguments regarding their alleged failure to comply with Local Rules of Civil Procedure

7.1(a) (Corporate Disclosures), 83.2(g) (Admission Pro Hac Vice), and 83.3 (Association

with Local Counsel) in their Reply in Support of their Motion to Dismiss (Doc. No. 11,

4-5). However, for the Court's convenience, and for the sake of resolving any doubt as to

the frivolous nature of Plaintiffs' allegations, Defendants incorporate their previous

responses to Plaintiffs' arguments by reference and further elaborate as follows.

First, Plaintiffs maintain that Defendants' filings must be stricken for failure to comply with LCvR 83.3(a).  Pursuant to LCvR 83.3(a),

> any attorney who is not a resident of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this court.

On January 22, 2015, this Court directed the undersigned counsel to associate with local counsel by February 22, 2015.  (Doc. No. 3., January 22, 2015 Order).  That same day, local counsel from the Oklahoma City, Oklahoma, office of Crowe & Dunlevy, P.C., entered appearances on behalf of all Defendants in this action.  (*See* Doc. No. 4, Notice of Appearance of William H. Hoch, III; Doc. No. 5, Notice of Appearance of Meredith W. Wolfe).  Accordingly, Defendants have fully complied with the Court's January 22, 2015 Order and LCvR 83.3(a).

Next, Plaintiffs, seemingly arguing in the alternative, assert that local counsel have entered an appearance as required by LCvR 83.3(a), but have failed to comply with LCvR 83.3(b), which provides the following with regard to admission of a non-resident attorney *pro hac vice*:

> It is the responsibility of local counsel appearing in any civil case to file the motion of the non-resident attorney to be admitted *pro hac vice* and to certify in the motion that the non-resident attorney is a member in good standing of the bar of the highest court of the state where the non-resident attorney resides or is licensed. The local attorney shall sign the first pleading filed and shall continue in the case unless other local counsel is substituted. Any notice, pleading, or other paper may be served upon the local attorney with the same effect as if personally served on the non-resident attorney.

However, this rule is inapplicable to this action as all of Defendants' counsel of record, including counsel from the law firm of Bradley Arant Boult Cummings, LLP, have been duly and regularly admitted to practice before this Court.   Accordingly, Plaintiffs' averments are misplaced as it is not necessary for local counsel to file a motion pursuant to LCvR 83.3(b).

Finally, Plaintiffs argue that Defendants' filings are improper due to alleged violations of the Alabama Rules of Professional Conduct.   Contrary to Plaintiffs' allegations, the undersigned Counsel for Defendants' appearance before this Court is permissible under both the Alabama and Oklahoma Rules of Professional Conduct. Plaintiffs appear to challenge the validity of Defendants' filings based on the erroneous assertion that Counsel for Defendant is not ethically permitted to practice before this Court.   (Pls.' Mot. To Disregard, Doc. No. 12, 3).   Indeed, although it is difficult to pinpoint the precise nature of Plaintiffs' position due to the unintelligible nature of their filings, their position appears to be based on a misinterpretation of Rule 5.5(d) of the Alabama Rules of Professional Conduct.   (*See* Amended Objection to Notice of Removal, Doc. No. 5, 10-11).   Rule 5.5(d) of the Alabama Rules of Professional Conduct provides the following with regard to the unauthorized practice of law:

> Except as authorized by these Rules or other law, a lawyer who is not admitted to practice in the State of Alabama shall not (1) establish an office or other permanent presence in this jurisdiction for the practice of law, or (2) represent or hold out to the public that the lawyer is admitted to practice law in Alabama.

However, Rule 5.5(d) does not prohibit Counsel for Defendants, a member of the Oklahoma Bar Association, from appearing before this Court, or any other Oklahoma

Court, to advocate on behalf of his clients.  Indeed, in August of 2014, the undersigned counsel for Defendants, through firm counsel at Bradley Arant Boult Cummings, LLP, obtained confirmation from the Office of the General Counsel's Center for Professional Responsibility at the Alabama Bar Association that he was permitted to represent clients in matters pending before state and federal courts in Oklahoma.  Moreover, during that same time period, the undersigned obtained confirmation from the Office of Ethics Counsel at the Oklahoma Bar Association that he was likewise permitted to appear in Oklahoma courts under the Oklahoma Rules of Professional Conduct.  Thus, Plaintiffs' arguments based on the Alabama Rules of Professional Conduct are completely unsupported.   Accordingly, as Plaintiffs' contentions are completely meritless, Defendants respectfully request that their pending Motion to Dismiss be considered on the merits and that Plaintiffs' claims be dismissed with prejudice.

**B. Plaintiffs are barred from seeking to relitigate the issues previously adjudicated in the Foreclosure Action.**

With regard to the merits of this action, the dispositive issue before the Court is whether Plaintiffs' claims are barred by the doctrines of claim and issue preclusion.  The relevant background of this case clearly demonstrates that despite being afforded a full and fair opportunity to litigate all of the issues surrounding their default on the subject note and mortgage in the Foreclosure Action, Plaintiffs now seek another bite at the apple under the guise of a quiet title action.  As set out more fully in Defendants' Motion to Dismiss (Doc. No. 6) and Reply in Support thereof (Doc. No. 11), Plaintiffs unsuccessfully sought to avoid the consequences of defaulting on their mortgage loan by

raising the very same issues they have now placed before this Court in the Foreclosure Action. However, Plaintiffs are barred "from relitigating *not only* the adjudicated claim, but also any theories or issues that were actually decided *together with those which could have been decided*" in the Foreclosure Action. *McDaneld v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, ¶7, 979 P.2d 252, 255-56 (emphasis in original) (citations omitted); *Oklahoma Dept. of Public Safety v. McCrady*, 2007 OK 39 at ¶ 7, 176 P.3d 1194, 1199; *Grossman v. Fannie MAE*, No. CIV-10-329-L, 2010 WL 3985757, at *4 (W.D. Okla. Sept. 30, 2010) (holding that the claims regarding irregularities in a state court foreclosure action are barred by *res judicata*). Accordingly, because Plaintiffs seek to relitigate issues that were, or could have been, decided in the Foreclosure Action, Plaintiffs' claims are barred and this action should be dismissed with prejudice.

### III.   CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is fully briefed and properly before this Court and Plaintiffs' claims due to be dismissed, as Plaintiffs are barred from relitigating the claims and issues related to the Foreclosure Action. **WHEREFORE**, for the reasons set forth above, Defendants respectfully request that Plaintiffs' Motion to Disregard be denied and Plaintiffs' Complaint be dismissed in its entirety with prejudice.

Respectfully submitted this 27th Day of March, 2015.

BRADLEY ARANT BOULT CUMMINGS, LLP

/s/ Sean C. Wagner
Jon H. Patterson
Sean C. Wagner
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Phone: (205) 521-8403
Fax: (205) 488-6403
jpatterson@babc.com
swagner@babc.com
*ATTORNEYS FOR DEFENDANTS*

LOCAL COUNSEL:

William H. Hoch, III
Meredith W. Wolfe
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
*Additional Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, I electronically submitted the foregoing document to the Clerk of the Court and that a copy of the foregoing was served upon the following via U.S. First Class Mail, postage pre-paid:

Michael L. Calloway
Lillie E. Calloway
P.O. Box 2031
Edmond, OK 73083
*Pro Se Plaintiffs*

*/s/ Sean C. Wagner*
OF COUNSEL