IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
APR 1 4 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| Michael L. and Lillie E Calloway Revocable Trust and Michael L Calloway and Lillie E Calloway (trustee) of the Michael L. and Lillie E Calloway Revocable Trust    ) ) ) ) | |
| Plaintiff,    ) | CASE NO: **CIV-15-68-M** |
|   ) | Judge: Vicki Miles-LaGrange |
| Bank of America Corporation, et al.    ) ) | |
| Defendants,    ) | |

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO BRADLEY ARANT BOULT CUMMINGS, LLP: ASSOCIATE SEAN C. WAGNER'S FAILURE TO FILE THE APPROPRIATE PAPERWORK NECESSARY FOR ADMISSION TO PRACTICE LAW PRO HAC VICE IN OKLAHOMA AND ALABAMA**

**AND**

**PLAINTIFFS' OPPOSITION TO CROWE AND DUNLEVY ATTORNEYS: MERIDITH WOLF AND WILLIAM HOCH'S FAILURE TO FILE APPROPRIATE PAPERWORK NECESSARY FOR LOCAL ASSOCIATION**

---

The goal of every case or trial is **"a search for the truth"** and according to the Rules of Professional Conduct **"A lawyer shall always pursue the truth"**

In this case at bar, the Defendants Bank of America Corporation et, al's conduct by and through their undersigned counsel of record represents the antithesis of the pursuit of truth.

### *Pro Se Litigant Rights*

**COMES NOW**, Plaintiffs, Michael L Calloway and Lillie E Calloway Revocable Trust and Michael L Calloway and Lillie E Calloway (hereinafter "the trustees."), hereby move this court to recognize his Pro Se / Layman rights as this court has authority to grant this status pursuant to Haines v. Keaner, et al. 404 U. S. 519,92s. Ct. 594,301 L. Ed. 2d 652, See Conley v. Gibson, 355 U.S. 41,45 46 (1957).

Plaintiffs assert their rights and pleadings as pro se litigants to be considered without regard to technicality. Pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers. Pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. See Picking v. Pennsylvania R. Co. 151 Fed, 2nd 240; Pucket v. Cox, 456 2nd 233; the Court held that a pro-se pleading

requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA).Platsky v. C.I.A., 953 F. 2d 25; Reynoldson v. Shillinger, 907 F. 2d 124, 126 (10th Cir. 1990) and Jaxon v. Circle K Corp., 773 F. 2d 1138, 1140 (10th Cir. 1985). When a pro se claimant is involved, "the Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" Cheeks, 722 F. Supp. 2d at 107 (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972) and Platsky v. C.I.A., 953 F. 2d 25 also held, "Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings."

### *Proposition*

Plaintiffs, Michael L. Calloway and Lillie E Calloway Revocable Trust and Michael L. Calloway and Lillie E. Calloway (hereinafter"trustees.") of the Michael L. Calloway and Lillie E Calloway Revocable Trust object to the Defendants and its counsel's failure to file the appropriate documents for admission *pro hac vice* of Sean C. Wagner (OBA# 31254) of Bradley Arant Boult Cummings LLP of Birmingham, Alabama and the Entries to Appear filed by Attorneys Meredith W. Wolf, (OBA#30301) and William H. Hoch, (OBA#15788) of the firm Crowe & Dunlevy of Oklahoma City along with their failure to file the appropriate documents required by Oklahoma District Court Rule *LCvR83.3 (b)* responsibilities of local association.

Plaintiffs are respectfully notifying the court that the Defendants actions are not isolated instances of poor judgment that result in misconduct; they are the product of a litigation culture that promotes it.

Based on evidence of the Defendants' filings, Defendants and its Counsels pattern of deception and misconduct have no place in this Litigation. Therefore, Plaintiffs file this affidavit and memorandum in opposition of Defendants;

1. failure to follow Standard Guidelines, Civil Procedure, and Court Rules
2. violations of Attorney's Professional Responsibilities
3. Unauthorized Practice of Law
4. Harassment
5. Fraud and Abuse
6. Suborning Perjury
7. Rule 11 (b) violation

Once any part of Defendants admission is granted, however, it may be difficult to revoke, even if the facts warrant revocation. For this reason, Plaintiffs believe the Court and committees should carefully weigh Bradley Arant Boult Cummings, LLP, and Defendants Bank of America Corporation, et, al's record of misconduct more fully outlined below before granting its lawyers admission *pro* hac vice.

Plaintiffs file this opposition to Defendants and its counsel's failure to file Motion for Admission of Bradley Arant Boult Cummings, LLP associate attorney Sean C. Wagner and Crowe & Dunlevy attorneys Meredith W. Wolf and William H. Hoch's failure to follow Civil Procedures in regards to 1) filing its motion to associate (2) LCvR83.3 (b), (3) Admission Pro Hac Vice, and (4) LcvR 83.4 in its entirety concerning this matter.

### *Plaintiffs' opposition is based on the foregoing*:

**(a)** The law firm of Bradley Arant Boult Cummings LLP's failure to file the appropriate paperwork required by the Alabama State Bar Association to have Mr. Sean Wagner authorized to practice law Pro Hac Vice in Alabama.

### Alabama State Bar

The Alabama State Bar Secretary and Custodian of records, Mr. Keith B. Norman verified that prior to any of Defendants filings before February 09, 2015 "Sean C. Wagner is not now nor has ever been a member of the Alabama State Bar (ASB). He further certified that said individual has never been admitted Pro Hac Vice in the state of Alabama. *See* Ex. "A",

**(b)** BABC's associate and non-resident attorney of the state of Oklahoma Sean C. Wagner's misconduct, inappropriate and unauthorized filings.

### Association of Local Counsel.

> Responsibilities of Non-Resident Counsel. When representing a party in this court, any attorney who is <u>not a resident</u> of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this court.

### Wagner's Failure to Comply

By local rule, the United States District Court for Eastern, Western and Northern District of Oklahoma restrict an active non-resident OBA member's right to practice law. A non-resident active member of the OBA who has been admitted to any of the federal district courts in Oklahoma may not represent a party in proceedings before the court on the same terms and conditions as a resident OBA bar member. By local rule in the United States District Court for the Northern and Western District, an OBA member is required to be both a resident of the state and maintain an office in Oklahoma in order to practice before the court without limitation. If the attorney fails to meet both criteria, then the attorney is required to associate with an attorney who is both a resident of Oklahoma and who maintains an office in the state. **Therefore**, Mr. Wagner's erroneous filings, misrepresentations, unauthorized practice of law, and failure to be properly admitted to practice Pro Hac in Oklahoma and Alabama warrants sanctions and this behavior should not be tolerated and overlooked.

### LCvR83.3 (b) Responsibilities of Local Counsel

(c) The law firm of Crowe & Dunlevy attorneys Meredith W. Wolf and William H. Hoch's misconduct, failure and disregard to adhere to the Attorney rules of Professional Responsibility and Civil Procedures as follows:

It is the responsibility of local counsel appearing in any civil case to file the motion of the non-resident attorney to be admitted pro hac vice and to <u>certify</u> in the motion that the non-resident attorney is a member in good standing of the bar of the highest court of the state where the non-resident attorney <u>resides or is licensed</u>. The local attorney shall sign the <u>first pleading filed and shall continue</u> in the case unless other local counsel is substituted. Any notice, pleading, or other paper may be served upon the local attorney with the same effect as if personally served on the non-resident attorney

---

Mr. Wagner's local (association) counsel has never signed any motions, pleadings, or affidavits in this case.

### Oklahoma Supreme Court Rules <u>Article II Section 5</u>

Governs that pro hac vice admission requires an <u>associated Oklahoma attorney to sign all documents</u> and be present at all events presence of counsel is required.

### Motion to Associate - Oklahoma Local Counsel

The Oklahoma lawyer associated with the applicant shall file the motion to associate with the court, arbitrator, mediator, or administrative or governmental hearing officer where the proceeding is pending

The Defendants deceptive and manipulative business practices against Plaintiffs since 2008 as noted by the State of Oklahoma Attorney General Scott E. Pruitt *See Ex. "B"*. Defendants (Bank of America Corporation et, al), the law firms' (Bradley Arant Boult Cummings LLP and Crowe & Dunlevy), and the firms counsels (Sean C. Wagner of (BABC), Meredith W. Wolf and William H. Hoch of (C&D) actions clearly demonstrate a collective malicious scheme of fraud and criminal intent through a pattern of proven practices of abusive litigation tactics designed to conceal the truth, disrupt the orderly progression of litigation and exhaust the resources of the adverse parties in an attempt to intimidate Plaintiffs from pursuing their claims on the merits, misconduct spawned by a culture of obstruction, gamesmanship and flagrant disregard for the authority of the Courts. Bank of America Corporation et, al (BOAC) (hereto as "defendants") and its counsels actions warrant sanctions as their record of deception, abuse, misconduct, fraud, intent to defraud, harassment, intimidation, and manipulation speaks for itself.

1. **"Bank of America Corporations Use Of The judicial System: Amounts To Legal Thuggery"**

Perhaps the most notable example of BOAC's culture of litigation misconduct, but by no means is referenced by the Oklahoma State Attorney General Scott E. Pruitt's in the attached exhibit stating "deceptive and misleading business practices" and the seriousness of the conduct in Plaintiffs particular situation.

The abuse of process describing Defendants, the law firms, and its counsel's misconduct justifies the imposition that warrants sanctions and punitive damages to Plaintiffs. The Oklahoma State Attorney General emphasized that *"No amount of money is adequate to compensate for the frustration, fear, and emotional distress that comes with the prospect of losing one's home"*.

Plaintiffs have endured harassment, intimidation, fear, frustration, physical, mental, financial, and emotional distress day after day, over and over, again and again for years resulting from Defendants actions. Plaintiffs means of survival have been TRUTH, FAITH, and HOPE while litigating against the goliath of Defendants who have blatantly and maliciously tried to intimidate Plaintiffs with the apparent power, prestige, and resources of a large, nationally prominent law firm

coupled with an ominous lawsuit and now defense that they knew threatened to ruin and devastate plaintiffs professionally, personally, and financially.

After being Desperate, Out-of-Time and Improper, Defendants (BOAC) and its alleged counsel have filed a notice and meritless motions to further harass Plaintiffs. Their vindictive efforts and vexatious tactics made matters even worse as they abused the judicial process while undermining the courts and legal system in their attempt to deny Plaintiffs the ability to defend its case.

- <u>None</u> of the conduct at issue was *accidental*, it was fraudulent, masterfully orchestrated, carefully calculated, willful, malicious, and intentional.

- After reviewing BOA/BOAC's misconduct throughout this underlying case and the one that precipitated it, records show that Defendants (BOAC)and its counselors continued to disregard fundamental litigation rules and basic principles of professional conduct.

- For example, Defendants (BOAC) and its counsel blatantly misrepresented an important fact in ALL its motions filed with the United States District Court for the Western District of Oklahoma; collectively they "intentionally withheld certain privileged correspondence. [Plaintiffs 2012 canceled note and mortgage]

- "Additionally- Defendants and its counsel abused the process in this instant action when it failed to file the necessary documents that the District Court subsequently found to be "highly relevant." The District Court found that Defendants counsel Mr. Sean C. Wagner was a non-resident licensed attorney of Oklahoma.

- "Further, Defendants and the Law firm Bradley Arant Boult Cummings, LLP willful and intentionally abused this process when Bradley Arant Boult Cummings, LLP knew they failed to file the appropriate documents to the Alabama State Bar to have their employee and IN-HOUSE associate counsel Mr. Sean C. Wagner admitted to practice Pro Hac Vice in the state of Alabama, but yet it appears that Mr. Wagner was assigned and granted complete authorization to conduct activities as their associate and lead counsel in this case in the Oklahoma District Court as he electronically interjected motions and a number of obstreperous and excessive objections.

- These serious violations of the Rules of Procedure to say nothing of the violations of the professional conduct and ethics that flow from a no holds barred, anything goes to win law firm culture that involves concealing the *TRUTH* and withholding evidence.

Defendants use of the judicial system amounts to nothing more than legal thuggery. This behavior is truly repugnant to the foundational notions of justice and is therefore highly reprehensible.

### 2. *Defendants Obstruction and Disregard of Rules and Civil Procedures*

Defendants and its counsel are part of a culture that promotes obstruction, gamesmanship and disregard of court orders and rules. Their actions of deception, manipulation, intimidation, bullying and abuse have done nothing more than smear the legal profession and standards to which attorneys are to be held.

- Defendants promoting Mr. Wagner's' conduct did nothing more than create a devotion of expenses and time to the parties, their counsel, and the court. Therefore, Plaintiffs move this court to sanction Defendants, the Law firms of Bradley Arant Boult Cummings, LLP, Crowe & Dunlevy, and the individual attorneys for their failure to adhere and flagrant disregard of the Governing Rules and Procedures.

<u>Defendants failed to file the following with their pleadings:</u>

**Affidavits, Declarations, and Admissions**

Rule 56 - (4) . An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated

Rule 6 (c) (2) (2)- Supporting Affidavit. Any affidavit supporting a motion must be served with the motion.

**12 O.S. § 426 Statement under penalty of perjury**

I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.
_____    _____
(Date and Place)                                                (Signature)"

The signed statement under penalty of perjury shall constitute a legally binding assertion that the contents of the statement to which it refers are true

**§5-5. <u>Proof of authority</u>**

¶12 The authority of an attorney to appear for the person whom he is representing in court is presumed, but the presumption is rebuttable. Cummins v. Chandler, 186 Okl. 200, 97 P.2d 765. The party who puts in question an attorney's right to represent an adverse litigant must make a "showing of reasonable grounds

therefore", and the court may thereupon require the attorney so challenged "to produce or prove by his oath, or otherwise", the authority under which he assumes to appear. 5 O.S. 1961 § 5 [5-5].

"A principal is generally held liable for those acts of an agent which fall within the latter's authority. The act of the agent is the act of the principal. Qui facit per alium facit per se. This rule, called respondent superior, rests on the premise that, when exercising delegated authority, the agent stands under the complete control of the principal. Respondent superior is invocable to hold the principal liable for those acts of the agent which are within the latter's authority" *Texaco, Inc. v. Layton*, Okl., 395 P.2d 393, 396-397 (1964).

### 3.   *Defendants, the Law Firms and its lawyers intent, ethics, integrity, and professionalism*

Shortly after assuming representation from Mr. Sean Wagner the Bradley Arant Boult Cummings, LLP associate seeking admission into this case mounted an all assault on Plaintiffs. Sean C. Wagner immediately resorted to attacking the integrity and professionalism of the trustees' involved in representing the Plaintiffs in order to cause disruption and delay in this case.

Michael Calloway pro se counsel for the Plaintiffs in this Oklahoma litigation has ecuted and identified Mr. Sean Wagner's tactics of deceit and disruption since he entered this case in Oklahoma District Court 3 months ago on January 21, 2015. **Judges order of for S. Wagner attached as *Ex.C***

If the Court grants Defendants, Sean C.Wagner and local associates Meredith W. Wolf and William H. Hoch permission to enter this litigation, there is a genuine risk that <u>ALL</u> the above mentioned will purposefully and vexatiously disrupt the litigation with more frivolous motion practices, improper objections, constant delays and even specious allegations directed at the integrity of the counsel for the Plaintiffs, designed to divert attention and distract from the merits of the litigation.

It's not unreasonable to view Defendants rapidly deteriorating credibility in the litigation as the catalyst for employing a law firm willing to resort to these kinds of unprofessional, unethical and utterly dishonest litigation tactics. Confronted with mounting evidence that its corporate misconduct led to the sterilization of thousands of homes being fraudulently foreclosed and illegally obtained, defendants and its counsel appear to be resorting to desperate measures. Given Mr. Wagners

increasingly strident posture in the litigation, it's not an unreasonable supposition that Defendants Bank of America Corporation et,al made the decision to replace the Law firm of Bear, Timberlake, Coulson, and Cates PC of Oklahoma City, Ok and the Law firm of Blank Rome LLP of Philadelphia with a firm like Bradley Arant Boult Cummings, LLP willing to engage in the sort' of underhanded improper tactics.

Given that Mr. Sean Wagner's entry into the Oklahoma District Courts litigation corresponded with an almost immediate attack accusing the Plaintiffs' Counsel and its filings erroneous and unintelligible. Mr. Wagner's unfounded, improper, and unauthorized filings are nothing more than attorney hearsay and assertions designed to disrupt, circumvent, and distract the integrity of the court and the litigation process.

It's not unreasonable to anticipate that Defendants and the Law firm of Bradley Arant Boult Cummings, LLP have a similar strategy in mind to attack the integrity and professionalism of the Plaintiffs' Counsel in the instant litigation as soon as the Court grants Bradley Arant Boult Cummings, LLP's associate attorney admission to practice Pro Hac Vice in Oklahoma; the same Mr. Wagner has an application presently pending admittance in the Alabama State Bar.

### 4.   Integrity Of The Judicial Process

"The integrity of the civil litigation process depends on truthful disclosure of facts. A system that's depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way" *Cox v. Burke*, 706 So. 2d 43, 47 (Fla. 5th D.C.A. 1998).

Plaintiffs herein notify the Court that a pattern of lies, malfeasance, fraud and felonies have been committed and material facts have been concealed during this litigation, particulars which have been set forth and duly noted"Whenever any officer the court commits fraud during a proceeding in the court, he/she is engaged in 'fraud upon the court" *Bullock v United States*, 63 F. 2d 1115, 1121 (10th Cir. 1985).

In the words of the U.S. Supreme Court, a fraud upon the court "is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Deceit involving a fraud upon the court damages the integrity of the judicial process" *Hazel-Atlas*, 332 U.S. at 248, 64 S. Ct. At 1002.

In the case at bar, Mr. Sean C. Wagner under the guidance of Defendants, Bradley Arant Boult Cummings, LLP (herein: law firm) and Bradley Arant Boult Cummings, LLP's partner Mr. Jon H. Patterson (OBA No. 30789) refused to produce the necessary documents that are relevant to this case that would provide concrete irrefutable evidence to the courts of how Defendants procured a judgment by fraud against Plaintiffs.

These kinds of vexatious and specious objections and well calculated tactics to even the simplest questions are part and parcel of the Bradley Arant Boult Cummings, LLP's strategy designed to delay and obstruct the orderly proceedings of litigation and consume valuable resources of the parties and the Court. This is a sign of things to come if the Court or committee permits Mr. Sean C. Wagner and Bradley Arant Boult Cummings, LLP's law firm to assume a role as counsel of record in this litigation.

### *Conclusion*

These multiple examples of Bradley Arant Boult Cummings, LLP's and its associate Mr. Sean C. Wagner's egregious misconduct and abusive litigation tactics raise serious questions about whether this Court should exercise its discretion in favor of Mr. Sean C. Wagner and Bradley Arant Boult Cummings, and grant its attorneys the privilege of admission to the Oklahoma Courts to represent Defendants Bank Of America Corporation et, al; in this matter. Defendants, its associates, the law firms, their partners and individual attorneys have violated the rules of court and their professional responsibility by concealing the truth.

It's worth noting that Bradley Arant Boult Cummings, LLP of Birmingham, Alabama has sister office located at the very office complex from where the Defendants Corporate Headquarters is located.

## Charlotte Offices

Bradley Arant Boult Cummings, LLP's
Bank of America Corporate Center
100 N. Tryon Street
Suite 2690
Charlotte, NC 28202

Bank of America Corporate Office | Headquarters
Bank of America Corporate Center
100 N. Tryon St
Charlotte, NC 28202

The Bradley Arant Boult Cummings, LLP attorneys seeking admission hail from a law firm who's stock in trade has become a willingness to engage in litigation misconduct that undermines the legal system and the judicial process that has no place in this case or in the Courts of Oklahoma. Accordingly, this Court should exercise its discretion against granting admission to attorneys from the law firm of Bradley Arant Boult Cummings, LLP *Pro Hac Vice* to appear in this case.

## *PRAYER*

**WHEREFORE** premises considered, Plaintiffs respectfully urges this court grant Plaintiff and his family the right to finality and peace and bring and end to the debacle of sham pleadings and corruption that Defendants have forced Plaintiffs to endure for years, and in the alternative not to assume original jurisdiction of this matter and allow the proceedings filed in the lower court to remain.

Respectfully Submitted By,

Michael L. Calloway *Pro Se*
P. O. Box 2031
Edmond, Ok 73083
405-241-6147

## AFIDAVIT OF MICHAEL CALLOWAY

I, Michael L. Calloway Sr, being of lawful age and being duly sworn, depose and states as follows:

1. That on April 14, 2015, the above mentioned case filed was true and correct and to the best of my knowledge.

2. That Plaintiffs' request is duly warranted, pertinent and if not granted would greatly cause a further burden of which in fact would create irreparable harm and damages to Plaintiff and its family.

## CERTIFICATE OF SERVICE

I do hereby certify that the above foregoing was mailed postage pre-paid by placing the same in a stamped enveloped and placed in the United States mail, to the address below.

Oklahoma State Bar Association
ATTN: General Counsel
P.O. Box 53036
Oklahoma City, Ok 73152

Alabama State Bar
Center for Professional Responsibility
415 Dexter Avenue
Montgomery, Alabama 36104

Alabama State Bar
Disciplinary Commission
P. O. Box 671
Montgomery, AL 36101

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Al 35203-2119