### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST, and MICHAEL L. CALLOWAY and LILLIE E. CALLOWAY (trustee) of the MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST,<br><br>    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and BofA MERRILL LYNCH ASSETS HOLDINGS,<br><br>    Defendants. | Case No. CIV-15-68-M |

### ORDER

Before the Court is defendants' Motion to Dismiss, filed January 28, 2015. On February 18, 2015, plaintiffs filed their response, and on February 26, 2015, defendants filed their reply.

On July 18, 2008, Michael L. Calloway and Lillie E. Calloway took out a mortgage loan in the amount of $350,000, which was secured by real property located at 19445 Sportmen's Road, Edmond, Oklahoma ("Property"). Mr. and Mrs. Calloway subsequently defaulted on the mortgage loan. On September 14, 2011, defendant Bank of America, N.A. ("BANA")[1] commenced a foreclosure action in the District Court of Oklahoma County ("Foreclosure Action"). On April 12, 2013, the state court entered a foreclosure judgment against the Property ("Foreclosure Judgment").

---

[1] BANA is the successor by merger to defendant BAC Home Loan Servicing, LLC, f/k/a Countrywide Home Loan Servicing, L.P.

Plaintiffs subsequently filed numerous motions seeking relief from the Foreclosure Judgment and the sale of the Property, all of which were ultimately denied by the state court. On September 11, 2014, BANA purchased the Property at a foreclosure sale. On December 4, 2014, the foreclosure sale was confirmed by the state court.

On December 12, 2014, plaintiffs filed a Complaint to Quiet Title in the District Court of Oklahoma County, seeking to quiet title to the Property. In their Complaint to Quiet Title, plaintiffs assert that defendants lacked standing to bring the Foreclosure Action and that the note and mortgage had been canceled and never reinstated. On January 21, 2015, defendants removed this quiet title action to this Court. Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss plaintiffs' Complaint to Quiet Title.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Defendants assert that plaintiffs' Complaint to Quiet Title should be dismissed because the issues and claims raised in plaintiffs' complaint are barred under the principles of claim and issue preclusion. Specifically, defendants assert that plaintiffs are barred from seeking to relitigate the issues and claims that were adjudicated, along with the issues that could have been adjudicated, in the Foreclosure Action.

The preclusive effect of the Foreclosure Action to the claims in this case is governed by Oklahoma law. *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007). Under Oklahoma law, claim preclusion, also known as res judicata, "bars the parties (or their privies) from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided together with those which could have been decided in that action." *McDaneld v. Lynn Hickey Dodge, Inc.*, 979 P.2d 252, 255-56 (Okla. 1999) (citations and emphasis omitted). Under Oklahoma law, issue preclusion, also known as collateral estoppel, provides: "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." *Okla. Dept. of Public Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007) (citations omitted).

In their Complaint to Quiet Title, plaintiffs seek to quiet title to the Property based upon defendants' alleged lack of standing in the Foreclosure Action and the fact that the note and mortgage were allegedly cancelled. Having carefully reviewed the court filings in the Foreclosure Action, the Court finds that both the issue of standing and the alleged cancellation of the note and mortgage were raised and adjudicated in the Foreclosure Action. In the state court's April 12, 2013 Journal Entry of Judgment, the state court found that BANA "has cured any standing defects and established it has standing to bring this action". April 12, 2013 Journal Entry of Judgment in Case

No. CJ-2010-7513 at 3, attached as Exhibit 4 to defendants' Motion to Dismiss.  Additionally, in their Emergency Request for Permanent Injunction and Order to Set-Aside and Vacate Sheriff's Sale and Objection to Renewed Confirmation of Sale for Lack of Jurisdiction, Fraud, Suborn Perjury, Perjury, and Professionalism, plaintiffs specifically raised the issue of the alleged cancellation of the note and mortgage.  The state court denied plaintiffs' emergency request.  *See* Order on December 4, 2014 Hearing in Case No. CJ-2010-7513, attached as Exhibit 9 to defendants' Motion to Dismiss.  Accordingly, the Court finds that the claims and issues raised in plaintiffs' Complaint to Quiet Title are barred under the principles of claim and issue preclusion.

The Court, therefore, GRANTS defendants' Motion to Dismiss [docket no. 6] and DISMISSES this action.

**IT IS SO ORDERED this 15th day of June, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE