IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED
JUN 29 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

Michael L. and Lillie E Calloway Revocable Trust )
and Michael L Calloway and Lillie E Calloway (trustee) )
of the Michael L. and Lillie E Calloway Revocable Trust )
)
Plaintiff, )
) CASE NO: CIV-15-68-M
) Judge: Vicki Miles-LaGrange
Bank of America Corporation, et al. )
)
Defendant, )

## MOTION TO RECONSIDER AND/OR VACATE COURT'S
## ORDER GRANTING DEFENDANTS MOTION TO DISMISS

**COMES NOW**, the Plaintiff Michael Calloway, pro se, and moves this Honorable Court to reconsider and/or vacate its previous order and judgment granting defendants Motion to Dismiss, for the reason that the court's ruling is prejudicial and serves to deprive Plaintiff of his fundamental right to due process. The grounds for these motions appear more fully in the memorandum brief filed herewith.

## BRIEF IN SUPPORT OF MOTION TO RECOSIDER
## STATEMENT OF THE CASE

On July 18, 2008, Michael L. Calloway and Lillie E. Calloway took out a mortgage loan in the amount of $350,000, which was secured by real property located at 19445 Sportsmans Road, in Edmond, Oklahoma ('Property"), Mr. and Mrs. Calloway subsequently defaulted on the mortgage loan. On September 14, 2011, defendant Bank of America, NA. ("BANA") commenced a foreclosure action in the District Court of Oklahoma County (Foreclosure Action").

On April 12, 2013, the state court entered a foreclosure judgment against the Property ('Foreclosure Judgment"). Plaintiffs subsequently filed numerous motions seeking relief from the Foreclosure Judgment and the sale of the Property, all of which was denied by the state court. On September 11, 2014, BANA purchased the Property at a foreclosure sale. On December 4, 2014, the foreclosure sale was confirmed by the state court.

On December 12, 2014, plaintiffs filed a Complaint to Quiet Title in the District Court of Oklahoma County, seeking to quiet title to the Property. In their complaint to Quiet Title, plaintiffs, **NOT** the *Michael L. and Lillie E Calloway Revocable Trust* in which they were managers of asserted that the Defendants lack standing to bring foreclosure actions to them and to the note where the note and mortgage had been cancelled and never previously reinstated. On January 21, 2015 defendants removed this Quiet Title action to this is Court. Defendants now move this court, pursuant to Federal Rule of Civil Procedure 12 (b) (6), to dismiss plaintiffs' Complaint to Quiet Title.

For all the reasons set out below this court must grant the plaintiffs a re-hearing and full and fair opportunity to provide the court with subject matter jurisdiction to prove that the case should not be handled by jurisdiction of this court but should in turn be resubmitted to the district court in which the original pleadings were filed.

## PROPOSITION ONE

### TRIAL COURT ERRED WHERE IT GRANTED DEFENDANTS MOTION TO DISMISS WITHOUT FORMALLY AGREEING OR MAKING KNOWN TO PLAINTIFF THAT IT WAS ASSUMING JURISDICTION

In the case at bar this court blatantly, intractable, biased, and wholly prejudicial issued an order assuming jurisdiction of a matter filed in the state court and without notice dismissed said matter without regard for plaintiff's fundamental right to due process therefore, this courts order must be vacated.

The trial court committed a reversible error where it relied on the fact that it had subject matter jurisdiction of the case without first stating that it would assume jurisdiction of the matter. Plaintiff asserts that it was prejudicial error for the District Court to have granted a motion to dismiss without first admitting beforehand that this court was assuming original jurisdiction of the matter,

nor did it give plaintiff ample opportunity or notice within which to state its complaint, or objection to the court granting the motion to dismiss based upon it assuming jurisdiction over the matter. In granting defendant's motion to dismiss on federal rule civil procedure 12 (b)(6) because the court relied on pleadings outside of the actual motion itself and all pleadings and documents that were filed. Therefore, the motion should be converted to one for summary judgment. *See* rule 56 (c) Federal Rules of Civil Procedure.

## PROPOSITION TWO
## COURT

To correct the courts ever beginning with the date listed on page 1 of the court's order. The actual date the foreclosure proceeding commenced was on September 14, 2010 and not 2011 and the defendant was not Bank of America, NA ("BANA"), but was BAC HOME Loans Servicing, L. P. FKA COUNTRYWIDE HOME LOANS SERVICING, L. P.

Additionally the court order on page 1 in the second paragraph the court states" on April 12, 2000 13 State Court and it's a foreclosure judgment against the property ("Foreclosure Judgment"). However, plaintiff avers that no such foreclosure ruling was issued against the Michael L. and Lillie E Calloway Revocable Trust, but it was in fact only issued against the plaintiffs Michael and Lillie Calloway. To make the record clear and true, yes. The plaintiffs did file numerous motions seeking relief from the foreclosure judgment and the sale of the property because they were not the proper party defendants and the court actually realize that the state court did rule and granted said judgment in PERSONUM... *See* Exhibit "A" and not against the trusts which would have been an IN REM ruling *see again exhibit "A"*. Again, yes, the plaintiffs did seek relief from this judgment because they were not the proper party plaintiff's in such a foreclosure sale. In other words what the lower

court was obviously doing and this court without reservation agreed to take the property out of the hands of the trusts that in turn did not have a judgment ruled against it. Again this is prejudicial error and the plaintiffs will make this point clear to this court that........ Judgment in the foreclosure case was issued against Michael L and Lillie E Calloway in personam and not against said property in rem. There has never been an in rem ruling to substantiate or justify the property being taken out of the hands of the ("trusts') that Michael L and Lillie Calloway were the executors of.

Next, see exhibit "B" and "B1", where the court docket shows the September 14, 2010 petition and nothing on September 14, 2011. *See exhibit "B2"* that clearly solidifies that (BANA) was not the plaintiff. Again, plaintiffs clearly show the prejudicial error and bias advocating for defendants. Wherefore, premises considered the plaintiff requests that this court reconsider its order granting and accepting subject matter jurisdiction in this pleading, and that plaintiff be given an equal and fair opportunity to further show that he should be given an additional opportunity with proper notice in which to file a proper response prior to this court issuing an additional order.

"The **general rule** in appraising the sufficiency of a complaint for failure to state a claim is that **a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.**' CONLEY VS. GIBSON (1957), 355 U.S. 41, the mother was summary judgment about is most will be six in any matters outside of pleadings of the Senate to not by the court motion must be to one summary judgment. Rule six authority figure reasonable opportunity to present a serious OK. Matt and I 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and See rule 54 (c) demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "every final **judgment shall grant the relief** to which the **party** in whose favor it is rendered is entitled, **even if the party has not demanded such relief** in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535

Finally on page 3 of its order granting defendant's motion to dismiss stating defendants assert that plaintiff's complaint to quiet title should be dismissed because the issues and claims raise and

plaintiff's complaint are barred under the principles of claim and issue preclusion. Specifically, defendants asserted that plaintiffs are barred from seeking to relitigate issues and claims that were adjudicated along with the issues that could have been adjudicated. Assuming arguendo that the court was proper in granting defendant's motion to dismiss still the court has as a hurdle to overcome because this court relied upon pleadings outside of the motion to dismiss to grant said motion to dismiss.

## PRO SE LITIGANTS

Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

With this kind of bias judge making rulings in cases where Plaintiff is concerned, there is not the slightest doubt that the can look forward to having his issues being 'discarded and buried beneath the many pages of documents that must come before the court on a daily basis, and that truly isn't fair to plaintiff. The defendants Bank of America Corporation, et al failed to dispute the summary judgment and supporting evidentiary materials attached thereto. And when they fail to deny the allegations therein, it was just like they admitted them. And being the case, plaintiff was entitled to judgment as a matter of law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-49, 106 S.Ct 2505, 91 LEd 2d 202 (1986). Courts have recognized that summary judgment is not a disfavored procedural shortcut, rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." Laury v. Greenfield, 87 F.Supp 2d 210 (2000). Once the party meets its burden of showing that there is no genuine issue of material facts, the opposing party must come forward with specific facts supported by admissible evidence, that

demonstrates the presence of a genuine issue for trial. Anderson v. Liberty Lobby, 477 U.S. at 248-49, 106 S.Ct at 2511.

This court can take judicial notice of agency rules and regulations. Ray v. Aztec Well Service Co., 748 F 2d 888 (10th cir. 1984).

Had the lower court paid attention to the motion for summary; figment and supporting evidentiary materials attached thereto, it clearly would have seen that plaintiff had presented it with a prima facie case against defendants Bank of America Corporation, et al. The only way the court would have been justified in dismissing the lawsuit was if the plaintiff failed to state a claim for which relief could be granted. And the proper standard would have been if he could prove no set of facts that would have entitle him to relief. Conley v. Gibbon, 355 U. S. 41, 450, 78 S.Ct 99, 2 L. Ed 2d 80 (1957). Accordingly, this order must be vacated and remanded back to the district court for further proceedings.

## AFIDAVIT OF MICHAEL CALLOWAY

I, Michael L. Calloway Sr, being of lawful age and being duly sworn, depose and states as follows:

1. That on February 18, 2015, the above mentioned case filed was true and correct and to the best of my knowledge.

2. That Plaintiffs' request is duly warranted, pertinent and if not granted would greatly cause a further burden of which in fact would create irreparable harm and damages to Plaintiff and family.

## CERTIFICATE OF SERVICE

I do hereby certify that the above foregoing was mailed postage pre-paid by placing the same in a stamped enveloped and placed in the United States mail, to the address below.

Sean C. Wagner
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Al 35203-2119