## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL L. AND LILLIE E. CALLOWAY RECOVERABLE TRUST AND MICHAEL L. CALLOWAY AND LILLIE E. CALLOWAY (TRUSTEE) OF THE MICHAEL L. AND LILLIE E. CALLOWAY RECOVERABLE TRUST,** | ) ) ) ) ) ) ) ) | |
| | ) | **CASE NO.: 5:15-cv-00068-M** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **BANK OF AMERICA, N.A., *et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER

**COME NOW** Defendants Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LLC, f/k/a, Countrywide Home Loan Servicing, L.P. ("BANA"), Bank of America Corporation ("BAC"), and BofA Merrill Lynch Assets Holdings, Inc. ("BML") (collectively, "Defendants"), by and through their undersigned counsel of record, and hereby submit its memorandum in opposition to the motion to reconsider (the "Motion to Reconsider") filed by Plaintiffs Michael L. and Lillie E. Calloway Revocable Trust, Michael L. Calloway, and Lillie E. Calloway (collectively, "Plaintiffs"). Defendants request that this Court deny Plaintiffs' Motion to Reconsider because it constitutes nothing more than an effort to re-argue the same facts and legal positions that this Court previously rejected. In support of their Motion, Defendants state as follows:

1

# I.  INTRODUCTION

Plaintiffs' Motion to Reconsider is nothing more than another desperate attempt by Plaintiffs to avoid the consequences of defaulting on their mortgage loan.[1]  On June 15, 2015, this Court dismissed Plaintiffs' Complaint with prejudice on the grounds that the doctrines of claim and issue preclusion barred Plaintiffs' claims.  In their Motion to Reconsider, Plaintiffs are again attempting to relitigate the state foreclosure proceedings.  Plaintiffs fail to raise any newly discovered evidence, new law, or failure of the Court to consider some pertinent fact in granting Defendants' Motion to Dismiss.[2]  Instead, Plaintiffs argue that (1) this Court did not have proper jurisdiction to adjudicate this matter; (2) this Court relied on matters outside of the pleadings in ruling on Defendants' Motion to Dismiss; and (3) the state foreclosure judgment was not valid against the Michael L. and Lillie E. Calloway Revocable Trust.  As set forth more fully herein, Plaintiffs' conclusory arguments lack any merit whatsoever and Plaintiffs' Motion to Reconsider must therefore be denied.

---

[1] In their Motion to Reconsider, Plaintiffs note that "one can only wonder why a conglomerate national entity/corporation would partner with two (2) high prestige corporate law firms to battle one Pro Se Litigant for over seven (7) years."  (Doc. No. 21, Motion to Reconsider, p. 1).  To answer Plaintiffs' question, Defendants have been forced to engage outside counsel because Plaintiffs continue to file frivolous motions in an attempt to circumvent valid and final judgments rendered against them.

[2] Further, Plaintiffs mistakenly believe they are appealing this Court's June 15, 2015 ruling. In the Motion to Reconsider Plaintiffs argue, "[t]he findings of the district court were clearly and unquestionably erroneous, and it is up to this court to take the initiative to straighten its blunder."  (Doc. No. 21, Motion to Reconsider, p. 9)

## II.  ARGUMENTS AND AUTHORITY

### A.  Plaintiffs' Motion to Reconsider Fails Because this Court Properly Exercised Jurisdiction Over this Action.

Plaintiffs ask this Court to reconsider its June 15, 2015 ruling on the grounds that this Court improperly assumed jurisdiction over this claim.  More specifically, Plaintiffs contend that this Court did not properly state its intent to assume jurisdiction over this claim.  But it is clear that Plaintiffs misunderstand the mechanics of removal jurisdiction.  As a threshold matter, this Court is under no obligation to explicitly declare its intent to assume jurisdiction as removal was automatic upon Defendants' filing of its Notice of Removal (Doc. No. 1).  *See Patterson v. State Farm Mut. Ins. Co.*, No. 09-CV-0110-CVE-TLW, 2009 U.S. Dist. LEXIS 43192, at *7 (N.D. Okla. May 21, 2009) ("[A] federal district court assumes jurisdiction over a case when a defendant files a notice of removal with the court clerk of the district court."); s*ee also* 28 U.S.C. 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall . . . shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.").  Therefore, this Court assumed jurisdiction over this action, when Defendants properly filed a Notice of Removal with this Court on January 21, 2015.  (Doc. No. 1).

Plaintiffs also make the remarkable contention that they were not given an adequate opportunity to object the removal.  However, it is apparent from the record that this contention is simply unsupported.  In fact, Plaintiffs filed multiple objections and

motions in attempt to prevent this Court from exercising jurisdiction including an (1) Objection to Defendants' Notice of Removal on February 10, 2015 (Doc. No. 7); (2) an Amended Objection to Defendants' Notice of Removal on February 18, 2015 (Doc. No. 9); and (3) a Motion to Disregard Defendants' Notice of Removal on March 6, 2015 (Doc. No. 12)—all of which were considered and denied by this Court (Doc. No. 16).

Accordingly, Plaintiffs' Motion to Reconsider is a frivolous attempt to circumvent this Court's previous order denying the Plaintiffs' requested relief.  This Court properly granted Defendants' Motion to Dismiss and Plaintiffs' Motion to Reconsider should be denied.

**B.      Plaintiffs' Motion to Reconsider Fails Because This Court Did Not Improperly Rely on Matters Outside the Pleadings.**

Plaintiffs allege that this Court should have converted the Defendants' Motion to Dismiss into a motion for summary judgment on the basis that this Court relied on matters outside of the pleadings in ruling on the motion.  However, these conclusory statements fail to identify what "matters outside of the pleadings" were inappropriately relied on by this Court.  (Doc. No. 21, Motion to Reconsider, p. 3).  Nevertheless, the only facts cited by Defendants in their Motion to Dismiss and relied on by this Court in its ruling were included in the pleadings or were matters of public record including documents from the state court proceedings and the judgment issued therein.  (*See generally*, Doc. No. 6, Motion to Dismiss, Exs. 1–13).  It is well settled that "[e]xhibits attached to a complaint and matters of public record are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."  *Erikson v. Farmers Grp., Inc.*,

151 F. App'x 672, 675 (10th Cir. 2005). Therefore, this Court did not look beyond the pleadings and matters of public record in ruling on Defendants' Motion to Dismiss. Accordingly, Plaintiffs argument that the Court erred by relying on evidence submitted with Defendants' Motion to Dismiss is completely meritless.

### C.     Plaintiffs' Motion to Reconsider Fails Because the Foreclosure Judgment Was Valid Against the Revocable Trust.

Plaintiffs allege in vague and unspecific terms that their claim is not barred by claim and issue preclusion because the state court foreclosure judgment was only valid against Michael L. and Lillie E. Calloway and not against the Michael L. and Lillie E. Calloway Revocable Trust *in rem*. (Doc. No. 21, Motion to Reconsider, p. 4). Plaintiffs' allegations are unsubstantiated because they misconstrue both the state court ruling in the foreclosure judgment and the meaning of *in rem* jurisdiction. Plaintiffs argue that the state foreclosure judgment was issued against Michael L. and Lillie E. Calloway *in personam* and not against the property *in rem*. (Doc. No. 21, Motion to Reconsider, p. 4). However, in the state foreclosure proceedings, the court found that Defendants were entitled to recover a deficiency judgment against Michael L. Calloway and Lillie E. Calloway *in personam*. (Doc. No. 6, Motion to Dismiss, Ex. 4, pg. 5). The court, acting with proper *in rem* jurisdiction over the property that is the subject of this dispute, also found that the Defendants were entitled to foreclose on the mortgage and that the judgment was valid against Michael L. and Lillie E. Calloway individually and as trustees for the Michael L. Calloway and Lillie E. Calloway Revocable Trust dated

7/19/2012.   (Doc. No. 6, Motion to Dismiss, Ex. 4, pg. 4).[3]   Accordingly, Plaintiffs' claims, including those brought on behalf of the Michael L. Calloway and Lillie E. Calloway Revocable Trust dated 7/19/2012 are barred by the doctrines of claim and issue preclusion.

### III.   CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request that this Court deny Plaintiffs' Motion to Reconsider as it is clear that this Court properly exercised its jurisdiction and did not err in granting Defendants' Motion to Dismiss.

Respectfully submitted this 21st day of July, 2015.

*/s/   Sean C. Wagner*
Sean C. Wagner (OBA No. 31254)
Jon H. Patterson (OBA No. 30789)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Phone: (205) 521-8403
Fax: (205) 488-6403
swagner@babc.com
jpatterson@babc.com

*ATTORNEYS FOR DEFENDANTS*

---

[3] Plaintiffs do not argue that the doctrines of claim and issue preclusion were inappropriately applied in this matter, rather, they only appear to dispute the validity of the state foreclosure judgment against the trust. Furthermore, any arguments that the Plaintiffs put forth about irregularities in the foreclosure action are barred by the doctrines of claim and issue preclusion.  (*See* Doc. No. 6, Motion to Dismiss, pp. 5–9).

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2015, I electronically submitted the foregoing document to the Clerk of the Court and that a copy of the foregoing was served upon the following via U.S. First Class Mail, postage pre-paid:

Michael L. Calloway
Lillie E. Calloway
P.O. Box 2031
Edmond, OK 73083
*Pro Se Plaintiffs*

/s/   *Sean C. Wagner*
OF COUNSEL