## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| 1. MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST, AND<br>2. MICHAEL L. CALLOWAY, and<br>3. LILLIE E. CALLOWAY,<br><br>    Plaintiffs,<br><br>vs.<br><br>1. BANK OF AMERICA CORPORATION,<br>2. BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and<br>3. BofA MERRILL LYNCH ASSETS HOLDINGS, INC.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 5:15-cv-00068-M |

### DEFENDANTS' MOTION TO STRIKE

Defendants Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, L.P., f/k/a, Countrywide Home Loan Servicing, L.P. ("BANA"), Bank of America Corporation ("BAC"), and BofA Merrill Lynch Assets Holdings, Inc. ("BML")

1

(collectively, "Defendants"), by and through their undersigned counsel of record, respectfully move to strike certain portions of Plaintiffs Michael L. and Lillie E. Calloway Revocable Trust, Michael L. Calloway, and Lillie E. Calloway's (collectively, "Plaintiffs") Reply in Support of Motion to Reconsider (Doc. No. 23) from the record on the grounds that the such allegations go beyond the scope of the matters raised in Defendants' Response to Plaintiffs' Motion to Reconsider (Doc. No. 22) and are otherwise improper.[1] In support of this Motion, Defendants state as follows:

## BACKGROUND

Throughout this litigation, Plaintiffs have systematically avoided addressing the merits of their claims, and instead, engaged in a misguided effort to use this litigation as a platform to besmirch the reputation of Defendants, counsel for Defendants, and this Honorable Court by making unsupported allegations of, among other things, corruption, ethical violations, bias, and fraud. Despite appearing *pro se* and Plaintiffs' claims to the contrary, Plaintiffs are still bound by the obligations of Fed. R. Civ. P. 11 which requires *all litigants* to have a good faith belief that every pleading filed is well grounded both in fact and in law. *See also Cotner v. Hopkins*, 795 F.2d 900, 903 (10th Cir. 1986). Apparently impervious to the clearly established facts of the case and the well-established legal principles mandating dismissal of their Complaint, Plaintiffs have resorted to making outrageous, unsupported allegations of misconduct. Indeed, at all stages of this action, as well as the underlying foreclosure litigation, Plaintiffs have attempted to substitute

---

[1] To the extent the Court is inclined to address Plaintiffs' allegations of misconduct, Defendants respectfully request an opportunity to address such allegations at a hearing on this matter.

gratuitous allegations of impropriety for logic and reason, in what amounts to nothing more than a desperate attempt to prevent the inevitable consequences of their failure to pay their mortgage payments.

In fact, as the Court is no doubt aware, Plaintiffs made a variety of unsubstantiated allegations in earlier filings in opposition to Defendants' Notice of Removal (Doc. No. 1) and Motion to Dismiss (Doc. No. 6).[2]  Keeping with this trend, in their Reply Brief, Plaintiffs accuse Defendants and their counsel—as well as this Honorable Court—of a myriad of ethics violations, including (1) deceit (Doc. No. 23, Pls. Reply Br., 12), (2) conspiracy to commit fraud on the Court (*id.* at 13), (3) Fed. R. Civ. P. 11 violations (*id.*), (4) bias (*id.* at 3), and (5) outright corruption (*id.* at 4).  As a threshold matter, these allegations are *completely meritless and lack any basis whatsoever in fact*.  Moreover, as these allegations bear no relation to the pertinent matters addressed in Defendants' Response Brief (Doc. No. 22), Defendants respectfully request that this Court strike such allegations from the record.

---

[2] *See e.g.*, Doc. No. 9, Amended Objection to Notice of Removal, 6-7 (accusing counsel for Defendants of making "erroneous filings, misrepresentations, possible unauthorized practice of law, and failure to be admitted Pro Hac Vice (sic) in two states … ."); Doc. No. 12, Pls. Mot. to Disregard Defs. Notice to Remove and Resps., 12 (accusing Defendants of acting in bad faith and engaging in a "pattern of corruption" to "create[] a multitude of unfounded, unjust, and unsubstantiated assertions"); Doc. No. 14, Reply in Support of Pls. Mot. to Disregard Defs. Notice to Remove and Resps., 14 (alleging that counsel for Defendants are engaged in "a collective malicious scheme of fraud and criminal intent through a pattern of proven practices of abusive litigation tactics designed to conceal the truth, disrupt the orderly progression of litigation … [and] deception, abuse, misconduct, fraud, intent to defraud, harassment, intimidation, and manipulation"); Doc. No. 19, Motion for Reconsideration, 5 ("With this kind of bias (sic) judge making ruling in cases where Plaintiff (sic) is concerned, there is not the slightest doubt that the (sic) can look forward to having his (sic) issues being 'discarded (sic) and buried beneath the many pages of documents that must come before the [C]ourt on a daily basis … .").

**ARGUMENT AND AUTHORITY**

Defendants respectfully request that this Court strike certain unsubstantiated allegations of misconduct contained in Plaintiffs' Reply Brief (Doc. No. 23) pursuant to LCvR 7.1(i), as the allegations are outside of the scope of the issues addressed in Defendants' Response.  Under LCvR 7.1(i), "a reply to a *new matter raised in the response may be filed within 7 days after the date the response was filed.*"  (Emphasis added).  Here, it is clear that Plaintiffs' unsupported allegations of improper conduct by Defendants and their counsel, as well as this Court, bear no relation to the matters raised in Defendants' Response, or the merits of Plaintiffs' Motion to Reconsider.  (*Compare* Doc. No. 22, Defs. Resp. Br. *with* Doc. No. 23, Pls. Reply Br.).  Therefore, the allegations of improper conduct are improper and should be stricken from the record.

For the reasons set forth herein, Defendants request that the Court strike the following sections of Plaintiffs' Reply Brief:

1. Page 2, ¶ 2

2. Page 2, ¶ 3

3. Page 6, ¶ 1

4. Page 7, ¶ 1, lines 1 through 3

5. Page 12, ¶ 1, line 9–beginning with "Further"–through line 11

6. Page 12, ¶ 2, line 3 through line 6

7. Page 12, ¶ 3

8. Page 13, ¶ 2

9. Page 2, ¶ 2

10. Page 13, ¶ 1

11. Page 13, ¶ 2, line 4–beginning with "This court"–through line 11

Plaintiffs continually claim that *pro se* litigants are not held to the same standards as licensed attorneys. *See* Pls. Reply Br. at p. 3-4. However, regardless of their *pro se* status, Plaintiffs must comply with Fed. R. Civ. P. 11, which requires *all litigants* to have a good faith basis, both in law and in fact, for every pleading filed. *Sieverding v. Colorado Bar Ass'n*, 237 F. App'x 355, 358 (10th Cir. 2007). As set forth above, Plaintiffs have engaged in a pattern of making completely unsubstantiated allegations of misconduct— *with absolutely no regard for the truth of the matters asserted*. These frivolous and abusive litigation tactics have served no purpose but to cause unnecessary delay in the orderly liquidation of the underlying property and needlessly increase the cost of litigation.

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court enter an order striking the aforementioned portions of Plaintiffs' Reply in Support of Motion to Reconsider (Doc. No. 23) from the record, along with any other relief the Court deems just and appropriate.

Respectfully submitted this 11th Day of August, 2015.

                BRADLEY ARANT BOULT CUMMINGS, LLP

                /s/ Sean C. Wagner
                Jon H. Patterson
                Sean C. Wagner
                BRADLEY ARANT BOULT CUMMINGS LLP
                One Federal Place
                1819 Fifth Avenue North
                Birmingham, AL 35203-2119
                Phone: (205) 521-8403
                Fax: (205) 488-6403
                jpatterson@babc.com
                swagner@babc.com
                *ATTORNEYS FOR DEFENDANTS*

LOCAL COUNSEL:

William H. Hoch, III
Meredith W. Wolfe
CROWE & DUNLEVY
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102
*Additional Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 11, 2015, I electronically submitted the foregoing document to the Clerk of the Court and that a copy of the foregoing was served upon the following via U.S. First Class Mail, postage pre-paid:

Michael L. Calloway  
Lillie E. Calloway  
P.O. Box 2031  
Edmond, OK 73083  
*Pro Se Plaintiffs*

                                 */s/ Sean C. Wagner*  
                                 OF COUNSEL