# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST, and MICHAEL L. CALLOWAY and LILLIE E. CALLOWAY (trustee) of the MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-15-68-M |
| BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, L.P., f/k/a COUNTRYWIDE HOME LOANS SERVICING, L.P., and BofA MERRILL LYNCH ASSETS HOLDINGS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court are plaintiffs' Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss, plaintiffs' Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss, and plaintiffs' Second Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss. Defendants have filed their response, and plaintiffs have filed their reply. Also before the Court are plaintiffs' motions for evidentiary hearing.

Plaintiffs move the Court to hold an evidentiary hearing regarding their motions to reconsider. Plaintiffs assert that an evidentiary hearing would better give this Court the information it would need to make an appropriate ruling on the motions to reconsider. Having carefully

reviewed the parties' submissions, the Court finds that it has all of the information needed to rule on the motions to reconsider and an evidentiary hearing is not necessary in this case.

Plaintiffs also move this Court to reconsider and/or vacate its June 15, 2015 order granting defendants' motion to dismiss and dismissing this action. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed plaintiff's motion, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds no intervening change in the controlling law, no new evidence previously unavailable, and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiffs' position, and it did not misapprehend the controlling law. In their motions, plaintiffs simply reassert arguments made in their response to the motion to dismiss and advance arguments that could have been raised in their response. Additionally, the Court finds it did not improperly convert defendants' motion to dismiss into a motion for summary judgment by considering the court filings in the underlying foreclosure action. *See Erikson v. Farmers Grp., Inc.*, 151 F. App'x 672, 675 (10th Cir. 2005) ("matters of public record [such as prior court proceedings] are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss."). Finally,

the Court finds that plaintiffs had an adequate opportunity to address the removal of this action from state court and an adequate opportunity to address the merits of defendants' motion to dismiss.

Accordingly, the Court DENIES plaintiffs' motions for evidentiary hearing [docket nos. 25 and 26], plaintiffs' Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss [docket no. 19], plaintiffs' Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss [docket no. 20], and plaintiffs' Second Amended Motion to Reconsider and/or Vacate Court's Order Granting Defendants Motion to Dismiss [docket no. 21].

**IT IS SO ORDERED this 9th day of September, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE