FILED
United States Court of Appeals
Tenth Circuit

April 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MICHAEL L. CALLOWAY,

    Plaintiff - Appellant,

and

MICHAEL L. AND LILLIE E. CALLOWAY REVOCABLE TRUST; LILLIE E. CALLOWAY,

    Plaintiffs,

v.

BANK OF AMERICA CORPORATION; BANK OF AMERICA N.A., BAC home loan servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P.; B OF A MERRILL LYNCH ASSETS HOLDINGS,

    Defendants - Appellees.

No. 15-6176
(D.C. No. 5:15-CV-00068-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Case 5:15-cv-00068-M   Document 38   Filed 04/22/16   Page 2 of 8
Appellate Case: 15-6176   Document: 01019607523   Date Filed: 04/22/2016   Page: 2

2 of 8

In 2008, Michael and Lillie Calloway took out a $350,000 mortgage secured by real property in Edmond, Oklahoma (the Property). After they defaulted on the loan, Bank of America, N.A. (BANA) brought a foreclosure action in the district court of Oklahoma County. The state court entered a foreclosure judgment in 2013, and in 2014 BANA purchased the Property at a foreclosure sale, which the court confirmed.

Less than two weeks later, Michael Calloway (Calloway), Lillie Calloway, and the Michael L. and Lillie E. Calloway Revocable Trust (Plaintiffs) filed an action to quiet title against Bank of America Corporation, BANA, and BofA Merrill Lynch Assets Holdings, Inc. (Defendants) in the district court of Oklahoma County. Defendants removed the case to the United States District Court for the Western District of Oklahoma. They then moved to dismiss because the quiet-title claim was barred under claim and issue preclusion. The district court granted their motion and denied Calloway's motion to reconsider.

Calloway, proceeding pro se and *in forma pauperis*, appeals from the district court's judgment dismissing the complaint with prejudice and its order denying the motion to reconsider. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.   DISCUSSION

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). In evaluating the sufficiency of the complaint, the court must accept as true the complaint's well-pleaded allegations, *see id.* at 1184–85, but it may consider matters that can be judicially noticed, *see id.* at 1186. We review the denial of a motion to reconsider for abuse of discretion.

*See Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

Because Calloway is proceeding pro se, we liberally construe his pleadings, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and address all the arguments we can discern in his unartful brief.  In doing so, however, we are mindful to avoid assuming the role of his attorney.  *See id.*  He appears to argue that the federal court could not hear the matter, that he should prevail based on the merits of his quiet-title claim, that the court violated his due-process rights, and that the court abused its discretion in denying his motion to reconsider.  We address these arguments in turn.

### A.  Federal Court's Authority to Hear the Matter

Defendants removed the action to federal court under 28 U.S.C. § 1446 based on diversity of citizenship, *see* 28 U.S.C. § 1332.  The requirements for diversity jurisdiction are satisfied:  the amount in controversy exceeds $75,000 because the Property was valued by the county assessor at $472,349, and complete diversity exists between the Plaintiffs and Defendants.

Calloway does not dispute that the requirements for diversity jurisdiction are satisfied.  But he nevertheless contends that we are without authority to hear this dispute.  First, he argues that we do not have jurisdiction because there is no basis for federal-question jurisdiction.  But he misunderstands the requirements for federal jurisdiction:  a federal question is sufficient but not necessary, *see* 28 U.S.C. § 1331.  Diversity of citizenship is an independent ground for federal jurisdiction when the amount in controversy exceeds the jurisdictional threshold.  *See id.* at § 1332.

3

Appellate Case: 15-6176   Document: 01019607523   Date Filed: 04/22/2016   Page: 4

Next, Calloway argues that the district court lacked subject-matter jurisdiction under the *Rooker–Feldman* doctrine. But the Supreme Court has limited *Rooker–Feldman* to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (noting that the doctrine occupies a "narrow ground"). Seeking relief that is inconsistent with a state-court judgment is not enough; *Rooker–Feldman* defeats federal jurisdiction only when an element of the plaintiff's claim is "that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). The basis of Calloway's quiet-title claim appears to be that Defendants had no interest in the Property because the note and mortgage on which they rely were cancelled. This claim could be brought independently of the state-court foreclosure judgment. Indeed, the complaint's prayer for relief does not even mention the earlier judgment. Thus, *Rooker–Feldman* is inapplicable to Calloway's quiet-title claim.[1]

Calloway also seems to argue that Defendants lack standing because they have no interest in the Property. But they allege an interest and the state court confirmed BANA's purchase of the Property. That more than suffices for standing.

---

[1] To the extent that the complaint may be read as seeking to set aside the state court's confirmation of the sale of the Property, that claim would be barred by *Rooker–Feldman*. But the district court did not discuss such a claim and Calloway does not raise it on appeal. In particular, he does not argue that the state-court judgment lacks preclusive effect because of its invalidity.

4

In addition, Calloway challenges the removal to federal court on the ground that Defendants did not consent to removal as required by 28 U.S.C. § 1446(b), because local counsel did not enter an appearance for over 30 days after Defendants were served with the complaint. This argument was properly rejected by the district court. Defendants consented to removal through the notice of removal filed by their counsel. Although Defendants did not yet have local counsel, the out-of-state counsel who filed the notice was admitted to practice in the district court.

Finally, Calloway argues that the district court could not proceed in this case because his wife Lillie was not a party (he lacked authority to file a complaint including her as a party) yet she is an indispensable party. But he did not raise this issue in district court, so we will not address it. *See Niemi v. Lasshofer*, 770 F.3d 1331, 1346 (10th Cir. 2014) ("It is a general rule that a federal appellate court will not consider an issue which was not presented to, considered or decided by the trial court." (internal quotation marks omitted)).

### B. Issue Preclusion

Calloway argues that the district court improperly granted judgment to Defendants. We disagree. The court correctly ruled that the factual allegations underlying his claim are precluded. Under Oklahoma law, "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim," *see Okla. Dep't of Pub. Safety v. McCrady*, 176 P.3d 1194, 1199 (Okla. 2007), even against one who was a stranger to the judgment, *see Anco Mfg. & Supply Co. v. Swank*, 524 P.2d 7, 13 (Okla.

5

1974). "An issue is actually litigated and necessarily determined if it is properly raised in the pleadings, or otherwise submitted for determination, and judgment would not have been rendered but for the determination of that issue." *McCrady*, 176 P.3d at 1199. Issue preclusion thus bars relitigation of issues necessary to the state court's foreclosure judgment—regardless of whether those issues were correctly decided.

Calloway's quiet-title claim is based on the allegation that Defendants have no interest in the Property because they did not hold a valid note and mortgage. But the district court properly took judicial notice that in the foreclosure action he unsuccessfully raised the same argument. Because the issue was actually litigated and necessarily determined, it cannot be relitigated.

### C. Due Process

Calloway argues that the district court violated his due-process rights by dismissing his complaint with prejudice without holding a hearing or allowing him an opportunity to amend. But he received adequate notice from Defendants' motion to dismiss; he could have moved to amend his complaint but did not do so. *See Hall*, 935 F.2d at 1110. In any event, he fails to indicate what new evidence he would have presented at an evidentiary hearing or how he wants to amend his complaint. And, as discussed above, it cannot be disputed that his quiet-title claim is precluded by the state court's foreclosure judgment.

### D. Motion to Reconsider

Calloway makes vague arguments about how the district court abused its discretion in denying his motion to reconsider, such as by disregarding the facts alleged

6

in the complaint. We agree with the district court that the motion was meritless. It did not abuse its discretion in denying the motion.

## II. CONCLUSION

We AFFIRM the district court's judgment and its denial of the motion to reconsider.

    Entered for the Court

    Harris L Hartz
    Circuit Judge

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

April 22, 2016

Chris Wolpert
Chief Deputy Clerk

Michael L. Calloway Sr.
P.O. Box 2031
Edmond, OK 73083

**RE:**   15-6176, Calloway, et al v. Bank of America, et al
Dist/Ag docket: 5:15-CV-00068-M

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:   Marc James Ayers
Lillie E. Calloway
William H. Hoch III
Edmund Scott Sauer
Meredith W. Wolfe

EAS/na